UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAMRAN KHODAKHAH,

                        *Plaintiff*,

        -against-

MONTEFIORE MEDICINE ACADEMIC
HEALTH SYSTEM, INC., et, al.,

                        *Defendants*.

1:24-cv-839 (LAK) (RFT)


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
GORDON TOMASELLI'S MOTION TO DISMISS**


Emery Celli Brinckerhoff Abady Ward & Maazel LLP
600 Fifth Avenue, 10th Floor
New York, New York 10020
(212) 763-5000

<u>TABLE OF CONTENTS</u>

<u>PAGE NO.</u>

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...........................................................................................................................2

    I.     PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM
           MUST BE DISMISSED ........................................................................................2

          A.     Plaintiff Does Not Plead the Existence or Breach of a
                  Valid Employment Contract or Dean Tomaselli's Knowledge Thereof .....2

          B.     Dean Tomaselli Does Not Fall Within the Narrow Exception
                  Under Which Agents Can be Held Liable for Conduct on
                  Behalf of their Employers ...........................................................................4

          C.     The FAC Alleges Dean Tomaselli Had Non-Malicious Motives...............5

          D.     Dean Tomaselli's Conduct Was a Justified Response to Plaintiff's
                  Misconduct and Not a "But For" Cause of Any Purported Breach ............6

    II.    PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS MUST BE
           DISMISSED BECAUSE HE HAS NOT PLED GENDER BIAS .........................8

          A.     Plaintiff's Direct Discrimination Claim Against Dean Tomaselli Fails
                  Because He Does Not Allege Gender Bias..................................................8

          B.     Plaintiff's Aiding and Abetting Theory Similarly Fails
                  Because He Has Not Alleged a "Shared" Discriminatory
                  Intent Between Einstein and the Dean ........................................................9

CONCLUSION......................................................................................................................11

TABLE OF AUTHORITIES

**Cases**

*Adams v. New York State Educ. Dep't*,
    752 F. Supp. 2d 420 (S.D.N.Y. 2010) ................................................................. 9

*Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*,
    404 F.3d 566 (2d Cir. 2005) .............................................................................. 7

*Bradbury v. Woller Cope-Schwarz*,
    20 A.D.3d 657 (3d Dep't 2005) ........................................................................ 4

*Dashdevs LLC v. Cap. Mkts. Placement, Inc.*,
    210 A.D.3d 525 (1st Dep't 2022) ...................................................................... 3

*Devash LLC v. German Am. Cap. Corp.*,
    104 A.D.3d 71 (1st Dep't 2013) ........................................................................ 4

*Doe v. New York Univ.*,
    438 F. Supp. 3d 172 (S.D.N.Y. 2020) ............................................................... 8

*Ebewo v. Fairman*,
    460 F. App'x 67 (2d Cir. 2012) ........................................................................ 9

*Fried v. LVI Servs., Inc.*,
    2011 WL 2119748 (S.D.N.Y. May 23, 2011) ................................................. 10

*Harrison v. SUNY Downstate Med. Ctr.*,
    2017 WL 4326507 (E.D.N.Y. Sept. 25, 2017) ............................................... 10

*Henry v. Fox News Network LLC*,
    629 F. Supp. 3d 136 (S.D.N.Y. 2022) ............................................................... 5

*IMG Fragrance Brands, LLC v. Houbigant, Inc.*,
    679 F. Supp. 2d 395 (S.D.N.Y. 2009) ............................................................... 4

*K.D. ex rel. Duncan v. White Plains Sch. Dist.*,
    921 F. Supp. 2d 197 (S.D.N.Y. 2013) ............................................................... 9

*Lama Holding Co. v. Smith Barney Inc.*,
    88 N.Y.2d 413 (1996) .................................................................................. 2, 7

*Marino v. Vunk*,
    39 A.D.3d 339 (1st Dep't 2007) ....................................................................... 5

*Menaker v. Hofstra Univ.*,
    935 F.3d 20 (2d Cir. 2019) ............................................................................... 8

*Murtha v. Yonkers Child Care Ass'n, Inc.*,
  45 N.Y.2d 913 (1978) ........................................................................................ 4

*Nezaj v. PS450 Bar & Rest.*,
  719 F. Supp. 3d 318 (S.D.N.Y. 2024)............................................................... 10

