Revised April 18, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

Kamran Khodakhah

           Plaintiff,           24-Civ.- 839 (LAK) (RFT)

-against-           ~~PROPOSED~~ CASE MANAGEMENT PLAN AND
                                  REPORT OF RULE 26(f) CONFERENCE

Montefiore Medicine Academic      The Parties' Proposed Case Management Plan is SO ORDERED
Health System, INC., et.al.           with modifications to Paragraphs 5, 7, 10, 12, 15, and 16 as
                                  modified herein.

           Defendants.      Dated: December 3, 2025

                            New York, NY

------------------------------------------------------------X

SO ORDERED

_/s/ Robyn F. Tarnofsky_
ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE

**Court Expectations**

**Rule 1 and Rule 26(b)(1).** Counsel are expected to have reviewed Rule 1 and Rule 26(b)(1) and considered their obligations thereunder in discussing and preparing a discovery plan.

**Additional consideration of proportionality.** Counsel shall discuss and consider whether phased or iterative discovery will increase efficiency, reduce costs and lead to a faster resolution of the case when preparing a discovery plan.

**Document Requests.** Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding overbreadth and specificity of requests and responses.

**Competence**. Counsel shall be sufficiently knowledgeable in matters relating to their clients' technological systems to discuss competently issues relating to electronic discovery, or have involved someone competent to address these issues on their behalf.

Counsel are directed to the Discussion Topics for Rule 26(f) Conference on Judge Tarnofsky's Individual Practices Page.

**Status Update Letters.** After paper discovery is underway and again after the deadline for completing all discovery, on dates set by the court, the parties shall file status letters to confirm that discovery is proceeding as scheduled/is complete.

Counsel represent by their signature below that they have read and will comply with the above.

*Revised April 18, 2024*

**Proposed Discovery Plan**

In accordance with Federal Rule of Civil Procedure 26(f) and Judge Tarnofsky's Individual Rules, the parties met on <u>November 14, 2025</u> and have engaged in several follow up e-mail communications. At least one week before the Initial Case Management Conference, the parties submit the following report for the Court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

    **Plaintiff:** Plaintiff is currently employed as a tenured professor of neuroscience, psychiatry and behavioral sciences, and neurology at Defendant Albert Einstein College of Medicine ("Einstein"). Plaintiff formerly served as the Interim and then appointed Chair of Einstein's Neuroscience Department from 2013 until his removal in 2022. Specifically, beginning in early 2022, Plaintiff became the target of a coordinated attack by other senior male professors and the Dean Gordon Tomaselli ("Tomaselli") who, Plaintiff alleges, used false claims of sexual misconduct as a means to attack Plaintiff professionally and personally. As a result of these attacks, and Defendants' unlawful mishandling of the investigation into the false complaints, Plaintiff suffered damages, including, but not limited to, a long-term suspension, the removal from his chairmanship, loss of funding to his research laboratory, and reputational damages. Accordingly, Plaintiff commenced this action alleging, among other things, violations of Title IX of the Education Amendments of 1972 ("Title IX"). Following motion practice, the following cause of action remains to be litigated:

    a. Violation of Title IX with respect to Defendants' handling of the Chair investigation;

    b. Gender Discrimination in Violation of the NYSHRL with respect to Defendants' handling of the Chair Investigation; and

    c. Gender Discrimination in Violation of the NYCHRL with respect to Defendants' handling of the Chair Investigation.

    **Defendant:** Defendants disagree with Plaintiff's characterization of the claims, defenses, and relevant issues remaining in this case. Pursuant to this Court's report and recommendation and Judge Kaplan's subsequent order, the only claim remaining in this case concerns whether Einstein was required to apply its Title IX policy to the Chair Investigation that resulted in Plaintiff's removal as Chair of the Neuroscience Department. Defendants' position is that the subject matter of the Chair Investigation did not require Einstein to apply its Title IX policy and that, in any event, Plaintiff cannot demonstrate that the outcome of the investigation would have been different had those policies been applied. Given the narrow scope of this remaining claim, the discovery required is limited.

*Revised April 18, 2024*

**2.   Basis of Subject Matter Jurisdiction**

This Court has federal question and supplemental jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367 because the federal law claim arises under the Constitution and statutes of the United States, and the state law claims are so closely related to the federal law claim as to form the same case or controversy under Article III of the United States Constitution.

