UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMRAN KHODAKHAH,<br><br>*Plaintiff,*<br><br>v.<br><br>MONTEFIORE HEALTH SYSTEM, INC., MONTEFIORE MEDICAL CENTER, MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC., ALBERT EINSTEIN COLLEGE OF MEDICINE, GORDON TOMASELLI, PABLO CASTILLO, BRYEN JORDAN, and JOHN and JANE DOES 1-10,<br><br>*Defendants.* | Civil Action No. 1:24-cv-00839 |

**PLAINTIFF KAMRAN KHODAKHAH'S REPLY TO TOMASELLI'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

NESENOFF & MILTENBERG, LLP
Andrew T. Miltenberg, Esq.
Stuart Bernstein, Esq.
Gabrielle M. Vinci, Esq.
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
gvinci@nmllplaw.com

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 2

    I.    PLAINTIFF'S PROPOSED AMENDMENTS SUFFICIENTLY ALLEGE A TORTIOUS INTERFERENCE CLAIM AGAINST TOMASELLI AND ARE NOT FUTILE. ..................... 2

        A.    The Second Amended Complaint Sufficiently Alleges a Breach of Contract Claim...... 3

    II.    PLAINTIFF'S PROPOSED AMENDMENTS TO HIS DISCRIMINATION CLAIMS AGAINST TOMASELLI ARE NOT FUTILE. .......................................................................... 5

        A.    The Second Amended Complaint Supports a Reasonable Inference of Gender Animus ... 6

        B.    The Proposed Amendments State a Claim that Tomaselli Aided and Abetted Due to His Active Participation in Campaign Against Plaintiff.................................................................. 7

CONCLUSION................................................................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

*Baylis v. Marriott Corp.*,
  906 F.2d 874 (2d Cir. 1990) ................................................................................................ 5, 6

*Campeggi v. Arche Inc.*,
  No. 15-CV-1097 (PGG), 2016 WL 4939539 (S.D.N.Y. Sept. 14, 2016) .................................. 7

*Feingold v. New York*,
  366 F.3d 138 (2d Cir. 2004) .................................................................................................. 10

*IMG Fragrance Brands, LLC v. Houbigant, Inc.*,
  679 F. Supp. 2d 395 (S.D.N.Y. 2009) ..................................................................................... 7

*Joshi v. Trustees of Columbia Univ. in City of New York*,
  No. 17-CV-4112 (JGK), 2018 WL 2417846 (S.D.N.Y. May 29, 2018) .................................. 6

*Klinge v. Ithaca Coll.*,
  167 Misc. 2d 458, 634 N.Y.S.2d 1000 (Sup. Ct. 1995) ........................................................... 6

*Lama Holding Co. v. Smith Barney Inc.*,
  88 N.Y.2d 413 (1996) ............................................................................................................. 5

*Lamberson v. Six West Retail Acquisition, Inc.*,
  122 F.Supp.2d 502 (S.D.N.Y. 2000) ..................................................................................... 10

*Langenkamp v. Olson*,
  628 F. App'x 50 (2d Cir. 2015) .............................................................................................. 6

*Monaco v. New York Univ.*,
  204 A.D.3d 51, 62, 164 N.Y.S.3d 87, 401 Ed. Law Rep. 563 (1st Dep't 2022) ..................... 6

*O'Neill v. New York Univ.*,
  944 N.Y.S.2d 503 (App. Div. 2012) ....................................................................................... 6

**INTRODUCTION**

Plaintiff Kamran Khodakhah ("Plaintiff") respectfully submits this reply memorandum in in support of his Motion for Leave to File a Second Amended Complaint ("SAC"). In his First Amended Complaint, Plaintiff alleged that he was discriminated and retaliated against in violation of Title IX of the Education Amendments of 1972 ("Title IX") and related statutory law related to investigations and sanctions imposed by Albert Einstein College of Medicine ("Einstein"). Defendants Einstein, Montefiore Medicine Academic Health System, Inc. ("Montefiore"), Pablo Castillo ("Castillo"), and Bryen Jordan ("Jordan") (collectively the "Einstein Defendants"), and Gordon Tomaselli ("Tomaselli") each moved to dismiss the claims against them, respectively. Hon. Magistrate Judge Robin Tarnofsky issued a Report and Recommendation ("R&R") recommending that the Court (1) grant in part and deny in part the motion to dismiss the claims against Einstein and Montefiore and (2) dismiss the claims against Castillo, Jordan, and Tomaselli. (ECF No. 79 at 1-2.) After adoption of the R&R's recommended holding, the Hon. Judge Lewis Kaplan granted Plaintiff leave to file a motion to amend to specifically address how any proposed amendments would cure the deficiencies identified in the His Honor's order and the R&R. (ECF No. 88 at p. 12.).

