UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAMRAN KHODAKHAH,<br><br>    *Plaintiff,*<br><br>v.<br><br>MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC., ALBERT EINSTEIN COLLEGE OF MEDICINE, GORDAN TOMASELLI, PABLO CASTILLO, BRYEN JORDAN, and JOHN-JANE DOES 1-10,<br><br>    *Defendants.* | No. 1:24-cv-00839-LAK-RFT<br><br>**CONFIDENTIALITY STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER** |

WHEREAS, Defendants Montefiore Medicine Academic Health System, Inc. ("Montefiore"), and Albert Einstein College of Medicine ("Einstein," and together with Montefiore, "Defendants"), and Plaintiff Kamran Khodakhah having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure; and

WHEREAS, this action may involve the production of documents containing information regulated by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. § 99 (together, "FERPA"); the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 1320d, and associated regulations, 45 C.F.R. §§ 160-164 (together "HIPAA"); and/or other privacy laws and regulations; it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by Montefiore, Einstein, Plaintiff, or a third party in connection with the pre-trial phase of this action:

1. With respect to "Discovery Material" (information of any kind produced or disclosed in the course of discovery in this action), counsel for any party may designate (the "Designating Party") any Discovery Material, in whole or in part, as "Confidential" if counsel determines, in good faith, that such designation is necessary to protect information that is proprietary, a trade secret, or otherwise sensitive non-public information, including but not limited to:

   (a) any information of a personal or intimate nature regarding any individual, including any health care records;

   (b) personnel files or similar sensitive records;

   (c) any education records protected by FERPA, whether or not redacted pursuant to Paragraph 13 below; and

   (d) any other category of information given confidential status by this Court after the date of this Order.

2. A Designating Party may designate as "Highly Confidential – Attorneys' Eyes Only" only the portion of any Discovery Material that it reasonably and in good faith believes contains highly sensitive business or personal information of the Designating Party or any current or former students, staff, faculty members, or administrators that is not otherwise publicly available or otherwise available to the receiving party.

3. Discovery Material other than deposition transcripts and exhibits designated by a party as Confidential or Highly Confidential – Attorneys' Eyes Only will be stamped "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

4. Deposition exhibits or portions of deposition transcripts may be designated by a party as Confidential or Highly Confidential – Attorneys' Eyes Only either by: (a) indicating on

the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony and exhibits in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Information Governed by Protective Order" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and of the exhibits that are to be designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in which case all counsel receiving the transcript and exhibits will be responsible for marking the copies of the designated transcript and exhibits in their possession or under their control as directed by the Designating Party. During the 30-day period following a deposition, all parties will treat the entire deposition transcript and exhibits as if it had been designated Highly Confidential – Attorneys' Eyes Only.

5. The Confidential or Highly Confidential – Attorneys' Eyes Only information disclosed will be held and used by the person receiving such information solely in connection with this litigation, including any appeal, and for no other purpose.

6. In the event a party challenges another party's Confidential or Highly Confidential – Attorneys' Eyes Only designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, either party may seek resolution by the Court. The burden of maintaining the designation of any challenged Discovery Material remains with the Designating Party to show that said Discovery Material should remain protected pursuant to Federal Rule of Civil Procedure 26(c). Until such time as the Court makes a ruling on any such challenge, the Parties shall abide by the Discovery Materials' designation. Nothing in this Protective Order constitutes an admission by any party that Confidential or Highly Confidential – Attorneys' Eyes

Only Discovery Material disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material.

7. Where a Designating Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    (a)    the parties to this action;

    (b)    counsel retained for this action and employees of such counsel assigned to and necessary to assist in the litigation;

    (c)    in-house counsel and in-house legal support staff;

    (d)    outside vendors or service providers (such as copy-service providers and document management consultants) that counsel hire and assign to this matter;

    (e)    any mediator or arbitrator that the parties engage in this matter or that the Court appoints;

    (f)    any witness who counsel for a party in good faith believes may be called to testify or who is called to testify at a deposition;

    (g)    stenographers engaged to transcribe depositions, hearings, and/or conferences in this action;

    (h)    experts retained by a party and subject to disclosure pursuant to Rule 26 of the Federal Rules of Civil Procedure, to the extent deemed necessary by counsel;

    (i)    consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

(j) the Court (including any person having access to any Confidential Discovery Material by virtue of their position with the Court); and

(k) any other individual, upon good cause shown, and either agreement in writing from the parties or order of the Court.

