

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

February 2, 2026

**BY ECF**

The Honorable Robyn F. Tarnofsky
United States District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

           Re:    *Khodakhah v. Montefiore Medicine Academic Health System, Inc., et al.*, No. 1:24-cv-00839-LAK-RFT

Dear Judge Tarnofsky:

      We represent Defendants Montefiore Medicine Academic Health System, Inc., and Albert Einstein College of Medicine (together, "Einstein") in the above-referenced matter. In accordance with the Court's Scheduling Order dated December 3, 2025 (ECF 104), and in advance of the status conference scheduled for Monday, February 9, 2026, at 3:00 p.m., we write respectfully on behalf of the parties to provide a status report.

      In the Scheduling Order, the Court specified that status reports in this case "shall include: a description of the discovery completed during the prior period; of the discovery anticipated to be completed during the next period; and of any discovery related issues that have arisen that have slowed the discovery process, even if the parties do not anticipate[] that Court intervention will be needed." For today's status report, the Court also directed the parties to "include [their] position on what additional fact discovery is necessary and whether expert discovery is appropriate and if so, of what type." We address each of these topics in turn:

**<u>Discovery Completed to Date</u>**

      Since the last status conference with the Court on December 3, 2025, the parties have completed the following discovery:

- On December 12, 2025, the parties served initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).

- On December 15, 2025, Einstein served initial requests for production of documents, and Plaintiff served initial requests for production of documents and a first set of

interrogatories.

- On January 8, 2026, the parties jointly filed a Proposed Stipulation and Order regarding the production of electronic discovery (ECF 111), which the Court endorsed on January 9, 2026 (ECF 112).

- On January 28, 2026, the parties jointly filed a Confidentiality Stipulation and Proposed Protective Order. (ECF 113-1). In their accompanying cover letter, the parties noted that, under the Court's Scheduling Order, "the parties are expected to make document productions this week," and "respectfully request[ed] that they be permitted to make those productions within five business days following the Court's entry of the Proposed Protective Order." (ECF 113). The Court entered the Protective Order on January 29, 2026. (ECF 114).

- On January 29, 2026, Einstein served its responses and objections to Plaintiff's initial requests for production of documents and first set of interrogatories, and Plaintiff served his responses and objections to Einstein's initial requests for the production of documents.

**Discovery to be Completed During the Next Period (Feb. 2, 2026, through Apr. 30, 2026)**

In accordance with the Court's Scheduling Order, the parties anticipate completing the following discovery prior to their next joint status report on April 30, 2026:

- The parties have agreed to exchange their first productions of documents within five business days of the Court's entry of the Proposed Protective Order, *i.e.*, by Thursday, February 5, 2026.

- The parties will make additional document productions, as necessary, on a rolling basis.

- As necessary and consistent with the Scheduling Order, the parties will serve additional discovery requests, supplement their initial disclosures and discovery responses pursuant to Federal Rule of Civil Procedure 26(e), and timely respond to any additional requests.

- The parties will begin noticing, scheduling, and holding fact depositions, with an eye to making substantial progress prior to the April 30 status report, in order to ensure the completion of fact discovery by May 29, 2026, as called for in the Scheduling Order.

**Issues That Have Slowed the Discovery Process**

No significant issues have arisen to date, and at present there are no issues (beyond the number of fact depositions and the need for expert discovery, discussed below) that require the Court's intervention. Largely due to scheduling considerations, the parties' discussions concerning the Proposed Protective Order took more time than anticipated, which, as explained above, has caused a slight delay in the parties' initial productions. We do not expect, however, that this will slow the overall discovery process or affect the parties' ability to complete fact discovery by May 29, 2026.

**Additional Fact Discovery Needed and the Parties' Positions on Expert Discovery**

The parties continue to disagree on the appropriate number of fact depositions and the need for expert discovery. They will continue to confer on these issues and will be prepared to provide

the Court with any updates at the February 9 conference. For now, their respective positions are as follows:

*Plaintiff's Position*

As discussed in the Parties' prior joint letter to the Court, *see* ECF 103, and during the December 3, 2025 status conference before Your Honor, Plaintiff maintains his objections to Defendants' narrowing of the scope of discovery.

Federal Rule of Civil Procedure 26 permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 20(b)(1). "Although not unlimited, relevance, for purposes of discovery, is an *extremely* broad concept." *Mandarin Oriental, Inc. v. HDI Global Ins. Co.*, No. 23-cv-4951 (JPC)(SLC), 2025 WL 1638071, at *2 (S.D.N.Y. June 10, 2025) (citing *Condit v. Dunne*, 225 F.R.D. 100, 105 (S.D.N.Y. 2004)) (emphasis added). Under Rule 26, "relevancy" is to construed broadly to "encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in th[e] case." *Lively v. Wayfarer Studios, LLC.*, No. 24-cv-10049, 2025 WL 1397047, at *1 (S.D.N.Y. May 14, 2025) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

In Plaintiff's view, Defendants' request to narrow depositions to a maximum of five per side and preclude expert discovery only serves to hinder the parties' opportunity to develop a full and appropriate record in this matter. With respect to the limitation of depositions to five per side, without the benefit or reviewing Defendants' document production, the volume of which is yet to be determined, Plaintiff is not in a position to determine which, or how many, relevant depositions witnesses there may be. Based on discovery exchanged thus far, Plaintiff is able to determine at least three individuals who would potentially have information relevant to the issues remaining in this matter and who Plaintiff anticipates deposing as part of discovery. To limit depositions now with an understanding that the parties will confer if more are needed only opens the need for what would otherwise be unnecessary meet and confer discussions and motion practice should the parties not agree. This process and potential future strain on the Court's time and resources can be avoided by simply permitting the parties their rights to depositions as contemplated by the Federal Rules.

