USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 03/04/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
KAMRAN KHODAKHAH,

                Plaintiff,

-against-                                    24-cv-839 (LAK)

MONTEFIORE MEDICINE ACADEMIC HEALTH
SYSTEM, INC., et al.,

                Defendants.
------------------------------------x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        This action arises from investigations conducted and sanctions imposed by Albert Einstein College of Medicine ("Einstein") against plaintiff Kamran Khodakhah, the now-former chair of Einstein's Department of Neuroscience. Plaintiff alleges that he was discriminated and retaliated against in violation of Title IX of the Education Amendments of 1972, among other claims. The matter now is before the Court on plaintiff's objections to a report and recommendation of Magistrate Judge Robin F. Tarnofsky which recommends that the Court deny plaintiff's motion for leave to file a second amended complaint on the ground that the proposed amendments would be futile.

        To say that plaintiff's pleadings have been antitheses of the "short and plain statement of the claim" required by Fed. R. Civ. P. 8(a)(2) would be a grievous understatement. The original 93-page complaint contained 520 separate numbered paragraphs. The first amended complaint grew to 100 pages and 563 separate numbered paragraphs. In a thorough and painstaking 80-page report and recommendation, the magistrate judge recommended that defendants' motions to dismiss be granted in part and denied in part. Plaintiff objected to the portion of the recommendation adverse to his position. This Court then upheld the magistrate judge's recommendation in a reasoned thirteen page decision.

Undaunted, plaintiff's proposed second amended complaint has expanded to 113 pages and 656 separate numbered paragraph. But it has not grown in quality. The magistrate judge has recommended that the motion for leave to file it be denied in another well considered report and recommendation.

Having reviewed the proposed second amended complaint and the magistrate judge's recommendation, this Court now finds itself in substantial agreement with that recommendation. The proposed second amended complaint would not cure the defects in the claims that were dismissed in the Court's ruling on the motions to dismiss the first amended complaint. Plaintiff's objections are overruled. Moreover, it bears mention that this case already is over two years old. The Court has sustained the legal sufficiency of one group of the plaintiff's claims. Nevertheless, as far as the docket reveals, this matter is no closer to resolution than it was on the day it was filed. Two years of the parties' efforts, untold economic resources, and many hours of judicial time have been devoted to controversy over parts of plaintiff's enormously prolix complaints. The time to get to a resolution is fast approaching.

While the Court leaves the existing referral to the magistrate judge in place, the parties are directed to complete all discovery on or before September 1, 2026 and to file a joint pretrial order in the form annexed to the Court's individual practices, as well as any motions for summary judgment, on or before October 1, 2026.

The motion for leave to amend (Dkt 93) is **DENIED**.

SO ORDERED.

Dated:      March 4, 2026

_____
Lewis A. Kaplan
United States District Judge