**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| KAMRAN KHODAKHAH,<br><br>       *Plaintiff,*<br><br>  v.<br><br>MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC., ALBERT EINSTEIN COLLEGE OF MEDICINE, GORDAN TOMASELLI, PABLO CASTILLO, BRYEN JORDAN, and JOHN-JANE DOES 1-10,<br><br>       *Defendants.* | No. 1:24-cv-00839-LAK-RFT |

**DEFENDANTS MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC.**
**AND ALBERT EINSTEIN COLLEGE OF MEDICINE'S ANSWER AND**
**AFFIRMATIVE DEFENSES**

Defendants Montefiore Medicine Academic Health System, Inc. ("Montefiore") and Albert Einstein College of Medicine ("Einstein" and together with Montefiore, "Defendants"), by and through their undersigned attorneys, hereby respond to the First Amended Complaint (ECF 48) in the above-captioned action ("Amended Complaint") as follows:[1]

1. Admit the allegations in Paragraph 1 of the Amended Complaint.

2. Deny the allegations in Paragraph 2 of the Amended Complaint.

3. Deny the allegations in Paragraph 3 of the Amended Complaint, except admit that then-Dean Gordon Tomaselli suspended Plaintiff as Chair of the Neuroscience Department on March 10, 2022, and removed him as Chair on July 11, 2022.

---

[1] The Amended Complaint utilizes headings and subheadings, to which no response is required. To the extent that any of the headings or subheadings present factual allegations, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations.

1

4. Neither admit nor deny the allegations in Paragraph 4 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 4 of the Amended Complaint.[2]

5. No response is required to the allegations in Paragraph 5 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

6. No response is required to the allegations in Paragraph 6 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

7. No response is required to the allegations in Paragraph 7 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

8. Neither admit nor deny the allegations in Paragraph 8 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

9. Neither admit nor deny the allegations in Paragraph 9 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 9 of the Amended Complaint.

---

[2] Capitalized terms used but not defined herein are defined in Defendants' Memorandum of Law in Support of their Motion to Dismiss the First Amended Complaint, ECF 57.

10. Deny the allegations in Paragraph 10 of the Amended Complaint, except admit that Plaintiff purports to seek damages and injunctive relief in this action.

11. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Amended Complaint, except admit that Plaintiff is a tenured professor at Einstein.

12. Deny the allegations in Paragraph 12 of the Amended Complaint.

13. Deny the allegations in Paragraph 13 of the Amended Complaint, except admit that Einstein is a private medical school in the Bronx and is an education-charter corporation formed by the Board of Regents of the New York State Department of Education.

14. Deny the allegations in Paragraph 14 of the Amended Complaint, except admit that Einstein receives federal funding.

15. Deny the allegations in Paragraph 15 of the Amended Complaint.

16. Deny the allegations in Paragraph 16 of the Amended Complaint.

17. No response is required to the allegations in Paragraph 17 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

18. No response is required to the allegations in Paragraph 18 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

19. No response is required to the allegations in Paragraph 19 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

20. Neither admit nor deny the allegations in Paragraph 20 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

21. Neither admit nor deny the allegations in Paragraph 21 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

22. Neither admit nor deny the allegations in Paragraph 22 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

23. No response is required to the allegations in Paragraph 23 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

24. Deny the allegations in Paragraph 24 of the Amended Complaint.

25. Deny the allegations in Paragraph 25 of the Amended Complaint.

26. Deny the allegations in Paragraph 26 of the Amended Complaint.

27. Deny the allegations in Paragraph 27 of the Amended Complaint.

28. Deny the allegations in Paragraph 28 of the Amended Complaint.

29. Deny the allegations in Paragraph 29 of the Amended Complaint.

30. Deny the allegations in Paragraph 30 of the Amended Complaint.

31. Deny the allegations in Paragraph 31 of the Amended Complaint.

32. Deny the allegations in Paragraph 32 of the Amended Complaint.

33. Neither admit nor deny the allegations in Paragraph 33 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Amended Complaint.

34. Neither admit nor deny the allegations in Paragraph 34 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Amended Complaint.

35. Deny the allegations in Paragraph 35 of the Amended Complaint, except admit that Plaintiff has been employed at Einstein as a professor in the Neuroscience Department since 2001 and also has appointments in the Neurology and Psychiatry & Behavioral Sciences Departments.

36. Admit the allegations in Paragraph 36 of the Amended Complaint.

37. Neither admit nor deny the allegations in Paragraph 37 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 37 of the Amended Complaint and respectfully refer the Court to the September 11, 2001 appointment letter, ECF 58-2, for a true and accurate representation of its contents.

38. Neither admit nor deny the allegations in Paragraph 38 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Amended Complaint.

39. Neither admit nor deny the allegations in Paragraph 39 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 39 of the Amended Complaint.

40. Neither admit nor deny the allegations in Paragraph 40 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Amended Complaint.

41. Neither admit nor deny the allegations in Paragraph 41 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Amended Complaint.

42. Neither admit nor deny the allegations in Paragraph 42 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Amended Complaint.

43. Neither admit nor deny the allegations in Paragraph 43 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Amended Complaint.

44. Deny the allegations in Paragraph 44 of the Amended Complaint, except admit that Plaintiff was granted tenure effective September 11, 2012.

45. Neither admit nor deny the allegations in Paragraph 45 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 45 of the Amended Complaint, except admit that Einstein undertook a search to hire a new Chair of the Neuroscience Department.

46. Neither admit nor deny the allegations in Paragraph 46 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 46 of the Amended Complaint, except admit that Plaintiff was appointed Interim Chair of the Neuroscience Department.

47. No response is required to the allegations in Paragraph 47 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

48. No response is required to the allegations in Paragraph 48 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

49. No response is required to the allegations in Paragraph 49 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

50. No response is required to the allegations in Paragraph 50 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

51. No response is required to the allegations in Paragraph 51 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

52. No response is required to the allegations in Paragraph 52 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

53. No response is required to the allegations in Paragraph 53 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

54. Neither admit nor deny the allegations in Paragraph 54 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the

Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 54 of the Amended Complaint.

55. Neither admit nor deny the allegations in Paragraph 55 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 55 of the Amended Complaint.

56. Neither admit nor deny the allegations in Paragraph 56 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 56 of the Amended Complaint, except admit that Plaintiff was appointed Chair of the Neuroscience Department in May 2016.

57. No response is required to the allegations in Paragraph 57 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

58. No response is required to the allegations in Paragraph 58 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

59. Deny the allegations in Paragraph 59 of the Amended Complaint and respectfully refer the Court to the May 3, 2016 chair appointment letter, ECF 58-4, for a true and accurate representation of its contents.

9

60. Neither admit nor deny the allegations in Paragraph 60 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 60 of the Amended Complaint and respectfully refer the Court to the May 3, 2016 chair appointment letter, ECF 58-4, for a true and accurate representation of its contents.

61. Neither admit nor deny the allegations in Paragraph 61 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 61 of the Amended Complaint, except admit the Neuroscience Department has a bright future.

62. Neither admit nor deny the allegations in Paragraph 62 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 62 of the Amended Complaint.

63. Neither admit nor deny the allegations in Paragraph 63 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 63 of the Amended Complaint.

64. Deny the allegations in Paragraph 64 of the Amended Complaint, except admit that Dean Tomaselli, Dean Spiegel's successor, removed Plaintiff as Chair of the Neuroscience Department on July 11, 2022.

65. Neither admit nor deny the allegations in Paragraph 65 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 65 of the Amended Complaint, except admit that Gordon Tomaselli succeeded Dean Spiegel as dean of Einstein.

