

1133 Avenue of the Americas
Suite 1500
New York, New York 10036

(212) 316-9500
rkaplan@kaplanmartin.com

June 15, 2026

**BY ECF**

The Honorable Robyn F. Tarnofsky
United States District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

> Re:    *Khodakhah v. Montefiore Medicine Academic Health System, Inc.,
> et al.*, No. 1:24-cv-00839-LAK-RFT

Dear Judge Tarnofsky:

Defendants Montefiore Medicine Academic Health System, Inc., and Albert Einstein College of Medicine (collectively, "Einstein") write in response to Plaintiff's letter dated June 12, 2026 seeking a three-week extension of the "expert disclosure and deposition deadlines in this matter." ECF 135 at 1. Defendants oppose Plaintiff's request and respectfully suggest that a conference with the Court to discuss scheduling would be helpful given the problems raised by Plaintiff's request.[1]

More specifically, Plaintiff's expert report and disclosures in this case are currently due today, June 15, 2026. By seeking a three-week extension (or until July 6), Plaintiff effectively is also seeking to extend all of the other deadlines ordered by the Court (ECF 125 & 128), including deadlines that Your Honor noted "Judge Kaplan has no intention of extending." Apr. 1, 2026 Tr. 12:14-15. To give just one example, Plaintiff's proposed extension would leave Defendants only two days to meet the current September 3 deadline for dispositive and Daubert motions. ECF 128 at 2.

Moreover, at the April 1, 2026 conference, Your Honor explained that "Judge Kaplan is not going to let this case slide any further in terms of timing" and that the Court "believe[s] this case can and should settle." Apr. 1, 2026 Tr. at 14:9-11, 12:19. Plaintiff indicated two weeks ago that he "anticipates commencing depositions in this matter in mid-June," ECF 134 at 1; *see also* ECF 133 at 1 ("Plaintiff further anticipates commencing depositions in this matter in mid-May."), but we have not received a single deposition notice. All the while, Plaintiff has "maintain[ed] that further discovery is needed before engaging in any fruitful discussions regarding resolution." ECF

---

[1] By contrast, Einstein consented to an extension of Plaintiff's deadline to respond to Defendants' interrogatories and requests for admission, including a further one-week extension, because those extensions do not negatively impact the remaining case schedule.

133 at 1; ECF 134 at 2; *see also* ECF 131. In other words, Plaintiff obviously did not heed Your Honor's prior warnings that you "expect[ed that] the bulk of fact discovery will be done by June 15," or that you were "strongly encouraging" mediation. Apr. 1, 2026 Tr. at 16:19-20, 13:3-4; *see also* ECF 104 at 4 ("All fact discovery must be completed by May 29, 2026.").

But there is more.  Plaintiff has now confirmed (as expected) that his only proposed expert is a psychologist who will testify about Plaintiff's emotional suffering allegedly ***as a result*** of the fact that Einstein did not apply its Title IX procedures to the investigation that removed him as Chair of the Neuroscience Department (the "Chair Investigation").  Once we receive Plaintiff's expert report, we will need to depose Plaintiff's psychological expert, and to retain our own rebuttal expert who presumably will want to examine Plaintiff again in order to prepare and submit their own rebuttal report.  All of this, of course, will somehow need to occur in the middle of what Your Honor aptly described as "everything else that needs to happen before the beginning of September and the summer vacations," Apr. 1, 2026 Tr. at 12:12-14.

In our view, Plaintiff is not entitled to seek damages for emotional distress in this case. First, the law does not permit a plaintiff to recover such damages under Title IX.  *See Cummings v. Premier Rehab Keller, P.L.L.C.*, 596 U.S. 212, 217-20 (2022); *see also Harriram v. City Univ. of New York*, 2026 WL 801900, at *10 (S.D.N.Y. Mar. 23, 2026) (collecting cases).  Second and more fundamentally, seeking emotional distress damages here necessarily presumes that had the Chair Investigation been conducted using Einstein's Title IX rules, then the result would have been different and Plaintiff would have remained on as Chair—an assumption that is merely a hypothetical and is not justified by common sense or the facts.[2]  While we recognize that the Court previously decided to permit expert discovery to proceed before motion practice on these issues, s*ee* Apr. 1, 2026 Tr. at 9:13-18, we would respectfully suggest that if the Court were inclined to grant Plaintiff's request for a three-week extension for expert discovery (which would necessitate further adjustments to the rest of the schedule), then it would be far more efficient (and less costly) to address these gating issues now before expert discovery begins.[3]

Respectfully submitted,

Roberta A. Kaplan

---

[2] In the unlikely event that Plaintiff is able to defeat our anticipated motion for summary judgment and then prevail at trial, all that Plaintiff should be entitled to receive by way of remedy is a "do-over," namely, a repeat of the Chair Investigation in accordance with Einstein's Title IX rules.  *See Doe v. N.Y. Univ.*, 438 F. Supp. 3d 172, 185 (S.D.N.Y. 2020) (holding that any deficiencies in an initial sexual-misconduct investigation and hearing were "cured" by a second, de novo hearing before a neutral arbitrator, after which the plaintiff was cleared of wrongdoing and no sanctions were imposed); *cf. Roe v. St. John's Univ.*, 91 F.4th 643, 661 (2d Cir. 2024) (emphasizing that university disciplinary complaints are decided by "school officials in a school setting," not Article III judges, and affirming dismissal even accepting that the proceedings were "not flawless").

[3] Deciding these issues now may have the added benefit of facilitating settlement discussions, since Plaintiff presumably is counting on a large monetary recovery for emotional distress (that we do not believe is available to him) at the end of this case.

2

cc: Counsel of record (by ECF)