

**NESENOFF & MILTENBERG**

New York | Boston

ATTORNEYS AT LAW

**nmlllplaw.com**

Ira S. Nesenoff
Andrew T. Miltenberg
Stuart Bernstein
_____
Tara J. Davis
Gabrielle M. Vinci
Kara L. Gorycki

Barbara H. Trapasso
Kristen E. Mohr
Helen J. Setton
Rodman W. Streicher
Kirsten E. Roy
Nataniel E. Arabov

Adrienne D. Levy
Regina M. Federico
Kimberly S. Courtney
*Senior Litigation Counsel*

Marybeth Sydor
*Title IX Consultant*

June 12, 2026

**VIA ELECTRONIC FILING**
Hon. Magistrate Judge Robyn F. Tarnofsky
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 9B
New York, New York 10007

Re:    ***Khodakhah v. Montefiore Health System, Inc. et. al.***
       **Civil Action No.: 1:24-cv-00839**

Your Honor:

The undersigned is counsel to Plaintiff Dr. Kamran Khodakhah ("Plaintiff") in the above-referenced matter. We write to respectfully request an extension of the expert disclosure and deposition deadlines in this matter. The undersigned has conferred with counsel for Defendants who object to this request. Defendants' position is further outlined below. This is Plaintiff's first request to extend the expert discovery deadlines.

Pursuant to Hon. Lewis A. Kaplan's March 4, 2026 Memorandum and Order (ECF 125), all discovery in this matter must be completed on or before September 1, 2026. Thereafter, Your Honor, rejecting Defendants' repeated objections to the allowance of expert discovery at all, set the following expert discovery schedule:

- Initial expert disclosures due by June 15, 2026
- Rebuttal expert disclosures due by July 15, 2026
- All expert depositions completed by August 15, 2026.

(ECF 128).

Since the April 1, 2026 status conference, Plaintiff's counsel has engaged an expert psychologist in support of Plaintiff's claim for emotional distress. On June 10, 2026, Plaintiff's retained expert advised that he required additional time to complete necessary interviews, additional testing of Plaintiff, and finalize his report. The expert estimated an additional two weeks would be sufficient. Accordingly, the undersigned requested Defendants' position on a three-week extension of the expert discovery schedule to permit the expert sufficient time to complete his duties and serve

Plaintiff had ample notice of the deadlines and could have retained an expert in time to allow completion of the report by June 15, and the failure to request an extension sooner fails to comply with my individual practices. Nevertheless, as a courtesy, the deadlines for expert discovery are extended as follows: Initial reports due **June 29, 2026**; rebuttal reports due by **July 29, 2026**; and expert depositions completed by **August 15, 2026**. All other deadlines remain in place.

The Clerk of Court is respectfully requested to terminate ECF 135.

Dated:  June 15, 2026   SO ORDERED
        New York, NY

ROBYN F. TARNOFSKY
UNITED STATES MAGISTRATE JUDGE



the necessary report. Initially, Defendants' counsel, Roberta Kaplan, advised that Defendants' position was the requested extension was "way outside the schedule ordered by the Court" and would impact other deadlines in the case. The undersigned thereafter provided, at Attorney Kaplan's request, additional information related to Plaintiff's retained expert and the basis for the requested extension.

In response to the additional information, Defendants' counsel Chris Connolly advised as follows:

> [W]e do not consent to any extension of the expert discovery deadlines. We understand that Judge Tarnofsky previously permitted your submission of an expert report. But there is no basis for awarding emotional distress damages based on Einstein's determination that the Title IX rules did not apply to the Chair Investigation – particularly because there is no evidence that the outcome of the Chair Investigation would have been different had those rules been applied. In our view, your anticipated report will waste both judicial and party resources; indeed, it would require us not only to retain an expert of our own but also to schedule an examination of Dr. Khodakhah. Finally, as a practical matter, a three-week extension of the expert deadlines would interfere with both Judge Kaplan's September 1 discovery deadline and the briefing schedule set by Judge Tarnofsky at the last conference.

The undersigned maintains that Defendants' arguments are insufficient and merely another attempt to prohibit Plaintiff from exploring and supporting the damages he claims, and would be entitled to should he prevail, in this action. Notably, Defendants' position as described by Attorney Connolly regarding Plaintiff's damages and objection to expert discovery has been reviewed and rejected by the Court ad nauseum. Defendants' have asserted this same position multiple times in written submissions and during various court conferences. *See* ECF 102-104, and 118). At the April 1 telephonic conference, Attorney Kaplan re-iterated this same position in objection to Plaintiff's counsel's position that expert discovery should be permitted. In response, Your Honor advised that while Defendants' may or may not be correct, it was better left as an issue for summary judgment or other pre-trial motion, and ordered that expert discovery could proceed. Thus, Defendants' objection to the request is merely a recitation of an argument the Court has already carefully considered and found insufficient to disallow expert discovery. Moreover, the mention of the cost to Defendants of "having" to retain a rebuttal expert and schedule an examination of Plaintiff is unavailing. First, if Defendants truly did not believe that these damages are available and thus expert discovery is moot, they could easily stand firm and *not* respond at all to Plaintiff's expert. Moreover, Defendants' argument that Plaintiff should not be allowed to support his claims for damages because it would cost Defendant money to defend against those claim is wildly prejudicial and lacking in any reasonable basis or support. Thus, this argument should be rejected.



**NESENOFF &
MILTENBERG**

New York | Boston

**Khodakhah v. Montefiore Health System, Inc. | 24-CV-839 (LAK) (RFT)**
**June 12, 2026**
**Page 3**

Defendants' objection to the requested extension due to interference with the Court's September 1 discovery deadline and following motion deadlines is similarly unpersuasive. If the requested extension is granted, the expert discovery deadlines would adjust as follows:

- Initial expert disclosures due by July 6, 2026
- Rebuttal expert disclosures due by August 5, 2026
- All expert depositions completed by September 9, 2026. However, Plaintiff recognizes Hon Judge Kaplan's scheduling order and requests that the deadline to complete expert depositions be placed at September 1, 2026.

The above proposed schedule permits expert discovery to proceed and conclude by the case's current deadline to complete fact discovery and thus, does nothing to disturb Hon Judge Kaplan's scheduling order. To the extent Defendants' reference the briefing schedule for dispositive and Daubert motions (ECF 128 at par. 4), the above propose schedule still permits Defendants nearly two months to review Plaintiff's expert repot and depose Plaintiff's expert, which is reasonably the discovery Defendants will need to challenge on any *Daubert* motion. Defendants offer no basis why this is an insufficient time to prepare any necessary post-discovery motion.

Based on the foregoing, Plaintiff respectfully maintains that a conference with the Court is unnecessary. Plaintiff respectfully requests that an extension of the standing expert discovery deadlines be granted and the following revised schedule be entered:

- Initial expert disclosures due by July 6, 2026
- Rebuttal expert disclosures due by August 5, 2026
- All expert depositions completed by September 1, 2026.

Counsel remain available should Your Honor have any questions or concerns. Thank you.

**Very truly yours,**

**NESENOFF & MILTENBERG, LLP**

**By:** s/ *Gabrielle Vinci*

**Andrew T. Miltenberg, Esq.**
**Stuart Bernstein, Esq.**
**Gabrielle M. Vinci, Esq.**

363 Seventh Avenue | 5th Floor | New York, NY | 10001 | T: 212.736.4500

101 Federal Street | 19th Floor | Boston, MA | 02110 | T: 617.209.2188