Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

apeterson@heckerfink.com

September 25, 2026

**VIA ECF**

The Honorable Robyn F. Tarnofsky
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re:* *Khodakhah v. Montefiore Medicine Academic Health System, Inc., et al.*, No. 24 Civ. 839 (LAK) (RFT)

Dear Judge Tarnofsky:

We write on behalf of Defendants Montefiore Medicine Academic Health System, Inc., and Albert Einstein College of Medicine (collectively, "Einstein") to respectfully request leave to redact select information in the exhibits to the Declaration of Gabrielle E. Tenzer in Support of Defendants' Motion for Summary Judgment and references to that information in the Declaration, the associated Memorandum of Law, and the Rule 56.1 Statement of Undisputed Material Facts (collectively, "Summary Judgment Materials"), including specifically: (1) students' names and other identifying information, including potentially identifying student comments; (2) notices of Title IX investigations, which include complainant names and allegations; (3) information concerning non-parties' health; and (4) salaries of Einstein employees. Einstein also respectfully requests leave to file under seal Exhibit F and to redact references to Exhibit F in its Summary Judgment Materials. In accordance with Rule III.E of Your Honor's Individual Practices in Civil Cases, we are publicly filing the Summary Judgment Materials and exhibits with the proposed redactions and filing under seal unredacted versions with the proposed redactions highlighted. Plaintiff consents to these requests.

Keeping the requested document and information under seal is consistent with the principles articulated in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016). Where judicial documents are at issue, the Court considers the "weight" of the presumption of public access and balances "competing considerations" against that presumption, including "privacy interests of those resisting disclosure." *In re Tecnologias Relacionadas Con Energia Y Servicios Especializados, S.A. De C.V.*, No. 25 Misc. 435, 2026 WL 1506335, at *1 (S.D.N.Y. May 29, 2026) (Tarnofsky, J.) (quoting *Lugosch*, 435 F.3d at 119-20). Sealing judicial documents is justified by "specific, on-the-record findings that sealing is necessary to preserve higher values." *Lively v. Wayfarer Studios LLC*, No. 24 Civ. 10049, 2025 WL 2841212, at *2 (S.D.N.Y. Oct. 6, 2025). One such "higher value[]" is "protecting significant and substantial privacy interests," particularly of non-parties. *Id.*; *see Adomni, Inc. v. Cleartrust Media, LLC*, No. 23 Civ. 10338, 2026 WL 2532233, at *1 (S.D.N.Y. Aug. 26, 2026) ("[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation."); *Desarrolladora La Ribera, S.*

*de R.L. de C.V. v. Anderson*, No. 24 Civ. 67, 2024 WL 2049413, at *3 (S.D.N.Y. May 6, 2024) (allowing redaction of name of non-party who "did not ask to be involved in this lawsuit").

***Student Names & Identifying Information.*** Einstein seeks leave to redact on the public docket and file under seal identifying information of students included in its Summary Judgment Materials. The names of non-party students are tangential to the issues before the Court, and the students' privacy interests "weigh heavily" against public disclosure. *Adomni*, 2026 WL 2532233, at *1; *see Olson v. Major League Baseball*, 29 F.4th 59, 92-93 (2d Cir. 2022) (affirming redaction where the identities were not critical to the public's understanding of the document, the parties' claims, or the district court's ruling); *Zayas v. Aviles-Ramos*, No. 25 Civ. 7561, 2026 WL 263396, at *1 n.1 (S.D.N.Y. Jan. 30, 2026) (granting motion to file under seal and holding that the "public interest in the students' educational records is low, and the students' privacy interest is high"). Other identifying information that Einstein proposes to redact includes comments from students related to a survey and corresponding information in Einstein's Summary Judgment Materials about students' specific complaints. While these comments do not in all instances include students' names, many comments describe specific incidents or concerns that could be used to determine the students' identities. *See Byrne v. Yale Univ., Inc.*, No. 17 Civ. 1104, 2020 WL 1820761, at *3 (D. Conn. Apr. 10, 2020) (sealing information in summary judgment exhibits concerning investigation; although exhibits did not include student names, "the Court is concerned that a savvy reader could deduce their identities, given the specificity of the statements and the small circle of knowledgeable persons").[1] These comments should therefore remain under seal.

