**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KAMRAN KHODAKHAH,

*Plaintiff*,

v.

MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC., and ALBERT EINSTEIN COLLEGE OF MEDICINE,

*Defendants*.

No. 24 Civ. 839 (LAK) (RFT)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF SHIREEN L. RIZVI, PH.D.**

Roberta A. Kaplan
Christopher R. Le Coney
Tasha N. Thompson
KAPLAN MARTIN LLP
1133 Avenue of the Americas,
New York, NY 10036
Tel: (212) 316-9500
rkaplan@kaplanmartin.com
cleconey@kaplanmartin.com
tthompson@kaplanmartin.com

*Counsel for Defendants Montefiore Medicine Academic Health System, Inc. and Albert Einstein College of Medicine*

October 1, 2026

## PRELIMINARY STATEMENT

Plaintiff Kamran Khodakhah intends to call his treating psychologist, Shireen L. Rizvi, at trial. Joint Pretrial Order at 9. Defendants Albert Einstein College of Medicine ("Einstein") and Montefiore Medicine Academic Health System, Inc. ("Montefiore") move to exclude her testimony for three independent reasons.

*First*, her testimony is irrelevant to the claims that remain for trial. The only claims left in this case concern "the decision not to conduct the chair investigation pursuant to a Title IX policy" in the summer of 2022. ECF 88 at 9. Dr. Rizvi did not begin treating Plaintiff until May 2025, nearly three years later. More fundamentally, any emotional distress arising from Plaintiff's removal as Chair is not attributable to the surviving claims: Plaintiff cannot establish that the outcome would have been different had the Chair Investigation proceeded under different procedures, or disentangle any harm from his removal from the separate Title IX investigation and resulting consequences that immediately followed.

*Second*, Dr. Rizvi has no personal knowledge of the events at Einstein. Anything she knows about the Chair Investigation, Plaintiff's removal, or the subsequent Title IX proceedings comes from Plaintiff himself, and his statements to her are hearsay that do not fall within any applicable exception.

*Third*, any testimony beyond recounting Plaintiff's statements—such as opinions concerning his diagnosis, prognosis, symptoms, or the cause of his condition—would constitute expert testimony under Rule 702. Plaintiff never disclosed Dr. Rizvi as an expert under Rule 26(a)(2)(C), and expert discovery closed on August 15, 2026. Rule 37(c)(1) therefore precludes him from offering her expert testimony at trial.

## BACKGROUND

### A. Dr. Rizvi and Her Treatment of Plaintiff

Shireen L. Rizvi is a psychologist in the Psychiatry Private Practice at Montefiore. Plaintiff's first session with her was a "New Patient" video visit on May 7, 2025—nearly three years after Dean Gordon Tomaselli removed Plaintiff as Chair on July 11, 2022, ECF 175 ¶¶ 58–60, and more than a year after he filed this action. ECF 176-7 at MONTE_0000173. Her intake note records [redacted]

[redacted]

[redacted]

[redacted]

## B. Plaintiff's Expert Disclosure

Magistrate Judge Tarnofsky permitted expert discovery, ECF 129 at 9:2–25, and set deadlines of June 15, 2026 for initial expert disclosures, July 15 for rebuttals, and August 15 for the completion of expert depositions. ECF 128. At Plaintiff's request, she extended the disclosure deadlines to June 29 and July 29, while leaving the August 15 deposition deadline and "[a]ll other deadlines" unchanged. ECF 137.

On June 29, 2026, Plaintiff served "Plaintiff's Expert Disclosure," which, "[p]ursuant to Rule 26(a)(2)(A)," identified a single expert—Marc Janoson, Ph.D. Ex. A.[2] The disclosure attached Dr. Janoson's report and curriculum vitae and "reserve[d] the right to amend and/or supplement," *id.* at 2, but Plaintiff never did so. At no point did Plaintiff identify Dr. Rizvi as a witness who would offer testimony under Rule 702 or serve the disclosure required by Rule 26(a)(2)(C). Expert discovery closed on August 15, 2026, and all discovery closed on September 1, 2026. ECF 125; ECF 137.

## ARGUMENT

## I. DR. RIZVI'S TESTIMONY IS IRRELEVANT TO THE CLAIMS THAT REMAIN FOR TRIAL.

Dr. Rizvi's testimony should be excluded at the threshold because it does not bear on any issue the jury must decide. The only claims remaining for trial concern Einstein's "decision not to conduct the chair investigation pursuant to a Title IX policy." ECF 88 at 9. Dr. Rizvi did not begin

---

[1] Dr. Rizvi never spoke with Dr. Janoson. Moreover, Dr. Janoson [redacted]. ECF 176-1 at 102:22–104:10.

