NESENOFF & MILTENBERG
New York | Boston

ATTORNEYS AT LAW
nmllplaw.com

Ira S. Nesenoff
Andrew T. Miltenberg
Stuart Bernstein

Tara J. Davis
Gabrielle M. Vinci
Kara L. Gorycki

Barbara H. Trapasso
Kristen E. Mohr
Helen J. Setton
Kirsten E. Roy
Brittany E. Bard
Lauren G. Hutchison

Adrienne D. Levy
Regina M. Federico
Kimberly S. Courtney
*Senior Litigation Counsel*

Marybeth Sydor
*Title IX Consultant*

**October 14, 2026**

**VIA ELECTRONIC FILING**
Hon. Magistrate Judge Robyn F. Tarnofsky
United States District Court for the
Southern District of New York
500 Pearl Street, Courtroom 9B
New York, New York 10007

**Re: *Khodakhah v. Montefiore Medicine Academic Health System, Inc., et al.* Civil Action No.: 1:24-cv-00839 (LAK) (RFT)**

Your Honor:

The undersigned is counsel to Plaintiff Dr. Kamran Khodakhah ("Plaintiff") in the above-referenced matter. We write pursuant to Rule III(E) of Your Honor's Individual Practices in Civil Cases and the Protective Order entered in this action (ECF 114) for two purposes. First, Plaintiff submits this letter in support of Defendants' letter motion dated September 25, 2026 (ECF 178), in which Defendants provisionally filed under seal and in redacted form, at Plaintiff's request, certain materials submitted in support of Defendants' Motion to Preclude the Testimony of Dr. Marc Janoson (ECF 172) (the "*Daubert* Motion"). Second, Plaintiff respectfully requests leave to file under seal, or in redacted form, certain exhibits to the Declaration of Andrew T. Miltenberg (the "Miltenberg Decl.") submitted in support of Plaintiff's Memorandum of Law in Opposition to Defendants' *Daubert* Motion (the "Opposition"), and to file the Opposition in redacted form.

Defendants' motion is supported by the Declaration of Tasha N. Thompson dated September 25, 2026 (the "Thompson Decl."). The materials Defendants provisionally sealed (the "Sealed Exhibits") consist of Dr. Janoson's expert report (Thompson Decl. Ex. A), his deposition transcript (Ex. B), his testing data and interview notes produced on August 5, 2026 (Ex. F), and Plaintiff's medical and mental-health treatment records (MONTE_0000001-MONTE_0000184; SUMMIT_000001-SUMMIT_000037; MGB_0000001-MGB_00000516) (Exs. G, H, and I), together with the rebuttal expert reports and declarations of Madelon Baranoski, Ph.D., and Maya Prabhu, M.D., LL.B. (Exs. D, E, K, and L), which quote those materials. ECF 178 at 1–2. Defendants have filed Exhibits A, B, F, G, H, and I under seal in their entirety, and have filed their memorandum of law and Exhibits D, E, K, and L with redactions limited to passages that quote or describe the other Sealed Exhibits. *Id.* Defendants take no position on whether these materials satisfy the governing standard for sealing. *Id.* at 2.

Plaintiff's Opposition necessarily responds with the same categories of information. Plaintiff therefore requests leave to (i) file under seal the Declaration of Plaintiff's treating psychologist, Dr. Shireen L. Rizvi (the "Rizvi Declaration");[1] (ii) file under seal Plaintiff's deposition testimony concerning his medical information, his salary, and identifying, by name or description, student information (the "Testimony");[2] (iii) redact from Plaintiff's Amended Responses and Objections to Defendants' First Set of Interrogatories (the "Interrogatory Responses")[3] those portions disclosing Plaintiff's medical and mental-health information; and (iv) redact from the Opposition those passages that quote or describe the Sealed Exhibits, the Rizvi Declaration, the Emails, or the redacted portions of the Interrogatory Responses. This is the same approach Defendants took with their moving memorandum of law and exhibits. In accordance with Rule III(E), we are publicly filing the Opposition, the Testimony, and the Interrogatory Responses with the proposed redactions, and are filing under seal the Rizvi Declaration in its entirety, together with unredacted copies of the Opposition and the Interrogatory Responses with the proposed redactions highlighted. Plaintiff has also redacted from his public filings the information covered by Federal Rule of Civil Procedure 5.2 and Paragraph 13(d) of the Protective Order. [Defendants consent to these requests.