*Petkanas v. Kooyman,*
  303 A.D.2d 303 (1st Dep't 2003) ................................................................... 4, 5

*Protic v. Dengler*,
  46 F. Supp. 2d 277 (S.D.N.Y.), *aff'd*, 205 F.3d 1324 (2d Cir. 1999) ................ 6

*Rahman v. Limani 51, LLC*,
  2022 WL 3927814 (S.D.N.Y. Aug. 31, 2022).................................................. 11

*Roulette Recs., Inc. v. Princess Prod. Corp.*,
  15 A.D.2d 335 (1st Dep't 1962) ........................................................................ 3

*Ruha v. Guior*,
  277 A.D.2d 116 (1st Dep't 2000) ...................................................................... 5

*Schiebel v. Schoharie Cent. Sch. Dist.*,
  120 F.4th 1082 (2d Cir. 2024) ........................................................................... 8

*Seagrape Invs. LLC v. Tuzman*,
  2024 WL 4337448 (S.D.N.Y. Sept. 26, 2024)................................................... 3

*Sharma v. Skaarup Ship Mgmt. Corp.*,
  699 F. Supp. 440 (S.D.N.Y. 1988) *aff'd*, 916 F.2d 820 (2d Cir. 1990) ............. 7

*Sharma v. Skaarup Ship Mgmt. Corp.*,
  916 F.2d 820 (2d Cir. 1990)........................................................................... 6, 7

*State St. Glob. Advisors Tr. Co. v. Visbal*,
  431 F. Supp. 3d 322 (S.D.N.Y. 2020)................................................................ 8

*Taboola, Inc. v. Ezoic Inc.*,
  2020 WL 1900496 (S.D.N.Y. Apr. 17, 2020).................................................... 3

*Thermal Imaging, Inc. v. Sandgrain Sec., Inc.*,
  158 F. Supp. 2d 335 (S.D.N.Y. 2001)................................................................ 9

*Vengalattore v. Cornell Univ.*,
  36 F.4th 87 (2d Cir. 2022) ................................................................................. 8

**Statutes**

NYCHRL ......................................................................................................... 10

NYSHRL ............................................................................................................ 10

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ........................................................... 1

Defendant Dean Gordon Tomaselli submits this reply memorandum of law in further support of his motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Plaintiff Kamran Khodakhah's opposition to the motion to dismiss mischaracterizes the law and argues irrelevant facts. But, at bottom, Plaintiff's vague allegations do not amount to legal claims against Dean Tomaselli. Plaintiff's own allegations make clear that, as dean, Dean Tomaselli was faced with serious allegations that the then-Chair of the Neuroscience Department, Plaintiff, was harassing and threatening people in the department. A number of these serious allegations were ultimately substantiated by outside investigators. The Dean's response to those allegations and his attempt to ensure a fair investigation and avoid Departmental disruptions does not constitute a state tort or statutory discrimination.

First, Plaintiff fails to establish the basic elements of his tortious interference with contract claim. He has not alleged the existence of a valid contract or a breach thereof—which proves fatal to his claims against all Defendants. As to Dean Tomaselli, among other infirmities, Plaintiff cannot overcome the undisputed principle that employees are not liable for their employer's breach. The limited exception to this broad rule requires a specific pleading that Dean Tomaselli acted for personal profit—nothing like that is (or could be) pleaded here. Rather, the FAC alleges that Dean Tomaselli, acting as dean and Einstein's agent, was responding to serious complaints and not seeking to interfere with any contract.

Likewise, Plaintiff's discrimination claims against Dean Tomaselli under state and city human rights laws also fail. It is fundamental to sex discrimination claims that the conduct at issue be discriminatory, *i.e.*, based on gender. But Plaintiff does not allege any facts to support an inference of gender animus. He does not claim any sexist statements were made. He

does not claim women were treated differently. There is no there there. Plaintiff's new aiding and abetting theory does not save his discrimination claims. Plaintiff has not only failed to allege discriminatory intent on Einstein's part, but he has also failed to allege Dean Tomaselli "shared" in any such intent.