**3.   Subjects on Which Discovery May Be Needed**

<u>Plaintiff:</u>
a. Defendants' basis for the Chair investigation
b. Plaintiff's performance as Chair of the Neuroscience Department
c. Defendants' investigation into Plaintiff as Chair of the Neuroscience Department
d. Defendants' enforcement of its Titel IX policy in connection with their investigation into Plaintiff as Chair of the Neuroscience Department
e. Potential comparators
f. Plaintiff's claim for damages

<u>Defendants:</u>
Defendants disagree with Plaintiff on the subjects for discovery.  Discovery here is only needed on the narrow remaining question in the case: whether Einstein's Title IX policies should have been applied to the Chair Investigation.  Issues like Einstein's basis for conducting the investigation or Plaintiff's performance as Chair have very little to do with the sole remaining question left in this case -- whether the Title IX policy should have been applied.  Issues concerning potential comparators or damages also are not appropriate subjects for discovery here since Plaintiff is not entitled to damages.  At most, in the unlikely event that he prevails, Plaintiff would only be entitled to a new Chair Investigation, but this time, applying the Title IX policy.

**4.   Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be ***disclosed by Plaintiff*** on or before <u>December 12, 2025</u>.  In addition, on or before <u>January 29, 2026</u>, Plaintiff will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure will be ***disclosed by Defendants*** on or before <u>December 12, 2025</u>.  In addition, on or before

3

*Revised April 18, 2024*

January 29, 2026, Defendants will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

**5.    Formal Discovery**

The parties jointly propose to the Court the following discovery plan: All fact discovery must be completed by <u>May 29, 2026</u>. If the parties agree on a schedule that calls for the close of all discovery within four to six months, and the Proposed Case Management Plan meets that goal, then the Court is likely to cancel the initial Case Management Conference unless the parties request that the conference go forward.

**The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth herein.**

a.    <u>Depositions</u>: Depositions shall be completed by <u>May 29, 2026</u>. ~~and limited to no~~ Up to five depositions per party shall be taken before **February 2, 2026** ~~more than, **see below**, depositions per party~~. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

~~The parties agree on the date by which fact depositions shall be completed, but disagree on the number of depositions per party. **Plaintiff** requests up to 10 fact depositions per party. **Defendants** request that fact depositions be limited to no more than five per party.~~

b.    <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before <u>December 15, 2025</u>. All subsequent interrogatories must be served no later than 30 days prior to the discovery deadline.

c.    <u>Requests for Admission</u>: Requests for admission must be served on or before <u>April 29, 2026</u>.

d.    <u>Requests for Production</u>: Initial requests for production were/will be exchanged on <u>December 15, 2025</u> and responses shall be due on <u>January 29, 2026</u>. All

5f. The Parties shall promptly enter a confidential agreement and file it for entry by the Court. Defendants shall produce all documents concerning the Dean's investigation by **January 30, 2026**; and Plaintiff may seek third-party discovery on that subject (including but not limited to discovery from Dr. Tomaselli) before **January 30, 2026**.

        subsequent requests for production must be served no later than 30 days prior to the discovery deadline.

    e.    <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

    f. see above

6.    **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

As set forth in the parties' joint letter and noted in paragraphs 5(a) and 10 of this proposed case management plan, the parties have identified discovery disputes concerning (i) the appropriate number of fact depositions per party, and (ii) whether expert discovery is necessary or proper.

7.    The parties shall file ~~an~~ **a joint** update on the status of discovery on [the following dates]: **February 2, 2026 and April 30, 2026**

Such update shall include: a description of the discovery completed during the prior period; of the discovery anticipated to be completed during the next period; and of any discovery related issues that have arisen that have slowed the discovery process, even if the parties do not anticipated that Court intervention will be needed.

8.    **Amendments to Pleadings**

The Parties' joint update of **February 2, 2026** shall also include the Parties' position on what additional fact discovery is necessary and whether expert discovery is appropriate and if so, of what type.

    a.    Are there any amendments to pleadings anticipated?

Plaintiff's Court approved Motion to Amend the Complaint is pending. Defendants' Opposition is due on December 8, 2025, and Plaintiff's Reply is due on December 19, 2025.

    b.    Last date to amend the Complaint: N/A

9.    **Joinder of Parties**

    c.    Are there other necessary parties that need to be joined? Y/N

    d.    Is joinder of other parties anticipated? N/A

    e.    Last date to join other parties: N/A

10.    **Expert Witness Disclosures**

~~At this time, the parties do/do not (circle one) anticipate utilizing experts. Expert~~

5

*Revised April 18, 2024*

~~discovery shall be completed by see below.~~

The question of what if any expert discovery shall take place, and if there will be any such discovery, on what schedule, shall be revisited at the status conference to be held on **February 9, 2026**.