Plaintiff's motion for leave to amend should be granted because the proposed amendments to his claims against Tomaselli for tortious interference with contract and sex discrimination would not be futile. The Second Amended Complaint addresses the defects identified in the Court's prior orders in that the proposed amendments (i) support a reasonable inference that there exists a contract under New York law and (ii) allege facts that support an inference that Tomaselli acted purely from malice or self-interest as required for the narrow exception to employee immunity, due to Dr. Khodakhah's open criticism of Tomaselli's leadership at Einstein. The Second Amended Complaint supports an inference that Tomaselli took adverse actions in response to his resentment

1

of Plaintiff's criticism. These additional factual allegations satisfy this heightened pleading standard required for the narrow exception to employee immunity.

Furthermore, the proposed amendments to Plaintiff's sex discrimination claims against Tomaselli in Second Amended Complaint further demonstrate that Tomaselli's conduct was anything but neutral—he actively participated in and furthered the ongoing effort to interfere with Plaintiff's contractual and professional relationships. Tomaselli directly aided and abetted the discriminatory conduct against Plaintiff. These actions go beyond mere supervisory inaction and establish an affirmative pattern of misconduct which states a claim under NYSHRL and NYCHRL. Accordingly, Plaintiff's motion for leave to amend should be granted.

## ARGUMENT

### I.  PLAINTIFF'S PROPOSED AMENDMENTS SUFFICIENTLY ALLEGE A TORTIOUS INTERFERENCE CLAIM AGAINST TOMASELLI AND ARE NOT FUTILE.

Amendment to address dismissal of Plaintiff's tortious interference claim would not be futile because Plaintiff has adequately alleged the existence of a contract under New York law based on Plaintiff's employment contract and Einstein's Title IX Policies and procedures and Plaintiff's 2014 Retention Letter. Thus, the proposed amendments address the deficiencies identified in the Court's Order regarding Plaintiff's tortious interference with contract claim. (ECF No. 88 at 11.)

A claim for tortious interference requires a plaintiff to allege (1) "the existence of a valid contract between the plaintiff and a third party"; (2) the "defendant's knowledge of the contract"; (3) the "defendant's intentional procurement of the third-party's breach of the contract without justification"; (4) "actual breach of the contract"; and (5) "damages resulting therefrom." *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 424 (1996). A party may not recover for tortious

interference with contract without proving that the underlying contract has been breached." *Baylis v. Marriott Corp.*, 906 F.2d 874, 877 (2d Cir. 1990).

**A.      The Second Amended Complaint Sufficiently Alleges a Breach of Contract Claim**

The proposed amendments to the Second Amended Complaint support a reasonable inference that there exists a contract under New York law. (SAC ¶ 562.) Einstein's Title IX Policies and procedures, including the 2018 Title IX Policy, 2020 Title IX Policy, 2022 Title IX Policy and Discrimination/Harassment Policy, constitute enforceable contracts. *See Joshi v. Trustees of Columbia Univ. in City of New York,* No. 17-CV-4112 (JGK), 2018 WL 2417846, at *5 (S.D.N.Y. May 29, 2018) ("New York cases make clear . . . that workplace policies—including those that govern a university's relationship with its faculty—can create binding contracts.") (citing *O'Neill v. New York Univ.*, 944 N.Y.S.2d 503, 512-13 (App. Div. 2012)); *Langenkamp v. Olson*, 628 F. App'x 50, 52 (2d Cir. 2015); *Monaco v. New York Univ.*, 204 A.D.3d 51, 62, 164 N.Y.S.3d 87, 98, 401 Ed. Law Rep. 563 (1st Dep't 2022); *Klinge v. Ithaca Coll.*, 167 Misc. 2d 458, 461, 634 N.Y.S.2d 1000, 1002 (Sup. Ct. 1995). Moreover, the SAC further supports the inference that Plaintiff's 2014 Retention Letter constituted a contract obligating Einstein to provide interim support "in perpetuity." As understood by both Plaintiff and Einstein.

**B.      Plaintiff Has Plausibly Alleged That Tomaselli With Malice or Self-Interest as Required for the Narrow Exception to Employee Immunity**

The Court's order did not evaluate the additional bases for dismissal set forth in the R&R, including whether Tomaselli acted within the scope of his employment. *See* ECF No. 88 at 11 n.35. However, the proposed amendments address the R&R's further analysis of Plaintiff's tortious interference claim.

Under traditional principles of New York law, a party may not recover for tortious interference with contract without proving that the underlying contract has been breached." *Baylis*

3

*v. Marriott Corp.*, 906 F.2d 874, 877 (2d Cir. 1990). Plaintiff's proposed amendments address this defect as discussed above, and as set forth in its reply to the Einstein Defendants' opposition brief.