8. Where a Designating Party has designated Discovery Material as Highly Confidential – Attorneys' Eyes Only, other persons subject to this Order may disclose such information only to the following persons:

(a) counsel retained specifically for this action and employees of such counsel assigned to and necessary to assist in the litigation;

(b) in-house counsel and in-house legal support staff, to whom disclosure is reasonably necessary for this action;

(c) outside vendors or service providers (such as copy-service providers and document management consultants) that counsel hire and assign to this matter;

(d) any mediator or arbitrator that the parties engage in this matter or that the Court appoints;

(e) witnesses who are the author, addressee, or custodian of a document, or who have previously had access to the document;

(f) stenographers engaged to transcribe depositions, hearings, and/or conferences, in this action;

(g) experts retained by a party and subject to disclosure pursuant to Rule 26 of the Federal Rules of Civil Procedure, to the extent deemed necessary by counsel;

5

      (h)    consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

      (i)    the Court (including any person having access to any Highly Confidential – Attorneys' Eyes Only Discovery Material by virtue of their position with the Court); and

      (j)    any other individual, upon good cause shown, and either agreement in writing from the parties or order of the Court.

9. Prior to disclosing or displaying the Confidential or Highly Confidential – Attorneys' Eyes Only information designated by the other party or a producing party to any expert, consultant, or witness pursuant to Paragraphs 7(f), (h), and (i) and 8 (g) and (h), counsel must:

      (a)    inform the person of the Confidential or Highly Confidential – Attorneys' Eyes Only nature of the information or documents;

      (b)    inform the person that this Court has enjoined the use of the information or documents by them for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person;

      (c)    require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A; and

      (d)    provide a copy to the other party and any producing party with reasonably sufficient time for the other party or producing party to object to such disclosure. The burden on whether or not disclosure should be withheld shall remain at all times with the objecting party.

10. The disclosure of Discovery Material without designating it as Confidential or Highly Confidential – Attorneys' Eyes Only shall not constitute a waiver of the right to designate

such Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only. If so designated, the Discovery Material shall thereafter be treated as Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material subject to all the terms of this Protective Order.

11.     If at any time before the termination of this action a party realizes that it should have designated as Confidential or Highly Confidential – Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the party may so designate such material by notifying all parties in writing. Thereafter, all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only. In addition, the producing party shall provide the other parties with replacement versions of such discovery material that bears the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation within two (2) business days of providing such notice. Notwithstanding the corrective designation process described in this Paragraph, the receiving party may challenge the producing party's designation of confidentiality under the procedure established in Paragraph 6.

12.     Any Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material and sensitive personally identifying information ("PII") (e.g., social security numbers, financial account numbers, passwords and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party (a party that receives Discovery Material from a producing party in this Action) in a manner that is secure, confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the party producing the Discovery Material from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately

protect PII from unauthorized disclosure.

  13. Pursuant to 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9), in response to discovery requests or as otherwise necessary for use in this action, Defendants and their representatives are permitted to disclose education records as defined in FERPA (referred to herein as "Education Records") as follows:

    (a) Defendants may produce a current or former student's Education Records, without providing notice and an opportunity to object as described in Paragraph 13(b), so long as all of the student's personally identifying information, as defined by 34 C.F.R. § 99.3, is redacted and/or replaced with a pseudonym, and Defendants have made a determination that the current or former student's identity is not reasonably identifiable, including to the requesting party (a party requesting Discovery Material through written discovery), whether on the face of the redacted Education Records or in conjunction with other documents produced by Defendants, taking into account other reasonably available information;