With respect to the need for expert discovery, Plaintiff's position remains that his remaining claims in this action are not simply remedied by a do-over Chair Investigation; Plaintiff is entitled to recover damages for the harm done by Defendants' initial violation of his statutory rights which damages will necessarily be supported by expert discovery. *See Bethel v. Royal Leaf NY LLC D/B/A Statis Cannabis Dispensary*, No. 24-CV-9073 (DLC) (KHP), 2025 WL 3216640, at *8 (S.D.N.Y. Oct. 9, 2025), report and recommendation adopted sub nom. *Bethel v. Royal Leaf NY, LLC.*, No. 24CV9073 (DLC), 2025 WL 3216413 (S.D.N.Y. Nov. 18, 2025). To preclude Plaintiff from exploring the potential use of experts prejudices Plaintiff's ability to recover the full breadth of damages available to him under the applicable law in a manner directly related to his claims and alleged harm.

*Einstein's Position*

As discussed during the December 3, 2025, status conference and in prior submissions to the Court, *see* ECF 103 at 3-5, Einstein's position is that only limited fact discovery is necessary

in this case. As a result of Your Honor's and Judge Kaplan's orders on Einstein's motion to dismiss, only one discrete question remains: whether the Chair Investigation should have been conducted pursuant to Einstein's Title IX policy. *See* ECF 79 at 27-28; ECF 88 at 2-3; *see also* ECF 116 (recommending that Plaintiff's motion to amend be denied). The Court recognized this narrowed posture at the December 3 conference and agreed that "it makes sense to stage discovery," describing the present phase as "really just stage one." Tr. at 9. Consistent with that approach, the Court proposed that, during this initial phase, "Depositions can take place on that subject, up to five per side," and explained that expanded discovery could be addressed later if necessary. *Id.*

Accordingly, limiting the parties to no more than five fact depositions per side will be more than sufficient to obtain testimony from the small group of individuals with knowledge of the decision about what policy to apply to the Chair Investigation. It will also prevent wasting judicial and party resources on testimony that does not bear on the sole issue that remains. As explained previously, in the unlikely event that Plaintiff is able to come up with a credible reason to expand the number of fact depositions later based on discovery obtained in this case, Einstein would be happy to revisit this issue. But the fact that Plaintiff has not proposed any deponents to date—despite being expressly invited by the Court to pursue third-party discovery prior to January 30, 2026, *see* ECF 104 at 5.f, which he has not done—underscores that more extensive fact discovery is simply unnecessary.

Einstein also continues to oppose expert discovery. The Court likewise observed that there was "not a reason to set a deadline for expert discovery right now," emphasizing that the case's scope should be clarified through initial fact discovery before expert issues are addressed. *Id.* at 7. There is no need for a damages expert because Plaintiff will not be able to establish proximate cause, *i.e.*, that he would not have been removed as Chair had the Title IX policy been applied to the Chair Investigation. There is no way to recreate what might have happened if a different policy had been applied and, in any event, the decision whether to remove Plaintiff as Chair was at the sole discretion of Dean Tomaselli. If Plaintiff prevails here, he will be entitled only to a "do-over" by Einstein of the Chair Investigation using the Title IX policy—a remedy that will in no way implicate expert testimony on damages.[1] For much the same reasons, testimony from a "Title IX expert" is equally improper. Indeed, expert testimony concerning areas of the law is highly disfavored, and Plaintiff offers no compelling reason to depart from that "axiomatic principle" here. *Sacerdote v. New York Univ.*, 2019 WL 2763922, at *3 (S.D.N.Y. July 1, 2019).

**Timing for Defendants' Response to Operative Pleading**

Finally, in addition to discussing the discovery issues described above, the parties have conferred regarding the timing of Einstein's response to Plaintiff's operative pleading in light of Plaintiff's pending motion for leave to amend, which the Court recommended should be denied in its January 29, 2026, Report and Recommendation (ECF 116). Respectfully, the parties jointly request that the Court permit Einstein to respond to the operative pleading (either the current Amended Complaint or the Second Amended Complaint if Plaintiff's motion is granted) within 30 days of Judge Kaplan's order resolving Plaintiff's motion.

---

[1] That Plaintiff brings claims under New York State and City human rights laws does not change the analysis: although those statutes provide for damages, *see, e.g.*, *Garcia v. Comprehensive Center, LLC*, 2019 WL 8274296, at *6 (S.D.N.Y. Nov. 21, 2019), Plaintiff would face the same proximate causation obstacles that would preclude damages under Title IX.

4

\*   \*   \*

The parties thank the Court for its consideration of this letter.

                                          Respectfully submitted,

                                          Roberta A. Kaplan

cc: Counsel of record (by ECF)