66. Neither admit nor deny the allegations in Paragraph 66 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 66 of the Amended Complaint.

67. Neither admit nor deny the allegations in Paragraph 67 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 67 of the Amended Complaint.[3]

---

[3] The Amended Complaint includes footnotes within its paragraphs. For the avoidance of doubt, Defendants' response to any paragraph in the Amended Complaint applies to any footnotes associated with that paragraph.

68. Neither admit nor deny the allegations in Paragraph 68 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 68 of the Amended Complaint.

69. Neither admit nor deny the allegations in Paragraph 69 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 69 of the Amended Complaint.

70. Neither admit nor deny the allegations in Paragraph 70 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 70 of the Amended Complaint.

71. Neither admit nor deny the allegations in Paragraph 71 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 71 of the Amended Complaint.

72. Neither admit nor deny the allegations in Paragraph 72 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they

arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 72 of the Amended Complaint and aver that Plaintiff's October 28, 2020 email speaks for itself.

73. Neither admit nor deny the allegations in Paragraph 73 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 73 of the Amended Complaint.

74. Neither admit nor deny the allegations in Paragraph 74 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 74 of the Amended Complaint and aver that Plaintiff's January 21, 2021 email speaks for itself.

75. Neither admit nor deny the allegations in Paragraph 75 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 75 of the Amended Complaint.

76. Neither admit nor deny the allegations in Paragraph 76 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations

in Paragraph 76 of the Amended Complaint and aver that Dean Burns's January 21, 2021 email speaks for itself.

77. Neither admit nor deny the allegations in Paragraph 77 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 77 of the Amended Complaint and aver that Plaintiff's January 22, 2021 email speaks for itself.

78. Neither admit nor deny the allegations in Paragraph 78 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 78 of the Amended Complaint.

79. Neither admit nor deny the allegations in Paragraph 79 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 79 of the Amended Complaint.

80. Neither admit nor deny the allegations in Paragraph 80 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 80 of the Amended Complaint.

81. Neither admit nor deny the allegations in Paragraph 81 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 81 of the Amended Complaint.

82. Neither admit nor deny the allegations in Paragraph 82 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 82 of the Amended Complaint.

83. Neither admit nor deny the allegations in Paragraph 83 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 83 of the Amended Complaint.

84. Deny the allegations in Paragraph 84 of the Amended Complaint.

85. Deny the allegations in Paragraph 85 of the Amended Complaint and respectfully refer the Court to the October 26, 2018 Title IX policy, ECF 58-7, for a true and accurate representation of its contents.

86. Deny the allegations in Paragraph 86 of the Amended Complaint and respectfully refer the Court to the October 26, 2018 Title IX policy, ECF 58-7, for a true and accurate representation of its contents.

87. Deny the allegations in Paragraph 87 of the Amended Complaint and respectfully refer the Court to the October 26, 2018 Title IX policy, ECF 58-7, for a true and accurate representation of its contents.

88. Deny the allegations in Paragraph 88 of the Amended Complaint and respectfully refer the Court to the October 26, 2018 Title IX policy, ECF 58-7, for a true and accurate representation of its contents.

89. Deny the allegations in Paragraph 89 of the Amended Complaint and respectfully refer the Court to the October 26, 2018 Title IX policy, ECF 58-7, for a true and accurate representation of its contents.

90. Deny the allegations in Paragraph 90 of the Amended Complaint.

91. Deny the allegations in Paragraph 91 of the Amended Complaint and respectfully refer the Court to the August 14, 2020 Title IX policy, ECF 58-8, and the October 26, 2018 Title IX policy, ECF 58-7, for a true and accurate representation of their contents.

92. Deny the allegations in Paragraph 92 of the Amended Complaint and respectfully refer the Court to the August 14, 2020 Title IX policy, ECF 58-8, and the October 26, 2018 Title IX policy, ECF 58-7, for a true and accurate representation of their contents.

93. Deny the allegations in Paragraph 93 of the Amended Complaint and respectfully refer the Court to the August 14, 2020 Title IX policy, ECF 58-8, for a true and accurate representation of its contents.

94. Deny the allegations in Paragraph 94 of the Amended Complaint and respectfully refer the Court to the August 14, 2020 Title IX policy, ECF 58-8, and the October 26, 2018 Title IX policy, ECF 58-7, for a true and accurate representation of their contents.

95. Deny the allegations in Paragraph 95 of the Amended Complaint.

96. Deny the allegations in Paragraph 96 of the Amended Complaint.

97. Deny the allegations in Paragraph 97 of the Amended Complaint and aver that the August 14, 2020 Discrimination and Harassment policy speaks for itself.

98. Deny the allegations in Paragraph 98 of the Amended Complaint and respectfully refer the Court to the August 14, 2020 Title IX policy, ECF 58-8, and the March 18, 2022 Title IX policy, ECF 58-9, for a true and accurate representation of their contents.

99. Deny the allegations in Paragraph 99 of the Amended Complaint and aver that the August 14, 2020 Discrimination and Harassment policy speaks for itself.

100. Deny the allegations in Paragraph 100 of the Amended Complaint and aver that the August 14, 2020 Discrimination and Harassment policy speaks for itself.

101. Deny the allegations in Paragraph 101 of the Amended Complaint and aver that the August 14, 2020 Discrimination and Harassment policy speaks for itself.

102. Deny the allegations in Paragraph 102 of the Amended Complaint and aver that the August 14, 2020 Discrimination and Harassment policy speaks for itself.

103. No response is required to the allegations in Paragraph 103 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

104. No response is required to the allegations in Paragraph 104 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

105. No response is required to the allegations in Paragraph 105 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

106. No response is required to the allegations in Paragraph 106 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

107. Deny the allegations in Paragraph 107 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 107 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

108. Deny the allegations in Paragraph 108 of the Amended Complaint and aver that the Letter of Concern speaks for itself, except neither admit nor deny the allegations in Paragraph 108 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

109. Deny the allegations in Paragraph 109 of the Amended Complaint and aver that the Letter of Concern speaks for itself.

110. Deny the allegations in Paragraph 110 of the Amended Complaint and aver that the Letter of Concern speaks for itself.

111. Deny the allegations in Paragraph 111 of the Amended Complaint.

112. Deny the allegations in Paragraph 112 of the Amended Complaint.

113. Neither admit nor deny the allegations in Paragraph 113 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that

they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 113 of the Amended Complaint.

114. Neither admit nor deny the allegations in Paragraph 114 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 114 of the Amended Complaint.

115. Deny the allegations in Paragraph 115 of the Amended Complaint.

116. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 of the Amended Complaint.

117. Neither admit nor deny the allegations in Paragraph 117 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 117 of the Amended Complaint.

118. Deny the allegations in Paragraph 118 of the Amended Complaint.

119. Neither admit nor deny the allegations in Paragraph 119 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 119 of the Amended Complaint.

120. Neither admit nor deny the allegations in Paragraph 120 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88),

19

the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 120 of the Amended Complaint.

121. Deny the allegations in Paragraph 121 of the Amended Complaint, except admit that Plaintiff was sent the Letter of Concern on February 24, 2022.

122. Deny the allegations in Paragraph 122 of the Amended Complaint, except admit that Plaintiff sent an email on February 24, 2022, and aver that Plaintiff's February 24, 2022 email speaks for itself.

123. Deny the allegations in Paragraph 123 of the Amended Complaint, except admit that Plaintiff sent an email on February 24, 2022, and aver that Plaintiff's February 24, 2022 email speaks for itself.