***Medical Information***. Einstein also seeks to redact limited references in one deposition transcript and in exhibits concerning, respectively, a deponent's and another non-party's sensitive medical information. This information is not relevant to the legal issues on summary judgment, and "[a] non-party's privacy interest in their medical information outweighs the right of public access to documents." *McConkey v. Churchill Sch. & Ctr.*, No. 24 Civ. 6091, 2026 WL 1002371, at *2 (S.D.N.Y. Apr. 14, 2026); *see Gardner v. Amazon.com LLC*, 2026 WL 1815528, at *1 (S.D.N.Y. June 24, 2026) (Tarnofsky, J.) (recognizing that "[c]ourts in this circuit regularly allow medical records to be filed under seal").

***Salary Information***. Einstein also seeks to redact limited references to specific salaries of a small number of Einstein employees. Courts routinely permit the redaction of such information. *See Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (compensation of current and former employees was "sensitive personal information" that could be redacted).

***Title IX Notices.*** Einstein also seeks to redact the Title IX notices of investigation included in Exhibit NN. This information, including the names of the complainants and the description of the allegations, is highly sensitive and tangential to the remaining claims. *See, e.g.*, *Mullinix v. Mount Sinai Sch. of Med.*, 12 Civ. 8659, 2014 WL 3687217, at *20-21 (S.D.N.Y. July 24, 2014) (permitting sealing of non-party information where the information was not central to the court's ruling). Plaintiff's claims related to the Title IX investigations have been dismissed, *see* ECF 79 at 35, 37-38; ECF 88 at 27, and the privacy interests of the third-party complainants overcome the

[1] To the extent complaints can be traced to specific students, the public filing of those complaints may implicate privacy interests protected by the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. pt. 99.

presumption of public disclosure. *See Doe v. Trustees of Columbia Univ. in City of N.Y.*, 25 Civ. 1108, 2025 WL 2476304, at *5-6 (S.D.N.Y. Aug. 28, 2025) (third party's participation in Title IX proceedings is "highly sensitive and personal" and references to participation can remain sealed); *Byrne*, 2020 WL 1820761, at *2-3.

***Investigative Summary.*** Finally, Exhibit F to the Tenzer Declaration is a confidential summary of an external investigation into Plaintiff's conduct while he was Chair of Einstein's Neuroscience Department (the "Investigative Summary"). The Investigative Summary, which has been maintained as confidential by Einstein, consists of descriptions of witness interviews with individuals (including faculty, students, and staff) about their interactions with Plaintiff. Witnesses participated with the understanding that their statements would remain confidential. The descriptions of incidents and specific statements relayed in the summary, while anonymized, contain enough information for those familiar with the Department to identify witnesses. *See Byrne*, 2020 WL 1820761, at *3. Because the Investigative Summary consists almost entirely of these interview summaries, maintaining it under seal is necessary to protect the privacy interests of these innocent third parties who participated in the investigation but did not choose to be involved in this lawsuit. *See Lively*, 2025 WL 2841212, at *2; *Desarrolladora*, 2024 WL 2049413, at *3.

Einstein also has a "significant and weighty interest" in maintaining the Investigative Summary under seal to "ensur[e] that its employees [and students] do not fear reprisal or retaliation . . . as a result of their participation in internal investigations." *Kleftogiannis v. Inline Plastics Corp.*, 411 F. Supp. 3d 216, 233 (D. Conn. 2019). Courts regularly recognize that the need to protect the integrity of an investigation, as well as the need to protect the participants in that investigation from potential retaliation, can overcome the presumption of public access. *See United States v. Amodeo*, 71 F.3d 1044, 1052-53 (2d Cir. 1995) (permitting continued sealing of portions of investigative report); *Virgil v. Finn*, No. 22 Civ. 3169, 2025 WL 694450, at *7 (S.D.N.Y. Mar. 3, 2025) (allowing sealing of summary judgment exhibit discussing investigations "to protect the privacy of third parties . . . and to protect the investigations"). Einstein has also proposed narrow redactions where the other Summary Judgment Materials quote the Investigative Summary. These redactions are narrowly tailored to avoid affecting the public's ability to understand the issues. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (granting motion to seal where "[a] member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication").

* * *

Accordingly, Einstein respectfully requests that it be permitted to seal the Investigative Summary; redact quotations from the Investigative Summary; and redact medical information, salary information, student names and identifying information, and the Title IX notices from Einstein's Summary Judgment Materials.

Respectfully submitted,

Anna Collins Peterson

Anna Collins Peterson