[2] References to "Ex." refer to exhibits attached to the Thompson Declaration, filed herewith.

treating Plaintiff until May 2025, nearly three years after the Chair Investigation and Plaintiff's removal as Chair, and her records contain no opinion that the procedures used in that investigation caused Plaintiff any injury.

Dr. Rizvi's records only underscore the problem. Her treatment addressed [redacted]. *See* ECF 176-7 at MONTE_0000007, 0000019, 0000072, 0000109. Permitting Dr. Rizvi to testify about Plaintiff's resulting emotional condition would thus invite the jury to award damages based on consequences that cannot be tied to the surviving claim and, worse, risk drawing the jury into the subsequent Title IX proceedings and other events underlying claims that have already been dismissed. Her testimony is therefore irrelevant under Rules 401 and 402 and, in any event, should be excluded under Rule 403 because whatever minimal probative value it might have is substantially outweighed by the dangers of confusing the issues, misleading the jury, and wasting time.[3]

## II. EVIDENCE OF PLAINTIFF'S STATEMENTS TO DR. RIZVI WOULD BE INADMISSIBLE HEARSAY AND CUMULATIVE.

Dr. Rizvi lacks personal knowledge of the Chair Investigation, the Title IX policy, or anything else relating to the factual events underlying Plaintiff's surviving claims. Anything she knows about those matters comes from Plaintiff himself. To the extent Plaintiff seeks to offer his statements to Dr. Rizvi to prove what occurred at Einstein or what caused his alleged distress, those statements are hearsay. Fed. R. Evid. 801(c), 802.

---

[3] In addition to the reasons set forth herein, Dr. Rizvi's testimony should be excluded as irrelevant and unfairly prejudicial under Rules 401 and 403, as set forth in the motion in limine to exclude all evidence tending to support a claim of monetary damages separately filed today.

The only potentially applicable exception is Rule 803(4), which permits statements "made for—and . . . reasonably pertinent to—medical diagnosis or treatment" that describe "medical history; past or present symptoms or sensations; their inception; or their general cause." Fed. R. Evid. 803(4). But that exception does not extend to statements assigning fault. As the Advisory Committee explains, "[s]tatements as to fault would not ordinarily qualify": a patient may say that he was struck by an automobile, but not that "the car was driven through a red light." Fed. R. Evid. 803(4) advisory committee's note; *Urena v. ConAgra Foods, Inc.*, 2020 WL 3051558, at *14 n.14 (E.D.N.Y. June 8, 2020) (explaining that "statements that go beyond causation and assign fault for a medical condition" fall outside the exception).

Plaintiff's account of the Chair Investigation—that he was wrongly investigated and unjustly removed from his position as Chair—is the red light, not the automobile. And applying the exception to permit a treating physician to testify to a description of symptoms the plaintiff provided is weakest where, as here, the patient began treatment years after the event in question. *Turner v. White*, 443 F. Supp. 2d 288, 298 (E.D.N.Y. 2005) (statement to doctor that was not "even with[in] months of the incident [giving rise to the injury]" and that was not "relied on by the physician in his decision to treat the plaintiff" fell "outside the scope of Rule 803(4)").

Nor should Dr. Rizvi be permitted to take the stand for the sole purpose of reiterating what Plaintiff told her during sessions describing the symptoms he was experiencing. Even if that testimony fell within the hearsay exception, it would be cumulative of Plaintiff's own testimony regarding his own symptoms, and should be precluded pursuant to Rule 403 because any minimal probative value would be substantially outweighed by the risk of "undue delay" and "needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## III. DR. RIZVI WAS NEVER DISCLOSED AS AN EXPERT AND IS THEREFORE PRECLUDED FROM OFFERING ANY EXPERT OPINIONS.

Without the hearsay, the only possible testimony that Dr. Rizvi could offer consists of her opinions of Plaintiff's diagnosis and the causes of his symptoms. Such testimony can be offered only by a qualified expert who is disclosed pursuant to Rule 26. Fed. R. Evid. 701(c). Rule 701 was amended specifically to prevent a party from "proffering an expert in lay witness clothing" and thereby evading "the expert witness disclosure requirements set forth in Fed. R. Civ. P. 26." Fed. R. Evid. 701 advisory committee's note to 2000 amendment.