Each of these materials discloses highly personal information about Plaintiff's health or finances. The Rizvi Declaration is a sworn statement by Plaintiff's treating psychologist, a licensed clinical psychologist in Montefiore's psychiatry faculty practice, describing Plaintiff's course of mental-health treatment, statements Plaintiff made to Dr. Rizvi in therapy, Plaintiff's results on standardized clinical screening instruments administered at intake, and the symptoms Dr. Rizvi has observed over the course of treatment and diagnoses rendered. It describes the same treatment documented in Dr. Rizvi's records, which Defendants have provisionally filed under seal. Thompson Decl. Ex. G. The proposed redactions to the Interrogatory Responses cover Plaintiff's disclosures of his mental-health symptoms, diagnoses, and treatment, including the Response to Interrogatory No. 5. The Transcript consists of Plaintiff's communications concerning his medical condition and treatment, his salary and compensation, and identifying student information. The Rizvi Declaration and the Interrogatory Responses contain material designated Confidential under the Protective Order, as does the Transcript.

Documents filed in support of a motion "are judicial documents to which a presumption of immediate public access attaches under both the common law and the First Amendment." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006). This "presumption of access . . .

[1] Exhibit 3 to the Miltenberg Decl. is a true and correct copy of the Declaration of Dr. Shireen L. Rizvi, PhD, ABPP, dated October 8, 2026.
[2] Exhibit 1 to the Miltenberg Decl. is a true and correct copy of excerpts of the deposition of Kamran Khodakhah.
[3] Exhibit 2 to the Miltenberg Decl. is a true and correct copy of Plaintiff's Amended Responses and Objections to Defendants' First Set of Interrogatories, dated August 24, 2026.

can be overcome only by specific, on-the-record findings that higher values necessitate a narrowly tailored sealing." *Id. See also Lively v. Wayfarer Studios, LLC,* No. 24-cv-10049, 2025 WL 2841212, at *2 (S.D.N.Y. Oct. 6, 2025). The weight of the presumption is governed by "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Against that presumption, courts balance competing considerations, including "the privacy interests of those resisting disclosure." *Lugosch*, 435 F.3d at 120 (quoting *Amodeo*, 71 F.3d at 1050).

Notably, "the presumption of public access in filings submitted in connection with discovery disputes or motions *in limine* is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019). Defendants' motion to preclude the testimony of Plaintiff's expert under Federal Rule of Evidence 702 is a non-dispositive evidentiary motion of that kind, and both parties' submissions on that motion are entitled to only this diminished presumption.

That diminished presumption is outweighed here by Plaintiff's privacy interest in his medical, mental-health, and financial information. Privacy interests "are a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1050–51 (internal quotation marks omitted). In weighing those interests, courts consider "the degree to which the subject matter is traditionally considered private rather than public," and "[f]inancial records . . . , family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id.* at 1051. Records of an individual's mental-health treatment fall squarely within that traditionally private sphere. Courts in this Circuit routinely seal medical records and personal medical information to protect a plaintiff's privacy interests. *See Montero v. New York City Housing Auth.*, 2026 WL 1696988, at *2 (S.D.N.Y. June 11, 2026); *Anthony M. v. Wright*, No. 07 Civ. 6040, 2018 WL 5619832, at *2 (W.D.N.Y. Oct. 30, 2018); *Dunham v. City of New York*, No. 11 Civ. 1223, 2021 WL 918373, at *1, n. 1 (S.D.N.Y. Mar. 10, 2018). The Sealed Exhibits and the Rizvi Declaration are especially sensitive. Plaintiff's treatment records (Thompson Decl. Exs. G, H, and I) and the Rizvi Declaration recount what Plaintiff told his treating clinicians and report his scores on clinical screening instruments. Dr. Janoson's report, testing data, and interview notes (Exs. A and F) contain Plaintiff's responses to standardized psychological instruments and the substance of Dr. Janoson's clinical interviews of Plaintiff. Accordingly, these materials should be filed under seal. *Id*.