Plaintiff's smoke-and-mirrors strategy underscores the weakness of his claims. An independent investigation found that Plaintiff engaged in "persistent" "inappropriate," "discriminatory," "racist", and "insensitive" conduct. Another factfinder determined Plaintiff violated Title IX by sexually harassing his younger, female colleague. He now attempts to weaponize the legal system, by claiming—without legal support—to be the "true" victim. The Court should not countenance this misuse of the federal courts. The claims against Dean Tomaselli should be dismissed.

## ARGUMENT

## I.    PLAINTIFF'S TORTIOUS INTERFERENCE CLAIM MUST BE DISMISSED

Plaintiff has failed to plead a claim for tortious interference with contract because he has not plausibly alleged each of the claim's element: (1) "the existence of a valid contract between the plaintiff and a third party"; (2) the "defendant's knowledge of the contract"; (3) the "defendant's intentional procurement of the third-party's breach of the contract without justification"; (4) "actual breach of the contract"; and (5) "damages resulting therefrom." *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996).

### A.    Plaintiff Does Not Plead the Existence or Breach of a Valid Employment Contract or Dean Tomaselli's Knowledge Thereof

For the reasons set forth in the Einstein Defendants' brief, incorporated here, Plaintiff has failed to plead the breach of a valid employment contract. *See* Einstein Defs.' Br. at IV(B). This alone is sufficient grounds for dismissal. *Dashdevs LLC v. Cap. Mkts. Placement,*

*Inc.*, 210 A.D.3d 525, 525 (1st Dep't 2022) ("Defendant failed to state a cause of action for tortious interference with contract, as it failed to allege the existence of a contract between defendant and its clients that had been breached.").

Also fatal to the claim, Plaintiff does not allege Dean Tomaselli had actual knowledge of all the disparate documents he claims constitute his contract—not just Einstein's policies, but also his 2000 offer letter[1], 2001 appointment letter, 2012 appointment letter, 2014 retention agreement, and 2016 promotional letter. *See* Opp'n Br. at 14-15. The majority of these communications are between Einstein and Plaintiff and predate Dean Tomaselli's July 2018 appointment as dean. *See* FAC ¶ 66. Plaintiff does not allege that Dean Tomaselli was aware of anything besides Einstein's policies. *See* Opp'n Br. at 16; FAC ¶ 539.

To satisfy this element, Plaintiff "must plead facts showing not only that [Defendant] had knowledge of the existence of a contract, but that it had 'actual knowledge of the terms of the contract and of the contractual obligation that was allegedly breached.'" *Taboola, Inc. v. Ezoic Inc.*, 2020 WL 1900496, at *9 (S.D.N.Y. Apr. 17, 2020).[2] Having failed to allege Dean Tomaselli had knowledge of the contracts or its terms, the FAC has not pled sufficient knowledge to make out a tortious interference claim and must be dismissed.

---

[1] Plaintiff claims that he "conflated" this document with his 2001 appointment letter, Opp'n Br. at 14 n.13, but this does not remedy his failure to reference this purportedly fundamental document in the FAC.

[2] Plaintiff's cases do not support the proposition that vague awareness of a contract is sufficient to establish knowledge. In *Seagrape Invs. LLC v. Tuzman*, the court concluded that the defendants "allegedly knew of the contract because they had received copies of it," but Plaintiff does not allege that Dean Tomaselli received copies of *each* of the documents he claims create the "employment contract" at issue here. 2024 WL 4337448, at *12 (S.D.N.Y. Sept. 26, 2024). In *Roulette Recs., Inc. v. Princess Prod. Corp.*, the Appellate Division affirmed a trial court's finding that the plaintiff had *not* sufficiently pled knowledge in relying upon the publicity of a contract. 15 A.D.2d 335, 337 (1st Dep't 1962).

**B.     Dean Tomaselli Does Not Fall Within the Narrow Exception Under Which Agents Can be Held Liable for Conduct on Behalf of their Employers**

Plaintiff's tortious interference claim against Dean Tomaselli also fails under the well-established principle—which Plaintiff does not dispute, Opp'n Br. at 17—that "[a]n agent cannot be held liable for inducing [its] principal to breach a contract with a third person, at least where [it] is acting on behalf of [its] principal and within the scope of [its] authority." *Devash LLC v. German Am. Cap. Corp.*, 104 A.D.3d 71, 79 (1st Dep't 2013); *see also Murtha v. Yonkers Child Care Ass'n, Inc.*, 45 N.Y.2d 913, 915 (1978) ("A 'director of a corporation is not personally liable to one who has contracted with the corporation on the theory of inducing a breach of contract, merely due to the fact that, while acting for the corporation, he has made decisions and taken steps that resulted in the corporation's promise being broken.'").