**Plaintiff:** Plaintiff takes the position that expert discovery is warranted in this action. Plaintiff disagrees with Defendants' position that the *only* remedy available to Plaintiff is a new Chair investigation applying Defendants' Title IX policy. While a new investigation could potentially be *a* remedy available to Plaintiff, Plaintiff maintains that he is entitled to damages stemming from Defendants' violation of Title IX, the NYSHRL, and the NYCHRL in the initial Chair investigation, which damages include compensatory damages and reputational harm, as well as damages addressing the violation itself. Accordingly, expert discovery would be appropriate to assess Plaintiff's claim for emotional damages. Moreover, expert discovery would be appropriate to assess the damage to Plaintiff's professional reputation related to the loss of his Chairmanship as such damages cannot easily be calculated or assessed absent expert opinion relating specifically to the effect Defendants' actions had on a person of Plaintiff's stature within Plaintiff's field.

**Defendants:** Defendants take the position that expert discovery is not warranted in this action. First, Plaintiff is not entitled to compensatory damages because he cannot demonstrate that Einstein's failure to apply its Title IX policy to the Chair Investigation was the proximate cause of any claimed injuries. That is particularly true given that, as Plaintiff admits, Dean Tomaselli had sole discretion to remove him from the chairmanship. Furthermore, Plaintiff cannot demonstrate that testimony from a "Title IX expert" is appropriate, as courts in this District have routinely adopted restrictive rules against proffering expert witnesses to testify about areas of the law.

11. **Electronic Discovery and Preservation of Documents and Information**

    f.  Have the parties discussed electronic discovery? Yes.

    g.  Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? January 8, 2026.

    h.  Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

**12. Anticipated Motions -** Defendants have indicated they anticipate filing a motion for summary judgment.
Any summary judgment motion shall be filed within **60 days** of completion of all discovery; opposition papers shall be filed within **45 days** after the filing of any motion for summary judgment; and replies shall be due **15 days** after the filing of opposition papers.

Before filing any motion for summary judgment, counsel and the parties shall meet in person for at least **one hour** to discuss the possibility of settlement; the parties shall file a joint letter on the docket within **seven days** of that meeting to confirm that they met and to update the court on the status but not the substance of the settlement efforts. If the parties believe that the court's facilitation of their settlement efforts would be productive, they should file a letter on the docket requesting either Court annexed mediation or a settlement conference.

13. **Certification of Completion of Discovery**

    **One week before** the scheduled completion of all discovery, the parties shall file a status letter to confirm that discovery has been completed as scheduled.

Revised April 18, 2024

14. **Early Settlement or Resolution**

    The parties **have**/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference/referral to Court-annexed mediation (circle one); by no later than The Parties have engaged in numerous settlement discussions over time and participated in two separate private mediations. At this time, the Parties are not seeking a settlement conference or referral.

    The following information is needed before settlement can be discussed:

15. **Trial**

    a. The parties anticipate that this case will be ready for trial within **30 days** of a decision on a motion for summary judgment that leaves any claims remaining; or, if no summary judgment motion is filed, within **45 days** of the close of all discovery.

    b. The parties anticipate that the trial of this case will require 3-5 days.

    c. The parties request a **jury**/bench (circle one) trial.

    d. The parties consent/**do not consent** (circle one) to Magistrate Judge jurisdiction at this time.

16. **Other Matters** A telephonic status conference will be held on **February 9, 2026** at **3:00 PM**. The parties should be prepared to discuss the status of the case and any discovery issues as outlined in this case management plan above. Counsel are directed to call my conference line at the scheduled time by dialing **(646) 453-4442, Access Code: 900 378 373#**.

The parties are advised that they may consent to Magistrate Judge jurisdiction at any time during the case pursuant to 28 USC § 636(c). To consent to Magistrate Judge jurisdiction for all purposes or specific dispositive motions, please utilize the consent form on Judge Tarnofsky's Individual Practices Webpage.

Respectfully submitted this 26th day of November, 2025.

/s/ Stuart Bernstein  
**Counsel for Plaintiff**

/s/ Christopher K. Connolly  
**Counsel for Defendants**