To briefly re-iterate, the proposed amendments allege facts that support an inference that Tomaselli acted purely from malice or self-interest as required for the narrow exception to employee immunity. Plaintiff's allegations that Tomaselli took "adverse actions" satisfy this heightened pleading standard. (SAC ¶¶ 79-82; ¶ 539). As a result of his resentment, Tomaselli engaged in a campaign against Plaintiff with the intended purpose of ruining Plaintiff's reputation and stature at Einstein and beyond. *Id.* ¶ 81. In furtherance of this campaign, Plaintiff alleges that Tomaselli—acting in cahoots with Jordan and Castillo—used the known stigma and ostracization resulting from claims of sexual misconduct to target Plaintiff with false allegations. *Id.* ¶ 82.

Under the "narrow exception" to the requirement that an employee accused of tortious interference was acting outside the scope of his employment, the employee may be liable for tortious interference if he acted "for purely personal gain." *IMG Fragrance Brands, LLC v. Houbigant, Inc.*, 679 F. Supp. 2d 395, 407-08 (S.D.N.Y. 2009) (applying heighted pleading standard to tortious interference claim). While the R&R reasoned that Plaintiff's allegations about Tomaselli's motivations were conclusory and do not support a claim of tortious interference, Plaintiff's allegations set forth in the SAC offer more than a conclusory assumption to Tomaselli's motives. (ECF No. 79 at 78.) Specifically, that it was well known in the Einstein community that Tomaselli resented and felt threatened by Plaintiff's persistent and outspoken criticism of Tomaselli's performance. (SAC ¶¶ 79, 80.) The SAC further alleges that in response to this criticism, rather than use his discretionary power to quietly address Plaintiff's position as Chair, Tomaselli knowingly chose to engage in a campaign against Plaintiff using false allegations of sexual misconduct to malign Plaintiff's professional and personal reputation. *Id.* ¶¶ 81, 82. These

4

allegations in the proposed SAC support a reasonable inference that Tomaselli acted purely for personal gain based on Plaintiff's outspoke criticism of his performance. *See Campeggi v. Arche Inc.*, No. 15-CV-1097 (PGG), 2016 WL 4939539, at *9 (S.D.N.Y. Sept. 14, 2016) (plaintiff's bare assertion defendant acted malice does not suffice without factual allegations that show it was plausible). Unlike in *Campeggi*, where the plaintiff failed to put forth specific allegations to show malice, here, the SAC supports more than a reasonable inference that Tomaselli acted with malice by engaging in a campaign against Plaintiff due to his outspoken criticism. *See id.* Accordingly, amendment to Plaintiff's tortious interference claim would not be futile.

## II. PLAINTIFF'S PROPOSED AMENDMENTS TO HIS DISCRIMINATION CLAIMS AGAINST TOMASELLI ARE NOT FUTILE.

Plaintiff's proposed amendments regarding his aiding and abetting claim against Tomaselli under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL") are not futile. The Second Amended Complaint plausibly alleges that Tomaselli actively participated in the discriminatory conduct by deciding not to initiate a chair investigation pursuant to Einstein's Title IX policy and weaponized Einstein's Title IX office to attack Plaintiff in the workplace.

Tomaselli's argument that Plaintiff's NYSHRL claim fails because Plaintiff did not allege Tomaselli's actions were motivated by Plaintiff's gender should be rejected. (ECF No. 106 at 24.) Tomaselli's contention that he acted in response to misconduct complaints—not gender bias—and that Plaintiff's conclusory allegations that Tomaselli weaponized the Title IX office misconstrue the allegations set forth in the Second Amended Complaint. *See id.* While Tomaselli of course maintains that his actions were in response to complaints of Dr. Khodakah's alleged misconduct, the proposed amendments support a reasonable inference that Tomaselli was motivated, despite evidence of their falsity, to use gender-charged allegations of misconduct to attack Plaintiff while

5

causing the most harm. (SAC ¶¶ 79-82.) Indeed, Tomaselli's conduct was anything but neutral—he actively participated in and furthered the ongoing effort to interfere with Plaintiff's contractual and professional relationships. As such, Plaintiff should be granted leave to amend his sex discrimination claims.