    (b) Defendants shall make reasonable efforts to provide any current or former student(s) whose Education Records are being produced with personally identifying information, as defined by 34 C.F.R. § 99.3, or who Defendants have reasonably determined is identifiable even with redactions, with written notice in advance of production by any reasonable means available, including by sending such notice by first class mail to the student's last known or permanent mailing address and/or email address as indicated in the records of Einstein's Office of the Registrar, so that the student may

seek protective action pursuant to 34 C.F.R. § 99.31(a)(9)(ii) if they choose to do so. A current or former student receiving such notice shall be provided a period of ten (10) business days following receipt of the notice to inform Defendants whether the student intends to seek an order preventing disclosure and a further period of ten (10) business days following return of the notice to apply for protection from the Court to prevent disclosure, provided that if the student does not inform Defendants within ten (10) business days that the student intends to seek an order preventing disclosure, Defendants may disclose the Education Records and/or identity. If any current or former student informs Defendants of their intent to apply for protection from the Court to prevent disclosure, Defendants shall not be required to produce any documents and/or information containing such Education Records until the Court rules on the application;

(c) As necessary for the purposes of this litigation, if an Education Record directly relates to more than one current or former student, Defendants may provide the Education Record—without providing notice and an opportunity to object—to each student to whom the record directly relates so long as: (i) any unredacted information directly related to a non-receiving student cannot be segregated and redacted without destroying the meaning of the Education Record, and (ii) all other information directly related to a non-receiving student is redacted.

(d) Before any documents are used publicly in this litigation, including but not limited to in a court filing or deposition, the names of any current or former

Einstein student and other information that may make the student publicly identifiable must be redacted and/or replaced with a pseudonym (*e.g.*, "Student").

Disclosure of Education Records in accordance with this Paragraph 13 shall satisfy 20 U.S.C. § 1232g(b)(2)(B).

14. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

15. Notwithstanding the designation of Discovery Material as Confidential or Highly Confidential – Attorneys' Eyes Only in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as Section 6 of the Court's ECF Rules & Instructions.

16. At the conclusion of litigation, including any appeal, Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed. Notwithstanding the foregoing, counsel of record for the parties may maintain in its files a copy

of any filings in the litigation, including any such filings that incorporate, attach, or reference any Discovery Material designated Confidential or Highly Confidential – Attorneys' Eyes Only.

17.   Nothing herein shall preclude the parties from disclosing material designated to be Confidential or Highly Confidential – Attorneys' Eyes Only Discovery Material if otherwise required by law or pursuant to a valid subpoena, provided that the party required to make such disclosure gives written notice to the producing party as soon as reasonably possible, and if permitted by the time allowed under the request, at least ten (10) days before any disclosure.

SO STIPULATED AND AGREED.

Dated: January 28, 2026
New York, NY

Andrew T. Miltenberg, Esq.
Stuart Bernstein, Esq.
Gabrielle Vinci, Esq.
Nesenoff & Miltenberg, LLP
363 Seventh Avenue, Fifth Floor
New York, New York 10001
(212) 736-4500
amiltenberg@nmllplaw.com
sbernstein@nmllplaw.com
gvinci@nmllplaw.com

*Counsel for Plaintiff*

Gabrielle E. Tenzer
Anna Collins Peterson
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
gtenzer@heckerfink.com
apeterson@heckerfink.com

Roberta A. Kaplan
Christopher K. Connolly
KAPLAN MARTIN LLP
1133 Avenue of the Americas
Suite 1500
New York, NY 10036
Tel: (212) 316-9500
rkaplan@kaplanmartin.com
cconnolly@kaplanmartin.com

*Counsel for Defendants Montefiore Medicine Academic Health System, Inc. and Albert Einstein College of Medicine*

Dated: January 29, 2026
New York, NY

SO ORDERED

**ROBYN F. TARNOFSKY**
**UNITED STATES MAGISTRATE JUDGE**

## EXHIBIT A

| | |
|---|---|
| KAMRAN KHODAKHAH,<br><br>    *Plaintiff,*<br><br>v.<br><br>MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC., ALBERT EINSTEIN COLLEGE OF MEDICINE, GORDAN TOMASELLI, PABLO CASTILLO, BRYEN JORDAN, and JOHN-JANE DOES 1-10,<br><br>    *Defendants.* | No. 1:24-cv-00839-LAK-RFT<br><br>**NON-DISCLOSURE AGREEMENT** |

  I, _____, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order ("Order") in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such material to anyone other than for purposes of this litigation, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Order could subject me to punishment for contempt of Court.

Dated _____, 2025

_____    _____

Name (printed)              Signature

Signed in the presence of:

_____

(Attorney)

1