124. Deny the allegations in Paragraph 124 of the Amended Complaint.

125. Deny the allegations in Paragraph 125 of the Amended Complaint.

126. Deny the allegations in Paragraph 126 of the Amended Complaint.

127. Deny the allegations in Paragraph 127 of the Amended Complaint.

128. Deny the allegations in Paragraph 128 of the Amended Complaint and aver that the March 8, 2022 email speaks for itself.

129. Deny the allegations in Paragraph 129 of the Amended Complaint and aver that the March 8, 2022 email speaks for itself.

130. Deny the allegations in Paragraph 130 of the Amended Complaint and aver that the March 8, 2022 email speaks for itself.

131. Deny the allegations in Paragraph 131 of the Amended Complaint and aver that the March 8, 2022 email speaks for itself.

132. Deny the allegations in Paragraph 132 of the Amended Complaint and aver that the March 8, 2022 email speaks for itself.

133. Deny the allegations in Paragraph 133 of the Amended Complaint and respectfully refer the Court to the March 10, 2022 letter, ECF 54-1, for a true and accurate representation of its contents.

134. Deny the allegations in Paragraph 134 of the Amended Complaint and respectfully refer the Court to the March 10, 2022 letter, ECF 54-1, for a true and accurate representation of its contents.

135. Deny the allegations in Paragraph 135 of the Amended Complaint and respectfully refer the Court to the March 10, 2022 letter, ECF 54-1, for a true and accurate representation of its contents.

136. Deny the allegations in Paragraph 136 of the Amended Complaint and respectfully refer the Court to the March 10, 2022 letter, ECF 54-1, for a true and accurate representation of its contents.

137. Deny the allegations in Paragraph 137 of the Amended Complaint.

138. Deny the allegations in Paragraph 138 of the Amended Complaint and respectfully refer the Court to the March 10, 2022 letter, ECF 54-1, for a true and accurate representation of its contents.

139. Deny the allegations in Paragraph 139 of the Amended Complaint and aver that Dean Tomaselli's March 10, 2022 email to the Neuroscience Department speaks for itself.

140. Deny the allegations in Paragraph 140 of the Amended Complaint and aver that Dean Tomaselli's March 10, 2022 email to the Neuroscience Department speaks for itself.

141. Deny the allegations in Paragraph 141 of the Amended Complaint, except admit that Plaintiff did not voluntarily step down as Chair.

142. Neither admit nor deny the allegations in Paragraph 142 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 142 of the Amended Complaint.

143. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 143 of the Amended Complaint.

144. Deny the allegations in Paragraph 144 of the Amended Complaint and respectfully refer the Court to the March 10, 2022 letter, ECF 54-1, for a true and accurate representation of its contents.

145. Deny the allegations in Paragraph 145 of the Amended Complaint.

146. Deny the allegations in Paragraph 146 of the Amended Complaint and respectfully refer the Court to the August 14, 2020 Title IX policy, ECF 58-8, for a true and accurate representation of its contents and aver that the Discrimination and Harassment policy speaks for itself.

147. Deny the allegations in Paragraph 147 of the Amended Complaint and respectfully refer the Court to the August 14, 2020 Title IX policy, ECF 58-8, for a true and accurate representation of its contents and aver that the Discrimination and Harassment policy speaks for itself.

148. Deny the allegations in Paragraph 148 of the Amended Complaint.

149. Deny the allegations in Paragraph 149 of the Amended Complaint and respectfully refer the Court to the August 14, 2020 Title IX policy, ECF 58-8, for a true and accurate representation of its contents and aver that the Discrimination and Harassment policy speaks for itself.

150. Neither admit nor deny the allegations in Paragraph 150 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required and respectfully refer the Court to 34 C.F.R. § 106.30 for a true and accurate representation of its contents.

151. Neither admit nor deny the allegations in Paragraph 151 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required and respectfully refer the Court to 34 C.F.R. § 106.44 for a true and accurate representation of its contents.

152. Neither admit nor deny the allegations in Paragraph 152 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 152 of the Amended Complaint and respectfully refer the Court to the May 3, 2016 chair appointment letter, ECF 58-4, for a true and accurate representation of its contents.

153. Neither admit nor deny the allegations in Paragraph 153 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the

allegations in Paragraph 153 of the Amended Complaint and respectfully refer the Court to the May 3, 2016 chair appointment letter, ECF 58-4, for a true and accurate representation of its contents.

154. Deny the allegations in Paragraph 154 of the Amended Complaint.

155. Deny the allegations in Paragraph 155 of the Amended Complaint.

156. Deny the allegations in Paragraph 156 of the Amended Complaint.

157. Deny the allegations in Paragraph 157 of the Amended Complaint.

158. Deny the allegations in Paragraph 158 of the Amended Complaint, except admit that Einstein's senior counsel retained an external investigator to conduct the Chair Investigation.

159. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 159 of the Amended Complaint, except admit that Plaintiff may have informed the investigator as such.

160. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 160 of the Amended Complaint.

161. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 161 of the Amended Complaint.

162. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 162 of the Amended Complaint.

163. Deny the allegations in Paragraph 163 of the Amended Complaint and respectfully refer the Court to the July 11, 2022 chair dismissal letter, ECF 58-5, for a true and accurate representation of its contents.

164. Deny the allegations in Paragraph 164 of the Amended Complaint and respectfully refer the Court to the July 11, 2022 chair dismissal letter, ECF 58-5, for a true and accurate representation of its contents.

165. Deny the allegations in Paragraph 165 of the Amended Complaint and respectfully refer the Court to the July 11, 2022 chair dismissal letter, ECF 58-5, for a true and accurate representation of its contents.

166. Deny the allegations in Paragraph 166 of the Amended Complaint and respectfully refer the Court to the July 11, 2022 chair dismissal letter, ECF 58-5, for a true and accurate representation of its contents.

167. Deny the allegations in Paragraph 167 of the Amended Complaint and respectfully refer the Court to the July 11, 2022 chair dismissal letter, ECF 58-5, and the March 10, 2022 letter, ECF 54-1, for a true and accurate representation of their contents.

168. Deny the allegations in Paragraph 168 of the Amended Complaint.

169. Deny the allegations in Paragraph 169 of the Amended Complaint and respectfully refer the Court to the July 11, 2022 chair dismissal letter, ECF 58-5, for a true and accurate representation of its contents.

170. Deny the allegations in Paragraph 170 of the Amended Complaint, except admit that at the time of this Answer, Plaintiff has not been provided a copy of the Chair Investigation Report.

171. Deny the allegations in Paragraph 171 of the Amended Complaint, except admit that Plaintiff was relieved of certain duties when he was removed as Chair and following his removal as Chair, Plaintiff stopped receiving supplemental compensation for his role as Chair.

172. Deny the allegations in Paragraph 172 of the Amended Complaint.

173. Neither admit nor deny the allegations in Paragraph 173 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 173 of the Amended Complaint.