A treating provider who intends to offer opinions concerning diagnosis, prognosis, or causation is therefore a witness presenting evidence under Rule 702. The witness must be identified under Rule 26(a)(2)(A), and the party must, at a minimum, disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). *See, e.g.*, *Smith v. Fricke*, 635 F. Supp. 3d 152, 162 (N.D.N.Y. 2022) ("Under Federal Rule of Civil Procedure 26(a)(2)(A), a party must disclose to the other parties the identity of any expert witness it may use at trial, including a treating physician who will present an expert opinion."); *Ziegenfus v. John Veriha Trucking*, 2012 WL 1075841, at *5–7 (S.D.N.Y. Mar. 28, 2012) (excluding affidavits of undisclosed treating physicians despite their "importance"); *Gonzalez v. Kenan Advantage Grp., Inc.*, 2024 WL 3445243, at *6 (S.D.N.Y. July 17, 2024) ("Disclosure about a treating physician's testimony must state the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and a summary of the facts and opinions to which the witness is expected to testify.") (internal quotation marks and citation omitted).

Plaintiff never identified Dr. Rizvi as an expert witness. His only expert disclosure identified a single expert, Dr. Janoson. Ex. A. No Rule 26(a)(2)(C) summary for Dr. Rizvi was

ever served. Nor was it enough to identify "his treating physician" as a person with knowledge in an interrogatory response. *Ziegenfus*, 2012 WL 1075841, at *7 (explaining that plaintiff's interrogatory response identifying treating physician did not satisfy Rule 26(a) obligations).

Because Plaintiff failed to disclose Dr. Rizvi as an expert witness, he may not "use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Preclusion is the ordinary consequence of a Rule 26 violation and does not require a showing of bad faith. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006). As the non-disclosing party, it is Plaintiff's burden to establish "both that its non-compliance was substantially justified and that it was harmless." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012) (citations omitted).

Plaintiff cannot meet that burden. Every relevant factor—Plaintiff's potential explanation, the importance of the testimony, the prejudice to the opponent, and the possibility of a continuance, *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)—favors exclusion.

*First*, there is no apparent justification for the omission. Plaintiff has been treated by Dr. Rizvi since May 2025 and [redacted] *See, e.g.*, MONTE_0000072, 0000019, 0000007. Yet when the time came to make his expert disclosures, he affirmatively identified only Dr. Janoson. Ex. A.

*Second*, the proposed testimony is of no importance or relevance to the claims that remain. Dr. Rizvi's treatment records contain no opinion that the Chair Investigation—much less the procedures used to conduct it—caused Plaintiff any injury. And as a treating provider, Dr. Rizvi may testify only to opinions formed in the course of treatment, not new opinions developed for purposes of litigation. *Lamere v. N.Y. State Office for the Aging*, 223 F.R.D. 85, 89 & n.4

(N.D.N.Y. 2004) ("It is indeed certain that a treating physician, who has not complied with the reporting requirement of Rule 26(a)(2)(B), should not be permitted to render opinions outside the course of treatment and beyond the reasonable reading of the medical records.")

*Third*, allowing expert testimony now would prejudice Defendants. Even today, Plaintiff has never disclosed what expert opinions Dr. Rizvi supposedly would offer, and Defendants had no opportunity to depose her as an expert. Indeed, her treatment records were not produced until after expert discovery had already closed. Ex. B.

*Finally*, a continuance is neither practical nor warranted. Expert discovery closed on August 15, 2026, all discovery has since closed, and the Joint Pretrial Order is due today. ECF 128. Plaintiff should not be permitted, at this stage of the case, to cure an expert-disclosure failure by introducing through Dr. Rizvi opinions that were never disclosed or tested in discovery.

Rule 37(c)(1) therefore precludes Dr. Rizvi from offering expert testimony at trial.

**CONCLUSION**

For the foregoing reasons, the Court should exclude the testimony of Dr. Shireen L. Rizvi.

Dated: October 1, 2026
New York, New York

Respectfully submitted,

By: */s/ Roberta A. Kaplan*

Roberta A. Kaplan
Christopher R. Le Coney
Tasha N. Thompson
KAPLAN MARTIN LLP
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 316-9500
rkaplan@kaplanmartin.com
cleconey@kaplanmartin.com
tthompson@kaplanmartin.com

*Counsel for Defendants Montefiore Medicine Academic Health System, Inc. and Albert Einstein College of Medicine*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this memorandum of law complies with the page limitations in the Court's Individual Rules of Practice and Local Civil Rule 7.1. Exclusive of the exempted portions, the memorandum contains 8 pages and 2,348 words. This memorandum has been prepared in proportionally spaced typeface using Microsoft Word in 12-point Times New Roman font.

Dated: October 1, 2026

By: /s/ Roberta A. Kaplan
Roberta A. Kaplan