Dr. Janoson's interview notes also record his interview of Plaintiff's wife, Kim Khodakhah, a non-party. Thompson Decl. Ex. F. "[T]he privacy interests of innocent third parties . . . should

weigh heavily in a court's balancing equation." *Adomni, Inc. v. Cleartrust Media, LLC*, No. 23 Civ. 10338, 2026 WL 2532233, at *1 (S.D.N.Y. Aug. 26, 2026); *see also Desarrolladora La Ribera, S. de R.L. de C.V. v. Anderson*, No. 24 Civ. 67, 2024 WL 2049413, at *3 (S.D.N.Y. May 6, 2024) (allowing redaction of name of non-party who "did not ask to be involved in this lawsuit"). Mrs. Khodakhah's account of her husband's condition and of their home life is precisely the kind of family matter that warrants protection.

Public disclosure of these details would serve no purpose connected to the resolution of Defendants' motion, which turns on Dr. Janoson's qualifications and methodology. Plaintiff submits the Rizvi Declaration only because Defendants' motion challenges the reliability of Dr. Janoson's findings, which Dr. Rizvi's records corroborate, and Defendants submitted Plaintiff's treatment records to challenge those same findings. The same considerations support the proposed redactions to the Interrogatory Responses and the sealing of the Transcript. The proposed redactions to the Interrogatory Responses are limited to Plaintiff's disclosures of medical and mental-health information, which Plaintiff provided in discovery in response to Defendants' interrogatories; the remainder will be filed publicly. The Transcript contains and concerns Plaintiff's medical information and his individual compensation, which is personal financial information of the kind that weighs against public access, as well as identifying student information.

Plaintiff's requests are narrowly tailored. Plaintiff seeks to file, or seeks to keep filed under seal, in their entirety, only those exhibits that consist of Plaintiff's medical, mental-health, and financial information, and to redact from briefs and remaining exhibits only those passages that quote or describe that information. Consistent with Plaintiff's position when the parties conferred, Plaintiff does not seek to maintain under seal the transcript of Dr. Janoson's August 13, 2026 deposition (Thompson Decl. Ex. B) or the rebuttal reports of Drs. Baranoski and Prabhu (Exs. D and E), except for those passages that quote or describe the other Sealed Exhibits. ECF 178 at 1. The parties' legal arguments, Dr. Janoson's qualifications, and the parties' positions on his methodology will remain on the public docket, so that the public maintains the ability to review and understand the legal issues presented in Defendants' *Daubert* Motion and Plaintiff's Opposition.

For the foregoing reasons, Plaintiff respectfully requests that the Court (1) maintain under seal and in redacted form the Sealed Exhibits and Defendants' memorandum of law, as provisionally filed by Defendants (ECF 178), except as stated above with respect to Thompson Decl. Exhibit B; (2) grant Plaintiff leave to file under seal the Rizvi Declaration (Exhibit 3 to the Miltenberg Decl.) and the Transcript (Exhibit 1 to the Miltenberg Decl.); and (3) grant Plaintiff leave to redact Plaintiff's medical and mental-health disclosures from the Interrogatory Responses (Exhibit 2 to the Miltenberg Decl.) and the corresponding passages of the Opposition.

**Respectfully submitted,**

**NESENOFF & MILTENBERG, LLP**

**By:** ***s/ Andrew T. Miltenberg***
**Andrew T. Miltenberg, Esq.**

CC: All Counsel (Via ECF)