Plaintiff seeks to sidestep this legal principle by asserting Dean Tomaselli falls within a limited exception for malicious, profit-motivated conduct. *See* Opp'n Br. at 18-20. But conduct only falls within this exception where an employee "acted in bad faith and committed 'independent torts or predatory acts directed at another for personal pecuniary gain.'" *Bradbury v. Woller Cope-Schwarz*, 20 A.D.3d 657, 659 (3d Dep't 2005). New York courts have "construed personal gain [to mean] that the challenged acts were undertaken 'with malice and were calculated to impair the plaintiff's business for the personal profit of the [individual] defendant.'" *Petkanas v. Kooyman,* 303 A.D.2d 303, 305 (1st Dep't 2003). Moreover, to claim this limited exception, Plaintiff must meet "an enhanced pleading" standard.  *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 407-08 (S.D.N.Y. 2009).

The FAC does not satisfy the heightened standard required to allege individual liability as it does not allege that Dean Tomaselli acted in bad faith for his own financial benefit. Plaintiff claims in conclusory terms that "[i]t is known that Dean Tomaselli resented and felt

4

threatened by Dr. Khodakhah's persistent and outspoken criticism of his performance as dean."
FAC ¶ 83. The passive voice cannot hide the insufficiency of Plaintiff's claims. For one thing,
"conclusory allegations that the individual defendant[] acted with malice, without more, are
insufficient." *See Marino v. Vunk*, 39 A.D.3d 339, 340–41 (1st Dep't 2007). Moreover, an
allegation of "resentment" does not mean, or even remotely suggest, that Dean Tomaselli
"personally benefitted" from his alleged interference with Plaintiff's "employment contract." *See
Petkanas*, 303 A.D.2d at 305 (dismissal was warranted where the complaint "fails to allege that
defendants personally benefitted from these actions and that such was their motivating intent").

    To the extent Plaintiff argues that Dean Tomaselli lacked authority for his
purported misconduct, Plaintiff confuses the relevant inquiry. Opp'n Br. at 20-22. Whether Dean
Tomaselli's conduct, as Einstein's agent, violated Plaintiff's "employment contract" is relevant
to whether there was a breach *by Einstein*. Plaintiff does not bring a breach of contract claim
against Dean Tomaselli; nor can he, because Dean Tomaselli was not a party to the "contract" at
issue. The legal framework for a tortious interference claim holds employees *not* liable for their
employers' breaches unless there are *specific* allegations of bad faith and personal profit. There
are none here.

**C.    The FAC Alleges Dean Tomaselli Had Non-Malicious Motives**

    Plaintiff's claims also fail because he alleges that Dean Tomaselli acted in
response to complaints regarding Plaintiff's misconduct, *e.g.*, FAC ¶¶ 134-36, 173, 190, *i.e.*, a
non-malicious motive; thus, Dean Tomaselli could not have acted "purely from malice or self-
interest." *Henry v. Fox News Network LLC*, 629 F. Supp. 3d 136, 152 (S.D.N.Y. 2022)
(dismissing tortious interference claim where an employee who "was found to have engaged in
willful sexual misconduct" was not terminated "purely" because of his supervisor's alleged
malice); *Ruha v. Guior*, 277 A.D.2d 116, 116 (1st Dep't 2000) ("[B]are allegations of malice do

not suffice, particularly where such allegations are contradicted by plaintiffs' own claims that defendants' actions were financially motivated."); *cf. Protic v. Dengler*, 46 F. Supp. 2d 277, 279 (S.D.N.Y.), *aff'd*, 205 F.3d 1324 (2d Cir. 1999) ("[T]he presence of any other motive, even coupled with an intention to inflict harm, is fatal to a claim."). By alleging that Dean Tomaselli's conduct was a response to complaints, Plaintiff alleges that Dean Tomaselli was motivated, at least in part, by other factors. This alone is fatal to his tortious interference claim.