### A. The Second Amended Complaint Supports a Reasonable Inference of Gender Animus

Tomaselli's contention that the Second Amended Complaint "repeatedly alleges that Dean Tomaselli dismissed Plaintiff as chair, suspended him, and directed his removal from campus because of Plaintiff's misconduct—not his gender" once again misreads Plaintiff's allegations. (ECF No. 106 at 24.) While Einstein relied on Plaintiff's alleged misconduct to explain the adverse actions taken against him the amended pleading supports a reasonable inference of gender animus. Indeed, Complainants 1 and 2, both female faculty members, "were not subject to adverse actions such as the shutting off of their e-mail, suspension, or dismissal." SAC ¶ 639. This allegation alone supports a reasonable inference that Tomaselli's actions and the consequences were motivated by Plaintiff's gender and that he was treated less well. Furthermore, Tomaselli's contention that Ms. Ramirez was the one who adjudicated the decisions against Complainants 1 and 2 due to her role as VP of Human Resources and Title IX Coordinator is a misplaced attempt to absolve himself of responsibility. Tomaselli is the "Responsible Executive" for "the management" of Einstein's Title IX Policy. *See* ECF 58-8 at 30; ECF 58-9 at 29.

Moreover, Tomaselli's contention that it is implausible that Ms. Ramirez allowed him to weaponize the Title IX office misconstrues the allegations. Plaintiff's claims support a reasonable assumption that Tomaselli directed Ms. Ramirez and that he was in cahoots with Dr. Jordan and Dr. Castillo. Plaintiff is not required to allege that Tomaselli was directly involved in the adjudication of Complaint 1 and Complainant 2's complaints. Finally, the Second Amended

6

Complaint alleges that Tomaselli conduct was based on both gender animus and personal motive—Defendant cites to no authority to support his assumption that Plaintiff must take one or the other.

In sum, Plaintiff should be granted leave to amend his complaint as the proposed amendments cure the deficiencies identified in the Court's order.

### B. The Proposed Amendments State a Claim that Tomaselli Aided and Abetted Due to His Active Participation in Campaign Against Plaintiff

Plaintiff's proposed amendments are not futile as he plausibly alleges that Tomaselli acted outside the scope of his employment because he acted for the purpose of harming Plaintiff as opposed to in line with Einstein's interests. Indeed, the Second Amended Complaint demonstrates that Tomaselli was not neutral—he actively participated in and furthered the ongoing effort to interfere with Plaintiff's contractual and professional relationships. *See e.g.*, ¶¶ 353, 368 (Ms. Ramirez routinely endorsed and enabled Tomaselli's weaponization of the Title IX Office and procedures to target and harm Plaintiff.) Moreover, it was well known in the Einstein community that Tomaselli resented and felt threatened by Dr. Khodakhah's persistent and outspoken criticism of his performance. (ECF No. 94-2 ¶¶ 79-82.) These allegations support a plausible inference that Tomaselli was not acting in good faith and further describe specific instances of conduct where malice or self-interest could reasonably be inferred. *See id.*

Furthermore, Tomaselli's ongoing efforts to weaponize the Title IX Office's procedures, he directly aided and abetted the discriminatory conduct against Plaintiff. Tomaselli's conduct exceeds mere supervisory inaction and establishes an affirmative, ongoing pattern of misconduct which states a claim under NYSHRL and NYCHRL. *See Feingold v. New York*, 366 F.3d 138, 158 (2d Cir. 2004) ("The same standards of analysis used to evaluate aiding and abetting claims under the NYSHRL apply to such claims under the NYCHRL because the language of the two laws is 'virtually identical.'"); *see also Lamberson v. Six West Retail Acquisition, Inc.*, 122 F.Supp.2d 502,

7

513 (S.D.N.Y. 2000) (applying the "aider and abetter standard" to claims under the NYSHRL and the NYCHRL). Whether Tomaselli acted purely within the scope of his employment is a factual dispute that must be resolved after discovery.

As such, Plaintiff should be granted leave to amend regarding his claim under NYSHRL and NYCHRL because the proposed amendments plausibly allege that Tomaselli's conduct falls within the limited exception to employee immunity.

## CONCLUSION

Based on the foregoing, the Court should grant Plaintiff's Motion to Amend and for leave to file the Proposed Second Amended Complaint.

**Dated: December 19, 2025**

                                      **Respectfully submitted,**

                                      **NESENOFF & MILTENBERG, LLP**

                                      **By: /s/ *Stuart Bernstein*** 
                                      **Stuart Bernstein, Esq.**
                                      **Andrew T. Miltenberg, Esq.**
                                      **Gabrielle M. Vinci, Esq.**
                                      **363 Seventh Avenue, Fifth Floor**
                                      **New York, New York 10001**
                                      **(212) 736-4500**
                                      **amiltenberg@nmllplaw.com**
                                      **sbernstein@nmllplaw.com**
                                      **gvinci@nmllplaw.com**

## CERTIFICATE OF SERVICE

I certify that on December 19, 2025, this document was filed through the ECF System of the United States District Court for the Southern District of New York and will be served electronically on the Registered Participants in the notice of Electronic Filing.

                                      */s/ Stuart Bernstein*
                                      Stuart Bernstein, Esq.