174. No response is required to the allegations in Paragraph 174 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

175. No response is required to the allegations in Paragraph 175 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

176. No response is required to the allegations in Paragraph 176 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

177. No response is required to the allegations in Paragraph 177 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

178. No response is required to the allegations in Paragraph 178 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

179. No response is required to the allegations in Paragraph 179 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

180. No response is required to the allegations in Paragraph 180 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

181. No response is required to the allegations in Paragraph 181 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

182. No response is required to the allegations in Paragraph 182 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

183. No response is required to the allegations in Paragraph 183 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

184. No response is required to the allegations in Paragraph 184 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

185. No response is required to the allegations in Paragraph 185 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

186. No response is required to the allegations in Paragraph 186 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

187. No response is required to the allegations in Paragraph 187 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

188. No response is required to the allegations in Paragraph 188 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

189. No response is required to the allegations in Paragraph 189 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

190. No response is required to the allegations in Paragraph 190 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

191. No response is required to the allegations in Paragraph 191 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

192. No response is required to the allegations in Paragraph 192 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

193. No response is required to the allegations in Paragraph 193 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

194. No response is required to the allegations in Paragraph 194 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

195. No response is required to the allegations in Paragraph 195 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

196. No response is required to the allegations in Paragraph 196 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

197. No response is required to the allegations in Paragraph 197 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

198. No response is required to the allegations in Paragraph 198 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

199. No response is required to the allegations in Paragraph 199 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

200. No response is required to the allegations in Paragraph 200 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

201. No response is required to the allegations in Paragraph 201 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

202. No response is required to the allegations in Paragraph 202 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

203. No response is required to the allegations in Paragraph 203 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

204. No response is required to the allegations in Paragraph 204 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

205. No response is required to the allegations in Paragraph 205 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

206. No response is required to the allegations in Paragraph 206 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

207. No response is required to the allegations in Paragraph 207 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

208. No response is required to the allegations in Paragraph 208 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

209. No response is required to the allegations in Paragraph 209 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

210. No response is required to the allegations in Paragraph 210 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

211. No response is required to the allegations in Paragraph 211 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

212. No response is required to the allegations in Paragraph 212 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

213. No response is required to the allegations in Paragraph 213 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

214. No response is required to the allegations in Paragraph 214 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

215. No response is required to the allegations in Paragraph 215 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

216. No response is required to the allegations in Paragraph 216 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

217. No response is required to the allegations in Paragraph 217 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

218. No response is required to the allegations in Paragraph 218 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

219. No response is required to the allegations in Paragraph 219 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

220. No response is required to the allegations in Paragraph 220 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

221. No response is required to the allegations in Paragraph 221 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

222. No response is required to the allegations in Paragraph 222 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

223. Neither admit nor deny the allegations in Paragraph 223 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 223 of the Amended Complaint, except admit that a former student contacted Ms. Ramirez in April 2022.

224. Neither admit nor deny the allegations in Paragraph 224 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 224 of the Amended Complaint, except admit that a former student met with Ms. Ramirez in August 2022.

225. Neither admit nor deny the allegations in Paragraph 225 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 225 of the Amended Complaint, except admit that a former student emailed Ms. Ramirez on August 25, 2022, and aver that the former student's August 25, 2022 email speaks for itself.

226. Neither admit nor deny the allegations in Paragraph 226 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 226 of the Amended Complaint and aver that the former student's August 25, 2022 email speaks for itself.

227. Neither admit nor deny the allegations in Paragraph 227 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 227 of the Amended Complaint and aver that the former student's August 25, 2022 email speaks for itself.

228. Neither admit nor deny the allegations in Paragraph 228 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 228 of the Amended Complaint and aver that the former student's August 25, 2022 email speaks for itself.

229. Neither admit nor deny the allegations in Paragraph 229 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the

allegations in Paragraph 229 of the Amended Complaint and aver that the former student's August 25, 2022 email speaks for itself.

230. Neither admit nor deny the allegations in Paragraph 230 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 230 of the Amended Complaint and aver that the former student's August 25, 2022 email speaks for itself.

231. Neither admit nor deny the allegations in Paragraph 231 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 231 of the Amended Complaint and respectfully refer the Court to the March 18, 2022 Title IX policy, ECF 58-9, for a true and accurate representation of its contents and aver that the Discrimination and Harassment policy speaks for itself.

232. Neither admit nor deny the allegations in Paragraph 232 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 232 of the Amended Complaint, except admit that Einstein did not "reopen" the Chair Investigation.

233. Neither admit nor deny the allegations in Paragraph 233 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88),

the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 233 of the Amended Complaint.

234. Neither admit nor deny the allegations in Paragraph 234 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 234 of the Amended Complaint.

235. Neither admit nor deny the allegations in Paragraph 235 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 235 of the Amended Complaint.

236. Neither admit nor deny the allegations in Paragraph 236 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 236 of the Amended Complaint.

237. Neither admit nor deny the allegations in Paragraph 237 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88),

36

the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 237 of the Amended Complaint.

238. Neither admit nor deny the allegations in Paragraph 238 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 238 of the Amended Complaint.

239. Neither admit nor deny the allegations in Paragraph 239 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 239 of the Amended Complaint.

240. Neither admit nor deny the allegations in Paragraph 240 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 240 of the Amended Complaint.

241. Neither admit nor deny the allegations in Paragraph 241 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 241 of the Amended Complaint.

242. Neither admit nor deny the allegations in Paragraph 242 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 242 of the Amended Complaint.

243. Neither admit nor deny the allegations in Paragraph 243 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 243 of the Amended Complaint.

244. Neither admit nor deny the allegations in Paragraph 244 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 244 of the Amended Complaint.

245. Neither admit nor deny the allegations in Paragraph 245 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 245 of the Amended Complaint.

246. Neither admit nor deny the allegations in Paragraph 246 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 246 of the Amended Complaint.

247. Neither admit nor deny the allegations in Paragraph 247 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 247 of the Amended Complaint.

248. Neither admit nor deny the allegations in Paragraph 248 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that

they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 248 of the Amended Complaint.