### D.    Dean Tomaselli's Conduct Was a Justified Response to Plaintiff's Misconduct and Not a "But For" Cause of Any Purported Breach

Plaintiff does not challenge the basic legal requirement that a claim for tortious interference with contract "must" include allegations that "there would not have been a breach but for the activities of defendants." *Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 828 (2d Cir. 1990). Rather, Plaintiff insists that "explicit 'but for' language" is not necessary at the pleading stage. Opp'n Br. at 23. But this argument misses the mark.

Here, the FAC does not contain facts indicating that Dean Tomaselli caused the alleged breaches. Plaintiff does not allege Dean Tomaselli was involved in Einstein's purported mishandling of the two Title IX complaints filed against him, FAC ¶¶ 490-96, the Title IX complaint Plaintiff himself filed, *id.* ¶¶ 512-517, or Einstein's failure to provide Plaintiff interim funding, *id.* ¶¶ 501-507. With respect to Plaintiff's suspension, dismissal, and removal from campus, the FAC alleges that Dean Tomaselli's conduct was "orchestrat[ed] and implement[ed]" by Einstein's Title IX coordinator and senior counsel. FAC ¶ 348; *see also id.* ¶ 135 (alleging Dean Tomaselli drafted the March 10, 2022 Letter "with the assistance of . . . Einstein's Title IX Coordinator"); *id.* ¶ 335 (alleging Einstein's Title IX coordinator and senior counsel "participated in Dean Tomaselli's baseless decision to suspend and remove Plaintiff from campus on July 13, 2022"). Moreover, it is implausible that Einstein would not have imposed

such consequences—regardless of Dean Tomaselli's actions—given the numerous, confirmed complaints about Plaintiff's misconduct. *See* FAC ¶¶ 107-110, 164, 174-76, 251. Accordingly, while the FAC alleges Dean Tomaselli played a role in Einstein's alleged breach of Plaintiff's employment contract, it does not plead facts showing "but for" causation, as required to state a claim.[3] *See Sharma*, 916 F.2d at 828.

> For the same reasons, Plaintiff has failed to allege Dean Tomaselli's conduct was not justified. It is well-established in New York that where a defendant's purported misconduct is "incidental to some other lawful purpose," there is no claim for tortious interference with contract. *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 589 (2d Cir. 2005). Here, Plaintiff's own allegations show Dean Tomaselli was responding to Plaintiff's harassment and misconduct. *See* FAC ¶¶ 134-36 (March 10, 2022 Suspension Letter stated Dean Tomaselli had "received information on concerns from the Neuroscience faculty and students . . . concerning behavior that borders on student mistreatment"); *id.* ¶ 173 ("Dean Tomaselli dismissed [Plaintiff] . . . for purported *misconduct*."); *id.* ¶ 190 ("Dean Tomaselli informed Dr. Khodakhah that, he was being 'immediately removed from campus until final determinations are complete regarding your flagrant disregard of Einstein's no retaliation policy.'"). Rather than support his claim of "bad faith," Plaintiff's own allegations support that the only plausible inference is that Dean Tomaselli's acts were justified by his responsibilities as dean.[4] *See State St. Glob. Advisors*

---

[3] Likewise, in alleging that Dr. Bryen Jordan and Dr. Pablo Castillo harbored "personal animus" towards him, Plaintiff asserts that they—independently from each other and Dean Tomaselli—"induced the breach of Plaintiff's employment contract." FAC ¶ 538. This allegation is inconsistent with "but for" causation. *See, e.g., Sharma v. Skaarup Ship Mgmt. Corp.*, 699 F. Supp. 440, 447 (S.D.N.Y. 1988) ("The allegation that the Skaarup defendants acted in concert with Chemical implies that Chemical would have breached its obligations even without the involvement of the Skaarup defendants."), *aff'd*, 916 F.2d 820 (2d Cir. 1990).

[4] Plaintiff insists that Dean Tomaselli's motives cannot be addressed at this stage. Opp'n Br. at 18. But the difficulty Plaintiff would face in proving motive at a later stage does not excuse Plaintiff's burden to plausibly allege every element of his claim, including that the alleged procurement of a breach was "without justification." *Lama Holding Co.*, 88 N.Y.2d at 424.