249. No response is required to the allegations in Paragraph 249 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

250. No response is required to the allegations in Paragraph 250 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

251. No response is required to the allegations in Paragraph 251 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

252. No response is required to the allegations in Paragraph 252 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

253. No response is required to the allegations in Paragraph 253 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

254. No response is required to the allegations in Paragraph 254 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

255. No response is required to the allegations in Paragraph 255 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

256. No response is required to the allegations in Paragraph 256 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

257. No response is required to the allegations in Paragraph 257 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

258. No response is required to the allegations in Paragraph 258 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

259. No response is required to the allegations in Paragraph 259 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

260. No response is required to the allegations in Paragraph 260 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

261. No response is required to the allegations in Paragraph 261 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

262. No response is required to the allegations in Paragraph 262 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

263. No response is required to the allegations in Paragraph 263 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

264. No response is required to the allegations in Paragraph 264 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

265. No response is required to the allegations in Paragraph 265 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

266. No response is required to the allegations in Paragraph 266 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

267. No response is required to the allegations in Paragraph 267 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

268. No response is required to the allegations in Paragraph 268 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

269. No response is required to the allegations in Paragraph 269 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

270. No response is required to the allegations in Paragraph 270 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

271. No response is required to the allegations in Paragraph 271 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

272. No response is required to the allegations in Paragraph 272 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

273. No response is required to the allegations in Paragraph 273 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

274. No response is required to the allegations in Paragraph 274 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

275. No response is required to the allegations in Paragraph 275 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

276. No response is required to the allegations in Paragraph 276 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

277. No response is required to the allegations in Paragraph 277 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

278. No response is required to the allegations in Paragraph 278 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

279. No response is required to the allegations in Paragraph 279 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

280. No response is required to the allegations in Paragraph 280 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

281. No response is required to the allegations in Paragraph 281 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

282. No response is required to the allegations in Paragraph 282 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

283. No response is required to the allegations in Paragraph 283 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

284. No response is required to the allegations in Paragraph 284 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

285. No response is required to the allegations in Paragraph 285 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

286. No response is required to the allegations in Paragraph 286 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

287. No response is required to the allegations in Paragraph 287 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

288. No response is required to the allegations in Paragraph 288 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

289. No response is required to the allegations in Paragraph 289 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

290. No response is required to the allegations in Paragraph 290 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

291. No response is required to the allegations in Paragraph 291 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

292. No response is required to the allegations in Paragraph 292 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

293. No response is required to the allegations in Paragraph 293 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

294. No response is required to the allegations in Paragraph 294 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

295. No response is required to the allegations in Paragraph 295 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

296. No response is required to the allegations in Paragraph 296 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

297. No response is required to the allegations in Paragraph 297 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's

claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

298. No response is required to the allegations in Paragraph 298 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

299. No response is required to the allegations in Paragraph 299 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

300. No response is required to the allegations in Paragraph 300 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

301. No response is required to the allegations in Paragraph 301 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

302. No response is required to the allegations in Paragraph 302 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

303. No response is required to the allegations in Paragraph 303 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

304. No response is required to the allegations in Paragraph 304 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

305. No response is required to the allegations in Paragraph 305 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

306. No response is required to the allegations in Paragraph 306 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

307. No response is required to the allegations in Paragraph 307 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

308. No response is required to the allegations in Paragraph 308 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

309. No response is required to the allegations in Paragraph 309 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

310. No response is required to the allegations in Paragraph 310 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

311. No response is required to the allegations in Paragraph 311 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

312. No response is required to the allegations in Paragraph 312 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

313. No response is required to the allegations in Paragraph 313 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

314. No response is required to the allegations in Paragraph 314 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

315. No response is required to the allegations in Paragraph 315 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

316. Deny the allegations in Paragraph 316 of the Amended Complaint, except admit that Stacy Roudabush filed a Complaint in the Supreme Court of the State of New York, County of Bronx, on May 19, 2023, Index No. 807857/2023E, ("*Roudabush* case") and respectfully refer the Court to the Complaint in that case for a true and accurate representation of its contents.

317. Deny the allegations in Paragraph 317 of the Amended Complaint and respectfully refer the Court to the Complaint and Answer in the *Roudabush* case for a true and accurate representation of their contents.

318. Deny the allegations in Paragraph 318 of the Amended Complaint and respectfully refer the Court to the Complaint and Answer in the *Roudabush* case for a true and accurate representation of their contents.

49

319. Deny the allegations in Paragraph 319 of the Amended Complaint and respectfully refer the Court to the Complaint and Answer in the *Roudabush* case for a true and accurate representation of their contents.

320. Deny the allegations in Paragraph 320 of the Amended Complaint and respectfully refer the Court to the Complaint and Answer in the *Roudabush* case for a true and accurate representation of their contents.

321. Deny the allegations in Paragraph 321 of the Amended Complaint and respectfully refer the Court to the Complaint and Answer in the *Roudabush* case for a true and accurate representation of their contents.

322. No response is required to the allegations in Paragraph 322 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

323. No response is required to the allegations in Paragraph 323 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

324. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 324 of the Amended Complaint, except admit that at the time of this Answer, Plaintiff has not been provided a copy of the Chair Investigation Report.

325. No response is required to the allegations in Paragraph 325 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

326. No response is required to the allegations in Paragraph 326 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

327. No response is required to the allegations in Paragraph 327 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

328. No response is required to the allegations in Paragraph 328 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

329. No response is required to the allegations in Paragraph 329 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

330. No response is required to the allegations in Paragraph 330 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

331. No response is required to the allegations in Paragraph 331 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

332. No response is required to the allegations in Paragraph 332 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

333. No response is required to the allegations in Paragraph 333 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

334. No response is required to the allegations in Paragraph 334 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

335. No response is required to the allegations in Paragraph 335 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

336. No response is required to the allegations in Paragraph 336 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

337. No response is required to the allegations in Paragraph 337 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

338. No response is required to the allegations in Paragraph 338 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

339. No response is required to the allegations in Paragraph 339 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

340. No response is required to the allegations in Paragraph 340 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

341. No response is required to the allegations in Paragraph 341 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

342. No response is required to the allegations in Paragraph 342 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

343. No response is required to the allegations in Paragraph 343 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

344. No response is required to the allegations in Paragraph 344 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

345. No response is required to the allegations in Paragraph 345 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

346. No response is required to the allegations in Paragraph 346 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

347. No response is required to the allegations in Paragraph 347 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

348. No response is required to the allegations in Paragraph 348 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

349. No response is required to the allegations in Paragraph 349 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

350. No response is required to the allegations in Paragraph 350 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

351. No response is required to the allegations in Paragraph 351 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

352. No response is required to the allegations in Paragraph 352 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

353. No response is required to the allegations in Paragraph 353 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

354. No response is required to the allegations in Paragraph 354 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

355. No response is required to the allegations in Paragraph 355 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

356. No response is required to the allegations in Paragraph 356 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

357. No response is required to the allegations in Paragraph 357 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

358. No response is required to the allegations in Paragraph 358 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

359. No response is required to the allegations in Paragraph 359 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

360. No response is required to the allegations in Paragraph 360 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

361. No response is required to the allegations in Paragraph 361 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

362. No response is required to the allegations in Paragraph 362 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

363. No response is required to the allegations in Paragraph 363 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

364. No response is required to the allegations in Paragraph 364 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

365. No response is required to the allegations in Paragraph 365 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

366. No response is required to the allegations in Paragraph 366 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

367. No response is required to the allegations in Paragraph 367 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

368. No response is required to the allegations in Paragraph 368 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

369. No response is required to the allegations in Paragraph 369 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

370. No response is required to the allegations in Paragraph 370 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

371. No response is required to the allegations in Paragraph 371 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

372. No response is required to the allegations in Paragraph 372 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

373. No response is required to the allegations in Paragraph 373 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

374. Deny the allegations in Paragraph 374 of the Amended Complaint, except admit that on April 4, 2011, the United States Department of Education's Office for Civil Rights ("OCR") published a dear colleague letter (the "2011 Dear Colleague Letter"), and respectfully refer the Court to that document for a true and accurate representation of its contents.

375. Deny the allegations in Paragraph 375 of the Amended Complaint and respectfully refer the Court to the 2011 Dear Colleague Letter for a true and accurate representation of its contents.

376. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 376 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 376 of the Amended Complaint to the extent they purport to state conclusions of law to which no response is required.

377. Deny the allegations in Paragraph 377 of the Amended Complaint and respectfully refer the Court to the 2011 Dear Colleague Letter for a true and accurate representation of its contents.

378. Deny the allegations in Paragraph 378 of the Amended Complaint, except admit that on April 29, 2014, OCR published a document titled "Questions and Answers on Title IX and Sexual Violence," and respectfully refer the Court to that document for a true and accurate representation of its contents.

379. Deny the allegations in Paragraph 379 of the Amended Complaint and respectfully refer the Court to "Questions and Answers on Title IX and Sexual Violence" for a true and accurate representation of its contents.

380. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 380 of the Amended Complaint.

381. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 381 of the Amended Complaint.

382. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 382 of the Amended Complaint.

383. Deny the allegations in Paragraph 383 of the Amended Complaint, except admit that on September 22, 2017, OCR published a dear colleague letter ("the 2017 Dear Colleague Letter"), and respectfully refer the Court to that document for a true and accurate representation of its contents.

384. Deny the allegations in Paragraph 384 of the Amended Complaint and respectfully refer the Court to the 2017 Dear Colleague Letter for a true and accurate representation of its contents.

385. Deny the allegations in Paragraph 385 of the Amended Complaint and respectfully refer the Court to the cited document for a true and accurate representation of its contents.

386. Deny the allegations in Paragraph 386 of the Amended Complaint, except admit that in September 2017, OCR published a document titled "Questions and Answers on Campus Sexual Misconduct," and respectfully refer the Court to that document for a true and accurate representation of its contents.