*Tr. Co. v. Visbal*, 431 F. Supp. 3d 322, 351 (S.D.N.Y. 2020) (dismissing tortious interference

counterclaim where the pleading "failed to plausibly allege that Plaintiff acted without

justification" because allegation of bad faith was "conclusory").

## II.     PLAINTIFF'S NYSHRL AND NYCHRL CLAIMS MUST BE DISMISSED BECAUSE HE HAS NOT PLED GENDER BIAS

### A.     Plaintiff's Direct Discrimination Claim Against Dean Tomaselli Fails Because He Does Not Allege Gender Bias

Plaintiff's discrimination claims all fail because Plaintiff does not allege gender

bias. As the Second Circuit has made clear, and Plaintiff's own cases confirm, evidence of "bias

. . . on account of sex" is required to make out discrimination claims. *See* Opp. Br. at 25 (quoting

*Schiebel v. Schoharie Cent. Sch. Dist.*, 120 F.4th 1082, 1096 (2d Cir. 2024) (quoting

*Vengalattore v. Cornell Univ.*, 36 F.4th 87, 107 (2d Cir. 2022) (noting plausible allegation of

bias on account of sex is required to plead Title IX or Title VII claims)); *id.* at 26 (citing

*Menaker v. Hofstra Univ.*, 935 F.3d 20, 31 (2d Cir. 2019) (noting that an inference of gender bias

is "needed" to "successfully state[] a claim for sex discrimination under Title IX")).

Plaintiff insists that Einstein's desire to be "responsive to allegations of sexual

harassment in light of the #Me Too movement" evidences bias. Opp'n Br. at 28-29 (citing FAC

¶¶ 126-127). But even crediting this allegation as pled, it does not amount to bias on account of

sex. At most, it suggests a responsive approach to sexual harassment allegations, regardless of

the gender of the accuser or accused. *See, e.g.*, *Doe v. New York Univ.*, 438 F. Supp. 3d 172, 186

(S.D.N.Y. 2020) (#MeToo movement was insufficient to show inference of gender bias).

Plaintiff's other allegations fare no better. The fact that a female graduate student

may have given a presentation concerning the perception "that Einstein was failing to resolve

allegations of student mistreatment, including alleged sexual harassment" does not indicate bias

against males. FAC ¶ 392. Nor does it reflect gender bias that Einstein's wanted to meet

accreditation standards including by providing "sufficient mechanisms to promptly respond to allegations of student mistreatment, which include allegations of sexual harassment." *Id.* ¶¶ 394-96. Again, the general desire to be responsive to claims of sexual harassment, regardless of the gender of the accuser or accused, is not indicia of gender bias.

Moreover, none of these allegations of discrimination relate specifically to Dean Tomaselli. In acknowledgment of this pleading failure, Plaintiff appears to have abandoned his direct discrimination claim against the dean, which itself warrants dismissal. *See* Opp'n Br. at 26; *Adams v. New York State Educ. Dep't*, 752 F. Supp. 2d 420, 452 n.32 (S.D.N.Y. 2010) (deeming abandoned claims that the plaintiff "failed to respond" to in her brief opposing a motion to dismiss) (citing cases), *aff'd sub nom. Ebewo v. Fairman*, 460 F. App'x 67 (2d Cir. 2012). Whether or not the Court deems the claim abandoned, Plaintiff has failed to allege direct discrimination by Dean Tomaselli, and the claims should be dismissed.

**B.    Plaintiff's Aiding and Abetting Theory Similarly Fails Because He Has Not Alleged a "Shared" Discriminatory Intent Between Einstein and the Dean**

Abandoning the direct discrimination claim that is insufficiently pleaded in the FAC, in his Opposition Brief, Plaintiff newly raises an aiding and abetting theory against Dean Tomaselli. At the outset, this new aiding and abetting theory should not be considered because his FAC does not allege aiding and abetting. *See K.D. ex rel. Duncan v. White Plains Sch. Dist.*, 921 F. Supp. 2d 197, 209 n.8 (S.D.N.Y. 2013) ("Plaintiffs cannot amend their complaint by asserting new facts or theories for the first time in opposition to Defendants' motion to dismiss."); *Thermal Imaging, Inc. v. Sandgrain Sec., Inc.*, 158 F. Supp. 2d 335, 344 n.18 (S.D.N.Y. 2001) ("As the amended complaint includes no 'aiding and abetting' claim, plaintiff may not raise one now.").