387. Neither admit nor deny the allegations in Paragraph 387 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 387 of the Amended Complaint, except admit that OCR published new Title IX regulations that went into effect August 14, 2020, and respectfully refer the Court to the cited regulations for a true and accurate representation of their contents.

388. Neither admit nor deny the allegations in Paragraph 388 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that

they arise out of the Chair Investigation, and neither admit nor deny the allegations in Paragraph 388 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required and respectfully refer the Court to the cited regulations for a true and accurate representation of their contents.

389. Neither admit nor deny the allegations in Paragraph 389 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, and neither admit nor deny the allegations in Paragraph 389 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required and respectfully refer the Court to the cited regulations for a true and accurate representation of their contents.

390. Neither admit nor deny the allegations in Paragraph 390 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 390 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 390 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required.

391. Neither admit nor deny the allegations in Paragraph 391 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 391 of the Amended Complaint.

392. Deny the allegations in Paragraph 392 of the Amended Complaint.

393. Deny the allegations in Paragraph 393 of the Amended Complaint.

394. Admit the allegations in Paragraph 394 of the Amended Complaint.

395. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 395 of the Amended Complaint.

396. Deny the allegations in Paragraph 396 of the Amended Complaint and aver that the LCME standards speak for themselves.

397. Deny the allegations in Paragraph 397 of the Amended Complaint.

398. Deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 398 of the Amended Complaint.

399. Deny the allegations in Paragraph 399 of the Amended Complaint.

400. Deny the allegations in Paragraph 400, except admit that sexual harassment prevention training and training on Einstein's Title IX and other policies are incorporated in Einstein's onboarding and orientation of new employees, graduate students, and post-docs.

401. Neither admit nor deny the allegations in Paragraph 401 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 401 of the Amended Complaint.

402. Neither admit nor deny the allegations in Paragraph 402 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88),

the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, and neither admit nor deny the allegations in Paragraph 402 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

403. Neither admit nor deny the allegations in Paragraph 403 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 403 of the Amended Complaint.

404. Deny the allegations in Paragraph 404 of the Amended Complaint, except admit that Dean Tomaselli suspended Plaintiff as Chair of the Neuroscience Department on March 10, 2022, and removed him as Chair on July 11, 2022.

405. No response is required to the allegations in Paragraph 405 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

406. No response is required to the allegations in Paragraph 406 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

407. No response is required to the allegations in Paragraph 407 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

408. Neither admit nor deny the allegations in Paragraph 408 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88),

the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, and neither admit nor deny the allegations in Paragraph 408 of the Amended Complaint to the extent they purport to state conclusions of law to which no response is required, but to the extent any response is required, deny the allegations in Paragraph 408 of the Amended Complaint.

409. Deny the allegations in Paragraph 409 of the Amended Complaint.

410. Neither admit nor deny the allegations in Paragraph 410 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 410 of the Amended Complaint.

411. Neither admit nor deny the allegations in Paragraph 411 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 411 of the Amended Complaint.

412. Neither admit nor deny the allegations in Paragraph 412 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 412 of the Amended Complaint.

413. Neither admit nor deny the allegations in Paragraph 413 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 413 of the Amended Complaint.

414. Neither admit nor deny the allegations in Paragraph 414 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 414 of the Amended Complaint.

415. Neither admit nor deny the allegations in Paragraph 415 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 415 of the Amended Complaint.

416. Deny the allegations in Paragraph 416 of the Amended Complaint, except admit that Plaintiff no longer receives supplemental compensation for serving as Chair.

417. Neither admit nor deny the allegations in Paragraph 417 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that

they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 417 of the Amended Complaint.

418. Neither admit nor deny the allegations in Paragraph 418 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 418 of the Amended Complaint.

419. No response is required to the allegations in Paragraph 419 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation.

420. Neither admit nor deny the allegations in Paragraph 420 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 420 of the Amended Complaint.

421. Neither admit nor deny the allegations in Paragraph 421 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 421 of the Amended Complaint.

422. Neither admit nor deny the allegations in Paragraph 422 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 422 of the Amended Complaint.

423. Neither admit nor deny the allegations in Paragraph 423 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 423 of the Amended Complaint.

424. Neither admit nor deny the allegations in Paragraph 424 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 424 of the Amended Complaint.

425. Neither admit nor deny the allegations in Paragraph 425 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 425 of the Amended Complaint.

426. Neither admit nor deny the allegations in Paragraph 426 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 426 of the Amended Complaint.

427. Neither admit nor deny the allegations in Paragraph 427 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 427 of the Amended Complaint.

428. Neither admit nor deny the allegations in Paragraph 428 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 428 of the Amended Complaint.

429. Neither admit nor deny the allegations in Paragraph 429 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 429 of the Amended Complaint.

430. Neither admit nor deny the allegations in Paragraph 430 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 430 of the Amended Complaint.

431. Neither admit nor deny the allegations in Paragraph 431 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 431 of the Amended Complaint.

432. Neither admit nor deny the allegations in Paragraph 432 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, and neither admit nor deny the allegations in Paragraph 432 of the Amended Complaint to the extent they purport to state conclusions of law to which no response is required, but to the extent any response is required, deny the allegations in Paragraph 432 of the Amended Complaint.

433. Neither admit nor deny the allegations in Paragraph 433 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that

they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 433 of the Amended Complaint.

434. With respect to the allegations in Paragraph 434 of the Amended Complaint, incorporate the responses to each and every allegation above as if fully set forth herein.

435. Neither admit nor deny the allegations in Paragraph 435 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required and respectfully refer the Court to the cited statute for a true and accurate representation of its contents.

436. Neither admit nor deny the allegations in Paragraph 436 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

437. Neither admit nor deny the allegations in Paragraph 437 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required and respectfully refer the Court to the cited regulation for a true and accurate representation of its contents.

438. Neither admit nor deny the allegations in Paragraph 438 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required and respectfully refer the Court to the cited regulation for a true and accurate representation of its contents.

439. Neither admit nor deny the allegations in Paragraph 439 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 439 of the Amended Complaint.

69

440. Neither admit nor deny the allegations in Paragraph 440 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, but to the extent any response is required, deny the allegations in Paragraph 440 of the Amended Complaint.

441. Neither admit nor deny the allegations in Paragraph 441 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

442. Deny the allegations in Paragraph 442 of the Amended Complaint, except admit that Einstein receives federal funding.

443. Deny the allegations in Paragraph 443 of the Amended Complaint.

444. Neither admit nor deny the allegations in Paragraph 444 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

445. Neither admit nor deny the allegations in Paragraph 445 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

446. Neither admit nor deny the allegations in Paragraph 446 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

447. Neither admit nor deny the allegations in Paragraph 447 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, and neither admit nor deny the allegations in Paragraph 447 of the Amended Complaint to the extent they purport to state conclusions of law to which no response is required, but to the extent any response is required, deny the allegations in Paragraph

447 of the Amended Complaint and incorporate the responses to each and every allegation above as if fully set forth herein.

448. Neither admit nor deny the allegations in Paragraph 448 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, and neither admit nor deny the allegations in Paragraph 448 of the Amended Complaint to the extent they purport to state conclusions of law to which no response is required, but to the extent any response is required, deny the allegations in Paragraph 448 of the Amended Complaint and incorporate the responses to each and every allegation above as if fully set forth herein.

449. Neither admit nor deny the allegations in Paragraph 449 of the Amended Complaint to the extent no response is required because in its Order entered September 16, 2025 (ECF 88), the Court dismissed all of Plaintiff's claims except for Counts I, VII, and VIII to the extent that they arise out of the Chair Investigation, and neither admit nor deny the allegations in Paragraph 449 of the Amended Complaint to the extent they purport to state conclusions of law to which no response is required, but to the extent any response is required, deny the allegations in Paragraph 449 of the Amended Complaint and incorporate the responses to each and every allegation above as if fully set forth herein.