Had Plaintiff pleaded an aiding and abetting claim, it would fail because "as a predicate to claiming aiding and abetting discrimination, a plaintiff must have pled discrimination by a principal." *Nezaj v. PS450 Bar & Rest.*, 719 F. Supp. 3d 318, 333 (S.D.N.Y. 2024). For the reasons set forth above and in the Einstein Defendants' Reply Brief, Plaintiff has failed to plead any discrimination claims against Einstein. *See* Einstein Defs.' Reply Br. at II, IV(A).

Additionally, Plaintiff has not alleged that Dean Tomaselli "shared some allegedly discriminatory animus with other defendants." *Fried v. LVI Servs., Inc.*, 2011 WL 2119748, at *8 (S.D.N.Y. May 23, 2011) (dismissing aiding and abetting NYCHRL claim). Here, Plaintiff only alleges Dean Tomaselli's had a purported personal animus towards Plaintiff. FAC ¶ 83. But these claims—while untrue—undermine Plaintiff's argument that Dean Tomaselli's conduct was "because of" Plaintiff's gender. *See Harrison v. SUNY Downstate Med. Ctr.*, 2017 WL 4326507, at *7 (E.D.N.Y. Sept. 25, 2017) ("[P]ersonal animus ... is insufficient to establish a claim under Title VII, the NYSHRL, or the NYCHRL.").

Further fatal to his claim against Dean Tomaselli, Plaintiff has not alleged that the Dean knew or had reason to know that any of the accusations made against Plaintiff were false.[5] Most of the FAC paragraphs Plaintiff cites to support his "knowledge" argument do not mention Dean Tomaselli at all. Opp'n Br. at 30 (citing FAC ¶¶ 125-133, 159, 207, 224-233). To the extent Plaintiff alleges that faculty members reported to Dean Tomaselli that the allegations against him were false, these reports were purportedly made in "late July and early August, 2022," *after* Dean Tomaselli's alleged misconduct. FAC ¶ 206. In other words, the allegations do

---

[5] To the contrary, the more plausible inference from the FAC is that Dean Tomaselli was concerned that the allegations were true. *See* FAC ¶¶ 134-36, 156, 173, 190.

not support Plaintiff's claim that Dean Tomaselli knew or had reason to know the claims against Plaintiff were false.

Likewise, Plaintiff's arguments regarding the *Roudabush* case fail. *See* Opp'n Br. at 10-11. Einstein's Answer to that Complaint was filed almost two years after the events underlying the FAC. What *Einstein* "knew" in February 2024 is no indication of what *Dean Tomaselli* knew in early to mid-2022. Plaintiff has therefore failed to plead Dean Tomaselli aided and abetted Einstein's purported discrimination, and the claims against him must be dismissed. *See Rahman v. Limani 51, LLC*, 2022 WL 3927814, at *7 (S.D.N.Y. Aug. 31, 2022) (dismissing aiding and abetting claim against employee because the complaint "makes no concrete allegation to support [the] contention that [the defendant] knew of, or participated in, the discriminatory conduct").

## CONCLUSION

For the foregoing reasons, and those set forth in his opening brief, Defendant Gordon Tomaselli respectfully requests the Court grant his motion to dismiss and dismiss the claims against him with prejudice.

Dated: January 17, 2024
       New York, New York

                                        EMERY CELLI BRINCKERHOFF
                                        ABADY WARD & MAAZEL LLP


                                        _____/s/_____
                                        Andrew G. Celli, Jr.
                                        Debra Greenberger
                                        Sara Luz Estela

                                        600 Fifth Avenue, 10th Floor
                                        New York, New York 10020

                                        (212) 763-5000

                                        *Attorneys for Defendant Gordon
                                        Tomaselli*

## **WORD COUNT CERTIFICATION**

I hereby certify that the portions of the foregoing memorandum of law that must be included in a word count pursuant to Local Civil Rule 7.1 contain 3,471 words, which complies with the word count limit.

Dated: New York, New York
      January 17, 2025

_____
/s/
Sara Luz Estela