450. No response is required to the allegations in Paragraph 450 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

451. No response is required to the allegations in Paragraph 451 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

452. No response is required to the allegations in Paragraph 452 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

453. No response is required to the allegations in Paragraph 453 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

454. No response is required to the allegations in Paragraph 454 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

455. No response is required to the allegations in Paragraph 455 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

456. No response is required to the allegations in Paragraph 456 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

457. No response is required to the allegations in Paragraph 457 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

458. No response is required to the allegations in Paragraph 458 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

459. No response is required to the allegations in Paragraph 459 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

460. No response is required to the allegations in Paragraph 460 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

461. No response is required to the allegations in Paragraph 461 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

462. No response is required to the allegations in Paragraph 462 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

463. No response is required to the allegations in Paragraph 463 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

464. No response is required to the allegations in Paragraph 464 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

465. No response is required to the allegations in Paragraph 465 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

466. No response is required to the allegations in Paragraph 466 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

467. No response is required to the allegations in Paragraph 467 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

468. No response is required to the allegations in Paragraph 468 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count II in the Amended Complaint.

469. No response is required to the allegations in Paragraph 469 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

470. No response is required to the allegations in Paragraph 470 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

471. No response is required to the allegations in Paragraph 471 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

472. No response is required to the allegations in Paragraph 472 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

473. No response is required to the allegations in Paragraph 473 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

474. No response is required to the allegations in Paragraph 474 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

475. No response is required to the allegations in Paragraph 475 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

476. No response is required to the allegations in Paragraph 476 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

477. No response is required to the allegations in Paragraph 477 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

478. No response is required to the allegations in Paragraph 478 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

479. No response is required to the allegations in Paragraph 479 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

480. No response is required to the allegations in Paragraph 480 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

481. No response is required to the allegations in Paragraph 481 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

482. No response is required to the allegations in Paragraph 482 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

483. No response is required to the allegations in Paragraph 483 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

484. No response is required to the allegations in Paragraph 484 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

485. No response is required to the allegations in Paragraph 485 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

486. No response is required to the allegations in Paragraph 486 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

487. No response is required to the allegations in Paragraph 487 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

488. No response is required to the allegations in Paragraph 488 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

489. No response is required to the allegations in Paragraph 489 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

490. No response is required to the allegations in Paragraph 490 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

491. No response is required to the allegations in Paragraph 491 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

492. No response is required to the allegations in Paragraph 492 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

493. No response is required to the allegations in Paragraph 493 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

494. No response is required to the allegations in Paragraph 494 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

495. No response is required to the allegations in Paragraph 495 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

496. No response is required to the allegations in Paragraph 496 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

497. No response is required to the allegations in Paragraph 497 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

498. No response is required to the allegations in Paragraph 498 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

499. No response is required to the allegations in Paragraph 499 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

500. No response is required to the allegations in Paragraph 500 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

501. No response is required to the allegations in Paragraph 501 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

502. No response is required to the allegations in Paragraph 502 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

503. No response is required to the allegations in Paragraph 503 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

504. No response is required to the allegations in Paragraph 504 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

505. No response is required to the allegations in Paragraph 505 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

506. No response is required to the allegations in Paragraph 506 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

507. No response is required to the allegations in Paragraph 507 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

508. No response is required to the allegations in Paragraph 508 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

509. No response is required to the allegations in Paragraph 509 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

510. No response is required to the allegations in Paragraph 510 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

511. No response is required to the allegations in Paragraph 511 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

512. No response is required to the allegations in Paragraph 512 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

513. No response is required to the allegations in Paragraph 513 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

514. No response is required to the allegations in Paragraph 514 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

515. No response is required to the allegations in Paragraph 515 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

516. No response is required to the allegations in Paragraph 516 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

517. No response is required to the allegations in Paragraph 517 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count III in the Amended Complaint.

518. No response is required to the allegations in Paragraph 518 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count IV in the Amended Complaint.

519. No response is required to the allegations in Paragraph 519 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count IV in the Amended Complaint.

520. No response is required to the allegations in Paragraph 520 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count IV in the Amended Complaint.

521. No response is required to the allegations in Paragraph 521 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count IV in the Amended Complaint.

522. No response is required to the allegations in Paragraph 522 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count IV in the Amended Complaint.

523. No response is required to the allegations in Paragraph 523 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count IV in the Amended Complaint.

524. No response is required to the allegations in Paragraph 524 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count IV in the Amended Complaint.

525. No response is required to the allegations in Paragraph 525 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count V in the Amended Complaint.

526. No response is required to the allegations in Paragraph 526 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count V in the Amended Complaint.

527. No response is required to the allegations in Paragraph 527 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count V in the Amended Complaint.

528. No response is required to the allegations in Paragraph 528 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count V in the Amended Complaint.

529. No response is required to the allegations in Paragraph 529 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count V in the Amended Complaint.

530. No response is required to the allegations in Paragraph 530 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count V in the Amended Complaint.

531. No response is required to the allegations in Paragraph 531 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count V in the Amended Complaint.

532. No response is required to the allegations in Paragraph 532 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count V in the Amended Complaint.

533. No response is required to the allegations in Paragraph 533 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count V in the Amended Complaint.

534. No response is required to the allegations in Paragraph 534 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count VI in the Amended Complaint.

535. No response is required to the allegations in Paragraph 535 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count VI in the Amended Complaint.

536. No response is required to the allegations in Paragraph 536 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count VI in the Amended Complaint.

537. No response is required to the allegations in Paragraph 537 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count VI in the Amended Complaint.

538. No response is required to the allegations in Paragraph 538 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count VI in the Amended Complaint.

539. No response is required to the allegations in Paragraph 539 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count VI in the Amended Complaint.

540. No response is required to the allegations in Paragraph 540 of the Amended Complaint because in its Order entered September 16, 2025 (ECF 88), the Court dismissed Count VI in the Amended Complaint.

541. With respect to the allegations in Paragraph 541 of the Amended Complaint, incorporate the responses to each and every allegation above as if fully set forth herein.

542. Neither admit nor deny the allegations in Paragraph 542 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

543. Deny the allegations in Paragraph 543 of the Amended Complaint.

544. Deny the allegations in Paragraph 544 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 544 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, neither admit nor deny the allegations in Paragraph 544 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation, and incorporate the responses to each and every allegation above as if fully set forth herein.

545. Deny the allegations in Paragraph 545 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 545 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, neither admit nor deny the allegations in Paragraph 545 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation, and incorporate the responses to each and every allegation above as if fully set forth herein.

546. Deny the allegations in Paragraph 546 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 546 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation, and incorporate the responses to each and every cited allegation as if fully set forth herein.

547. Deny the allegations in Paragraph 547 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 547 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, neither admit nor deny the allegations in Paragraph 547 of the Amended Complaint to the extent no response is

required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation, and incorporate the responses to each and every cited allegation as if fully set forth herein.

548. Deny the allegations in Paragraph 548 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 548 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, and neither admit nor deny the allegations in Paragraph 548 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation.

549. Deny the allegations in Paragraph 549 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 549 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, and neither admit nor deny the allegations in Paragraph 549 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation.

550. Deny the allegations in Paragraph 550 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 550 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, and neither admit nor deny the allegations in Paragraph 550 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation.

551. Deny the allegations in Paragraph 551 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 551 of the Amended Complaint to the extent the

allegations purport to state conclusions of law to which no response is required, and neither admit nor deny the allegations in Paragraph 551 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation.

552. Deny the allegations in Paragraph 552 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 552 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, and neither admit nor deny the allegations in Paragraph 552 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation.

553. With respect to the allegations in Paragraph 553 of the Amended Complaint, incorporate the responses to each and every allegation above as if fully set forth herein.

554. Neither admit nor deny the allegations in Paragraph 554 of the Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

555. Deny the allegations in Paragraph 555 of the Amended Complaint.

556. Deny the allegations in Paragraph 556 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 556 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, neither admit nor deny the allegations in Paragraph 556 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation, and incorporate the responses to each and every cited allegation as if fully set forth herein.

557. Deny the allegations in Paragraph 557 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 557 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, neither admit nor deny the allegations in Paragraph 557 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation, and incorporate the responses to each and every cited allegation as if fully set forth herein.

558. Deny the allegations in Paragraph 558 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 558 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation, and incorporate the responses to each and every cited allegation as if fully set forth herein.

559. Deny the allegations in Paragraph 559 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 559 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, neither admit nor deny the allegations in Paragraph 559 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation, and incorporate the responses to each and every cited allegation as if fully set forth herein.

560. Deny the allegations in Paragraph 560 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 560 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, and neither admit nor deny the allegations in Paragraph 560 of the Amended Complaint to the extent no response is

88

required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation.

561. Deny the allegations in Paragraph 561 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 561 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, and neither admit nor deny the allegations in Paragraph 561 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation.

562. Deny the allegations in Paragraph 562 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 562 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, and neither admit nor deny the allegations in Paragraph 562 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation.

563. Deny the allegations in Paragraph 563 of the Amended Complaint, except neither admit nor deny the allegations in Paragraph 563 of the Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required, and neither admit nor deny the allegations in Paragraph 563 of the Amended Complaint to the extent no response is required because the Court's September 16, 2025 Order (ECF 88) dismissed this Count to the extent it does not arise out of the Chair Investigation.

## **<u>PRAYER FOR RELIEF</u>**

Defendants admit that Plaintiff seeks the relief stated in the Prayer for Relief but deny that he is entitled to any such relief.

## JURY DEMAND

Defendants admit that Plaintiff demands a trial by jury of all issues presented herein that are triable by a jury.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendants raise the following affirmative and additional defenses, without assuming the burden of proof for any issues to which applicable law places the burden on Plaintiff. Nothing stated herein is intended to be construed as an acknowledgement that any particular issues or subject matter is relevant to Plaintiff's allegations. All defenses are pleaded in the alternative, and none constitutes an admission of liability or that Plaintiff is entitled to relief on his claims.

## FIRST DEFENSE

The Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendants did not discriminate against Plaintiff based on his sex, gender, and/or gender identity.

## THIRD DEFENSE

Defendants' actions were justified by legitimate, non-discriminatory reasons and Plaintiff cannot establish a causal connection between his gender and any alleged adverse actions.

## FOURTH DEFENSE

The initiation of the Chair Investigation, its findings, and Defendants' actions taken in response, if any, were not in any way the result of an erroneous outcome.

**FIFTH DEFENSE**

The initiation of the Chair Investigation, its findings, and Defendants' actions taken in response were not in any way the result of disparate treatment or disparate discipline.

**SIXTH DEFENSE**

Defendants had appropriate, gender-neutral policies and procedures that complied with applicable law in place at all relevant times for the prevention, reporting, adjudication, and remedying of claims of discrimination and acted in accordance with and enforced such policies and procedures in a gender-neutral manner.

**SEVENTH DEFENSE**

Defendants are not subject to liability under Title IX because their policies and procedures in place for reporting and redressing sexual misconduct, at all relevant times, have been gender-neutral and fully compliant with Title IX.

**EIGHTH DEFENSE**

Defendants had reasonable grounds to believe their actions with respect to Plaintiff were not in violation of any law, rule, regulation, or guidelines as they existed at all times relevant to the allegations in the Amended Complaint.

**NINTH DEFENSE**

The sole proximate cause of any injury Plaintiff may have experienced is due to his own actions or inactions.

**TENTH DEFENSE**

To the extent Plaintiff suffered any injury as a result of discipline imposed by Defendants related to the two Title IX investigations and retaliation proceedings, those claims were dismissed

91

in the Court's September 16, 2025 Order (ECF 88), *i.e.*, that injury was not the result of the Chair Investigation or any claims remaining in the Amended Complaint.

## ELEVENTH DEFENSE

To the extent Plaintiff suffered any injury as a result of the Chair Investigation, that injury was not and could not in any way be caused by Defendants or compelled in any way by any action or inaction of Defendants.

## TWELFTH DEFENSE

The alleged damages, if any, were the result of causes other than the acts or omissions of Defendants, including the intervening or superseding acts of third parties beyond the control of Defendants.

## THIRTEENTH DEFENSE

If Plaintiff suffered damages from Defendants' alleged conduct, then said damages were caused by Plaintiff's failure to take reasonable efforts to mitigate or avoid his damages and, therefore, Plaintiff is not entitled to recovery from Defendants.

## FOURTEENTH DEFENSE

Plaintiff is not entitled to recover attorneys' fees or other costs or disbursements.

## FIFTEENTH DEFENSE

Plaintiff has failed to comply with the terms, conditions, policies, and procedures established by Defendants.

## SIXTEENTH DEFENSE

Plaintiff's alleged damages are speculative and/or based on conjecture.

92

## SEVENTEENTH DEFENSE

Defendants acted in good faith, at all times, in their dealings with Plaintiff and did not engage in willful, wanton, malicious, or reckless conduct so as to justify an award of punitive damages. Moreover, punitive damages are not available for claims under Title IX.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands and/or *in pari delicto*.

## NINETEENTH DEFENSE

A substantial portion, if not all, of the damages Plaintiff alleges are not available for claims under Title IX, including for the reasons stated in the U.S. Supreme Court's decision in *Cummings v. Premier Rehab Keller, PLLC*, 142 S. Ct. 1562 (2022), and case law interpreting *Cummings*.

## TWENTIETH DEFENSE

In the event that the liability of Defendants is established pursuant to the New York City Human Rights Law ("NYCHRL") based on the conduct of an employee, agent, or independent contractor, Defendants reserve their rights under the Administrative Code of the City of New York § 8-107(13) to demonstrate all relevant factors to be considered in determination of liability and in mitigation of any damages, including but not limited to the Defendants' implementation and compliance with policies, programs, and procedures for the prevention and detection of unlawful discriminatory practices by employees, agents, and persons employed as independent contractors.

## TWENTY-FIRST DEFENSE

Plaintiff's claims are barred to the extent that he failed to satisfy the procedural conditions precedent to asserting such claims, including the requirements pursuant to § 8-502 of the New York City Administrative Code.

\* \* \*

Defendants expressly reserve the right to amend and/or supplement this Answer and Affirmative and Other Defenses. Defendants assert all defenses (affirmative or otherwise) that may be revealed during the course of discovery or other investigation.

Dated: April 17, 2026                      Respectfully submitted,
       New York, New York

Gabrielle E. Tenzer
Anna Collins Peterson
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
gtenzer@heckerfink.com
apeterson@heckerfink.com

Roberta A. Kaplan
Christopher K. Connolly
KAPLAN MARTIN LLP
1133 Avenue of the Americas
Suite 1500
New York, NY 10036
Tel: (212) 316-9500
rkaplan@kaplanmartin.com
cconnolly@kaplanmartin.com

*Counsel for Defendants Montefiore Medicine Academic Health System, Inc. and Albert Einstein College of Medicine*

94