**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **KAMRAN KHODAKHAH,**<br><br>*Plaintiff,*<br><br>v.<br><br>**MONTEFIORE HEALTH SYSTEM, INC., MONTEFIORE MEDICAL CENTER, MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC., ALBERT EINSTEIN COLLEGE OF MEDICINE, GORDON TOMASELLI, PABLO CASTILLO, BRYEN JORDAN, and JOHN and JANE DOES 1-10,**<br><br>*Defendants.* | **Civil Action No. 1:24-cv-00839** |

# PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC.'S AND ALBERT EINSTEIN COLLEGE OF MEDICINE'S MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF SHIREEN L. RIZVI, PH.D.

**NESENOFF & MILTENBERG, LLP**
**Andrew T. Miltenberg, Esq.**
**Stuart Bernstein, Esq.**
**Gabrielle M. Vinci, Esq.**
**363 Seventh Ave, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**

***Attorneys for Plaintiff***

# TABLE OF CONTENTS

INTRODUCTION .......... 1
RELEVANT BACKGROUND .......... 1
ARGUMENT .......... 3
I. Legal Standard .......... 3
II. Dr. Rizvi's Testimony Should Not Be Excluded .......... 4
A. Dr. Rizvi's Testimony is Relevant to Plaintiff's Remaining Claims at Trial .......... 4
B. Dr. Rizvi's Testimony is Not Inadmissible Hearsay .......... 6
C. Dr. Rizvi May Offer Testimony as to Plaintiff's "Condition, Diagnosis, Treatment, and Prognosis" as Plaintiff's Treating Provider .......... 8
CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Cases**

*Alexander v. Lewis*,
No. 20 Civ. 370, 2024 WL 4008204 (D. Conn. Aug. 30, 2024)........................................ 3, 9

*Ali v. Connick*,
2016 WL 3002403 (E.D.N.Y. May 23, 2016) ............................................................... 8

*Bethel v. Royal Leaf NY LLC D/B/A Statis Cannabis Dispensary*,
No. 24-CV-9073 (DLC) (KHP), 2025 WL 3216640 (S.D.N.Y. Oct. 9, 2025),
*report and recommendation adopted sub nom. Bethel v. Royal Leaf NY, LLC.*,
No. 24CV9073 (DLC), 2025 WL 3216413 (S.D.N.Y. Nov. 18, 2025).................................. 4

*Dixon v. Reid*,
2025 WL 3638953 (S.D.N.Y. Dec. 16, 2025) ............................................................... 7

*Djangmah v. Falcione*,
2013 WL 6388364 (S.D.N.Y. Dec. 5, 2013) ................................................................. 6

*D.R. v. Santos Bakery, Inc.*,
675 F. Supp. 3d 355 (S.D.N.Y. 2023)......................................................................... 4

*Gonzalez v. Kenan Advantage Grp.*,
No. 22 Civ. 10962, 2024 WL 3445243 ...................................................................... 10

*Highland Cap. Mgmt. L.P. v. Schneider*,
551 F. Supp. 2d 173 (S.D.N.Y. 2008)......................................................................... 3

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
643 F. Supp. 2d 446 (S.D.N.Y. 2009)......................................................................... 4

*Jacquety v. Baptista*,
538 F. Supp. 3d 325 (S.D.N.Y. 2021)......................................................................... 6

*Levinson v. Westport Nat'l Bank*,
No. 09 Civ. 1955, 2013 WL 3280013 (D. Conn. June 27, 2013) ........................................... 4

*McCullock v. H.B. Fuller Co.*,
61 F.3d 1038 (2d Cir. 1995)...................................................................................... 5

*Mejia v. Bahache, Inc.*,
2026 WL 1370795 (E.D.N.Y. May 18, 2026) ............................................................... 8

*Mercado v. Dep't of Corr.*,

No. 16 Civ. 01622, 2019 WL 625697 (D. Conn. Feb. 14, 2019) ............................................... 10

*Monroe-Trice v. Unum Employee Short-Term Disability Plan*,
No. 00 Civ. 6238, 2003 WL 68033 (S.D.N.Y. Jan. 8, 2003)................................................ 10

*Olutosin v. Gunsett*,
No. 14 Civ. 00684, 2019 WL 5616889 (S.D.N.Y. Oct. 31, 2019) ....................................... 10

*Palmieri v. Defaria*,
88 F.3d 136 (2d Cir. 1996)........................................................................................... 3

*Puglisi v. Town of Hempstead Sanitary Dist. No. 2*,
2013 WL 4046263 (E.D.N.Y. Aug. 8, 2013)................................................................. 9, 10

*Qorrolli v. Metro Dental Assocs.*,
124 F.4th 115 (2d Cir. 2024) ....................................................................................... 5

*Qube Films, Ltd. v. Padell*,
No. 13 Civ. 8405, 2016 WL 888791 (S.D.N.Y. Mar. 1, 2016) ............................................... 5

*Reilly v. Revlon, Inc.*,
No. 08 Civ. 205, 2009 WL 2900252 (Sept. 9, 2009)........................................................... 9

*Rodriguez v. Vill. of Port Chester*,
535 F. Supp. 3d 202 (S.D.N.Y. 2021)........................................................................ 3, 9, 10

*Samuels v. City of New York*,
No. 22 Civ. 1904, 2025 WL 3206488 (S.D.N.Y. Nov. 14, 2025) ........................................... 8, 9

*Smith v. Fricke*,
635 F. Supp. 3d 152 (N.D.N.Y. 2022)............................................................................. 10

*Srour v. New York City, New York*,
2026 WL 866354 (S.D.N.Y. Mar. 30, 2026) ..................................................................... 8

*United States v. Harwood*,
998 F.2d 91 (2d Cir.), *cert. denied*, 510 U.S. 971 (1993)...................................................... 7

*United States v. Hwa*,
161 F.4th 127 (2d Cir. 2025) .......................................................................................... 7

*United States v. Kootswatewa*,
893 F.3d 1127 (9th Cir. 2018) ........................................................................................ 6

*United States v. McPartland*,
81 F.4th 101 (2d Cir. 2023) ........................................................................................... 7

*Zhao v. E. Harlem Laundromat, Inc.*,
No. 07 Civ. 201, 2010 WL 4642459 (S.D.N.Y. Nov. 12, 2010) .......................................... 5

*Ziegenfus v. John Veriha Trucking*,
2012 WL 1075841 ......................................................................................................... 10

**Statutes**

New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.* .............................. 2, 4

New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ....................................... 2, 4

Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.*............................... 2, 4

**Rules**

Fed. R. Civ. P. 26 ............................................................................................... 3, 9, 10

Fed. R. Evid. 401 ........................................................................................................ 5

Fed. R. Evid. 402 ........................................................................................................ 4

Fed. R. Evid. 403 ........................................................................................................ 8

Fed. R. Evid. 801(c) ..................................................................................................... 6

Fed. R. Evid. 802 ........................................................................................................ 6

Fed. R. Evid. 803(4) ..................................................................................................... 6

Fed. R. Evid. 804 ........................................................................................................ 7

## INTRODUCTION

Plaintiff Kamran Khodakhah ("Plaintiff" or "Dr. Khodakhah") by and through his undersigned counsel submit this Memorandum in Opposition to Defendants Montefiore Medicine Academic Health System, Inc. ("Montefiore") and Albert Einstein College of Medicine ("Einstein," and together with Montefiore, "Defendants") Motion *in Limine* to exclude the testimony of Plaintiff's treating psychologist, Dr. Shireen Rizvi ("Dr. Rizvi").

Plaintiff became a patient of Rizvi's in [redacted]. Throughout his treatment, Plaintiff has discussed, among other things, [redacted] as well as [redacted] As Plaintiff's treating mental health provider, Dr. Rizvi has intimate knowledge of Plaintiff's treatment for his claimed emotional distress in this action, a key consideration at issue for Plaintiff's claimed damages. As such, Plaintiff has identified Dr. Rizvi as his treating provider and potential fact witness since the inception of discovery in this case.

Rather than recognize Dr. Rizvi for what Plaintiff has always offered her as, a treating physician *fact* witness, Defendants attempt to contort Dr. Rizvi's anticipated testimony at trial as something irrelevant and impermissible. In doing so, Defendants' motion rests upon a misinterpretation of the Federal Rules of Evidence (the "Rules" and each individually a "Rule"), and a borderline sanctionable disregard of well-settled law regarding the admissibility and scope of a treating physician's testimony at trial. The Court should not adopt Defendants' flawed arguments and deny Defendants' motion to exclude Dr. Rizvi's testimony at trial.

## RELEVANT BACKGROUND

Plaintiff assumes the Court's familiarity with the relevant facts underlying Plaintiff's remaining claims in this matter. For reference and convenience, Plaintiff provides the following

high level summary of the facts relevant only to determination of the instant motion:

Dr. Khodakhah previously served as Chair of Einstein's Department of Neuroscience (the "Department"). In the late Winter/early Spring of 2022, senior faculty members of the Department targeted Plaintiff with knowingly damaging and fallacious allegations of misconduct, including and especially accusations of sexual misconduct, gender based misconduct and discrimination, and sexual harassment. Despite notice and knowledge of these efforts, and acknowledgment of the falsity of the allegations against Plaintiff, Defendants instituted the Chair Investigation. This action now stems from Defendants' gross mishandling of the Chair Investigation whereby Defendants intentionally and knowingly deprived Dr. Khodakhah of the rights and protections afforded him under Title IX of the Education Amendments of 1972 ("Title IX"). Plaintiff's remaining claims for gender discrimination with respect to the Chair Investigation are brought under Title IX, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL").

On [redacted] Dr. Khodakhah began treatment with Dr. Rizvi, a licensed clinical psychologist with over 20 years of clinical experience and current employee of Defendant Montefiore. *See* ECF 206-4 at 1-2. Dr. Khodakhah has continued to treat with Dr. Rizvi for the past 17 months over more than 50 sessions. *Id*. at 2. Over the course of his treatment, Dr. Khodakhah spoke with Dr. Rizvi regarding [redacted] *See* ECF 176-7 at MONTE_0000007, 0000066-76; ECF 206-4 at 2-3. Dr. Rizvi diagnosed Plaintiff with [redacted] (*See* ECF 176-7 at MONTE_0000006-173, *generally*), and [redacted] (*Id.*

at MONTE_0000002), and opines, based on her experience and treatment of Plaintiff, that Dr. Khodakhah [redacted] *See* ECF 206-4 at 5. Dr. Rizvi's is also aware of what Dr. Khodakhah attributes the decline in his mental health to. *Id*.

During discovery, Plaintiff identified Dr. Rizvi as a potential trial witness in his Rule 26 Initial Disclosures. *See* ECF 194-1 at 3. Plaintiff described Dr. Rizvi's anticipated testimony and subject of knowledge as "Plaintiff's claim of emotional distress and treatment for same." *Id*. Plaintiff further provided Defendants with an authorization to obtain a copy of Plaintiff's medical records from Dr. Rizvi, which Defendants did. *See* ECF 189-2. Defendants never sought, and never took, Dr. Rizvi's deposition during discovery.

## ARGUMENT

### I. Legal Standard

An *in limine* motion is intended "'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interpretation of, the trial.'" *Rodriguez v. Vill. Of Port Chester*, 535 F. Supp. 3d 202, 208 (S.D.N.Y. 2021) (*quoting Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996)). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Alexander v. Lewis*, No.: 20 Civ 370, 2024 WL 4008204, at *2 (D. Conn. Aug. 30, 2024)(*quoting Highland Cap. Mgmt. L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008)).

A District Court should only exclude evidence when the evidence is "clearly inadmissible on all potential grounds." *Levinson v. Westport Nat'l Bank*, No.: 09 Civ. 1955, 2013 WL 3280013,

at *3 (D. Conn. June 27, 2013).

Applying these standards here, Defendants have failed to demonstrate that Dr. Rizvi's testimony would be "clearly inadmissible on all potential grounds" and their motion should be denied.

## II. Dr. Rizvi's Testimony Should Not Be Excluded

### A. Dr. Rizvi's Testimony is Relevant to Plaintiff's Remaining Claims at Trial

Defendants first argue that Dr. Rizvi's testimony should be excluded as is "does not bear on any issue the jury must decide." *See* ECF 188 at 3. This is patently false.

Plaintiff's remaining claims are gender discrimination in violation of Title IX, the NYSHRL, and the NYCHRL. *See* ECF 79, 88. Should the jury rule that Defendants are liable, the jury will then have to decide the issue of damages. Should Plaintiff prevail at trial, he is entitled to recover damages for the harm done by Defendants' violation of his statutory rights which, under both the NYSHRL and NYCHRL, include compensatory damages for, among other things, emotional distress. *See Bethel v. Royal Leaf NY LLC D/B/A Statis Cannabis Dispensary*, No. 24-CV-9073 (DLC) (KHP), 2025 WL 3216640, at *8 (S.D.N.Y. Oct. 9, 2025), report and recommendation adopted sub nom. *Bethel v. Royal Leaf NY, LLC.*, No. 24CV9073 (DLC), 2025 WL 3216413 (S.D.N.Y. Nov. 18, 2025). Dr. Rizvi's testimony bears directly on the issue of Plaintiff's claim for compensatory, specifically emotional distress, damages and therefore cannot be excluded as irrelevant, as Defendants' posit.

"The [Rules] favor the admission of all relevant evidence." *D.R. v. Santos Bakery, Inc.*, 675 F. Supp. 3d 355, 359 (S.D.N.Y. 2023)(*quoting In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, 643 F. Supp. 2d 446, 452 (S.D.N.Y. 2009)(*citing* Fed. R. Evid. 402). Evidence is relevant if: "(a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Defendants argue that Dr. Rizvi's anticipated testimony should be excluded as irrelevant as it is not expected to contain any opinion on the procedures used in the Chair Investigation but rather will discuss other stressors in Plaintiff's life not causing him distress. While Dr. Rizvi's testimony and records may contain reference to other stressors in Plaintiff's life, at most this leaves Defendants with a basis for cross-examination, not wholesale preclusion. *See Qube Films, Ltd. v. Padell*, No. 13 Civ. 8405, 2016 WL 888791, at *2 (S.D.N.Y. Mar. 1, 2016); *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995). It is for the jury to decide, ultimately, the extent to which the Chair Investigation, as opposed to other factors, caused Plaintiff's claimed emotional distress. But the jury cannot do so, or at a minimum will be significantly limited in being able to do so, without Dr. Rizvi's testimony.

It is well settled that to demonstrate entitlement to emotional distress damages beyond the garden variety kind, a plaintiff must corroborate his claim with medical evidence, either through records or testimony of a provider. *See e.g.*, *Qorrolli v. metro Dental Assocs.*, 124 F.4th 115, 126 (2d Cir. 2024); *Zhao v. E. Harlem Laundromat, Inc.*, No. 07 Civ. 201, 2010 WL 4642459, at *4 (S.D.N.Y. Nov. 12, 2010). Here, Dr. Rizvi's anticipated testimony directly speaks to Plaintiff's mental health treatment and the reason for his treatment, i.e., [redacted] *See* ECF 176-7 at MONTE_0000007, 0000066-76; ECF 206-4 at 2-3. To exclude Dr. Rizvi's testimony would be highly prejudicial to Plaintiff as it would necessarily prohibit the jury's determination as to the measure of Plaintiff's emotional distress damages to go beyond garden variety, despite the evidence for a greater award being readily available. *Zhao v. E. Harlem Laundromat, Inc.*, 2010 WL 4642459, at *4.

Accordingly, Defendants' motion to exclude Dr. Rizvi's testimony should be denied.

**B. Dr. Rizvi's Testimony is Not Inadmissible Hearsay**

Defendants next argue that Rizvi's testimony should be excluded as impermissible hearsay. As Dr. Rizvi's testimony falls squarely into a hearsay exception, this argument should similarly be rejected.

As the court is well aware, hearsay is "an out-of-court statement offered for the truth of the matter asserted." Fed. R. Evid. 801(c). "[T]he rule against hearsay is fundamentally designed to ensure that only reliable evidence goes in front of the jury". *Djangmah v. Falcione*, 2013 WL 6388364, at *5 (S.D.N.Y. Dec. 5, 2013). Thus, unless it falls into one of the Rules' enumerated exceptions, hearsay is inadmissible. Fed. R. Evid. 802. The exceptions to the hearsay rule "permits the introduction of evidence the reliability of which can be assured through some other means." *Djangmah v. Falcione*, 2013 WL 6388364, at *5. Statements that would otherwise qualify as hearsay are exempted from the rule where that are (i) "made for – and [are] reasonably pertinent to – medical diagnosis or treatment" and (ii) "describe[] medical history; past or present symptoms or sensations; their inception; or their general cause." (hereinafter the "Medical Diagnosis Exception"). *See Jacquety v. Baptista*, 538 F. Supp. 3d 325, 339 (S.D.N.Y. 2021) (quoting Fed. R. Evid. 803(4)). Statements that fall within the Medical Diagnosis Exception are admissible "on the basis that the declarant is expected to tell the truth when she 'understand[s] that []he is providing information for purposes of diagnosis or treatment." *Jacquety v. Baptista*, 538 F. Supp. 3d at 339-40 (*quoting United States v. Kootswatewa*, 893 F.3d 1127, 1133 (9th Cir. 2018)).

Contrary to what Defendants argue, any testimony as to the statements made by Plaintiff to Dr. Rizvi fall within the Medical Diagnosis Exception. As discussed in Dr. Rizvi's declaration and medical records of her treatment, Plaintiff's statements to her discuss [redacted] *See* ECF 176-7 at

MONTE_0000002-173. These statements are directly related to and relied upon by Dr. Rizvi in reaching her medical diagnoses of Plaintiff and treating him for same. *Id*., ECF 206-4. Thus, they fall squarely within the Medical Diagnosis Exception.

Even if the statements Plaintiff made to Dr. Rizvi during the course of treatment and in furtherance of Dr. Rizvi's medical assessment and diagnosis of Plaintiff did not fall into the Medical Diagnosis Exception (which they do), Dr. Rizvi may still testify as to the fact of those statements not for the truth of the matters asserted or to prove fault (as Defendants suggests) but to evidence of motivation, understanding, or state of mind. *See* Fed. R. Evid. 804. *See also*, *United States v. Hwa*, 161 F.4th 127, 143 (2d Cir. 2025)(*citing United States v. Harwood*, 998 F.2d 91, 97 (2d Cir.), *cert denied*, 510 U.S. 971, 114 S.Ct. 456, 126 L.Ed.2d 388 (1993))(opining that "[s]statements may occasionally be offered, not to prove their truth, but solely for the limited purpose of proving that they were made…".

Nor should Dr. Rizvi's testimony as to Plaintiff's statements to her be excluded purely as duplicative or cumulative of Plaintiff's own testimony. While Plaintiff does intend to testify as to the symptoms of his alleged emotional distress, Dr. Rizvi's testimony regarding what Plaintiff reported as the cause of his treatment and the symptoms he experienced throughout his treatment is corroborating evidence, relevant to Plaintiff's claim for damages. *See United States v. McPartland*, 81 F.4th 101, 121-22 (2d Cir. 2023) (permitting multiple levels of corroborating evidence despite its cumulative nature); *Dixon v. Reid*, 2025 WL 3638953, at *2 (S.D.N.Y. Dec. 16, 2025) (opining that "corroboration of other testimony" is a sufficient basis to permit evidence).

Here, Dr. Rizvi's testimony would not present excludable "needlessly [] cumulative evidence." *See* Fed. R. Evid. 403. Rather, Dr. Rizvi's testimony as to Plaintiff's statements and, in light of Plaintiff's statements, her treatment and diagnosis of Dr. Khodakhah, is relevant and

necessary to support a major issue for the jury's potential consideration: Plaintiff's measure of damages. Indeed, the spectrum of emotional distress damages acknowledges that the corroborating testimony of a treating physician is vital to determine an appropriate measure of damages. *See e.g.*, *Srour v. New York City, New York*, 2026 WL 866354, at *9-10 (S.D.N.Y. Mar. 30, 2026) (noting that "emotional distress awards can generally be grouped into three categories of claims" based upon the evidence presented at trial and opining that "plaintiffs who offer subjective testimony in support of their emotional distress claims generally *must introduce additional evidence of their injuries, such as witness testimony*")(emphasis added); *Mejia v. Bahache, Inc.*, 2026 WL 1370795, at *25 (E.D.N.Y. May 18, 2026)(opining on the "broad spectrum of emotional distress damages" and noting that more significant awards for emotional distress are supported by "medical testimony or evidence of treatment").

Accordingly, Dr. Rizvi's testimony should not be excluded as inadmissible hearsay.

### C. Dr. Rizvi May Offer Testimony as to Plaintiff's "Condition, Diagnosis, Treatment, and Prognosis" as Plaintiff's Treating Provider

Lastly, Defendants argue that in order to testify, Dr. Rizvi would have had to been disclosed as an expert witness which Plaintiff, concededly, did not do. This argument entirely misses the mark.

As is well-settled, "[a] treating physician may testify as a fact witness" and provide "an 'explanation of treatment,' including any 'facts acquired *and* opinions formed during [her] personal consultation' with the plaintiff." *Samuels v. City of New York*, 22 Civ. 1904, 2025 WL 3206488, at *5 (S.D.N.Y. Nov. 14, 2025) (*quoting Ali v. Connick*, 2016 WL 3002403, at *7 (E.D.N.Y. May 23, 2016) and *Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, 2013 WL 4046263, at *6 (E.D.N.Y. Aug. 8, 2013) (emphasis in original)).

In the scope of a treating physician's testimony as a fact witness, he/she may "opine on

'causation, severity, disability, permanency and future impairments,' 'without triggering the expert disclosure requirements of [Federal Rule of Civil Procedure] 26(a)(2), but only if those opinions are based on the physician's personal knowledge from the consultation', and were formed 'during the period of consultation.'" *Samuels v. City of New York*, 2025 WL 3206488, at *5 (*quoting Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, 2013 WL 4046263, at *6, and *Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d at 214).

Here, Plaintiff offers Dr. Rizvi's testimony as a fact witness with personal knowledge of Plaintiff's alleged emotional distress and his treatment for same. *See* ECF 194-1 at 3. Within this scope, Dr. Rizvi is anticipated to testify as to (i) her treatment of Plaintiff, (ii) Plaintiff's diagnoses and symptoms as she has diagnosed and treated them, (iii) the severity of Plaintiff's diagnoses and symptoms, and (iv) her opinion as to the potential causation of Plaintiff's diagnoses and symptoms. *See* 206-4. Dr. Rizvi's anticipated testimony conforms to the scope of testimony permissible for treating physician fact witnesses. *See e.g.*, *Samuels v. City of New York*, at *5, *9; *Rodriguez v. Vill. of Port Chester*, at 214-15; *Reilly v. Revlon, Inc.*, No.: 08 Civ. 205, 2009 WL 2900252, at *3 (Sept. 9, 2009); *Alexander v. Lewis*, 2024 WL 4008204, at *7-9 (finding proffered expert disclosures did not comply with Rule 26 disclosure requirements and ruling that plaintiff's medical providers must thus only testify as fact witnesses).

In truly confounding fashion, Defendants argue that for Dr. Rizvi to testify in accordance with this Circuit's well-settled scope of permissible testimony for a treating physician, Plaintiff was required to disclose Dr. Rizvi as an expert witness. Indeed, Defendants argue that Dr. Rizvi's testimony of "her opinions of Plaintiff's diagnosis and the causes of his symptoms" may only be offered "by a qualified expert who is disclosed pursuant to Rule 26." *See* ECF 188 at 6. However, so long as Dr. Rizvi's testimony is limited to "[her] personal knowledge of [her] patient's

treatment", as Dr. Rizvi's testimony will be, Plaintiff was not required to disclose Dr. Rizvi as an expert witness, (*See Puglisi v. Town of Hempstead Sanitary Dist. No. 2*, 2013 WL 4046263, at 3), and may testify to exactly those issues, namely her opinions, treatment, and causation of Plaintiff's diagnoses. *See e.g.*, *Rodriguez*, at 214-15, *Olutosin v. Gunsett*, No. 14 Civ. 00684, 2019 WL 5616889, at *6 (S.D.N.Y. Oct. 31, 2019); *Monroe-Trice v. Unum Employee Short-Term Disability Plan*, No.: 00 Civ. 6238, 2003 WL 68033, at *1 (S.D.N.Y. Jan. 8, 2003).

The cases offered by Defendants in support of their misguided argument are entirely inapposite. In both *Smith v. Fricke*, 635 F. Supp. 3d 152, 162 (N.D.N.Y. 2022) and *Gonzalez v. Kenan Advantage Grp.*, No. No. 22 Civ. 10962, 2024 WL 3445243, at *3, *6, the courts only reiterated that for a treating physician to testify *as an expert*, the physician must be properly disclosed as an expert pursuant to FRCP 26. Similarly, in *Ziegenfus v. John Veriha Trucking*, the Court excluded the affidavits of treating physicians who were offered to give *expert* testimony. 2012 WL 1075841, at *6-7. Here, Dr. Rizvi is not being offered as an expert or to give an expert opinion and, the court in *Smith* even acknowledged that, as such, Dr. Rizvi may "offer opinion testimony on diagnosis, treatment, prognosis, and causation, but *solely* as to the information [s]he has acquired through observation of the [p]laintiff in [her] role as a treating physician." *Id.*, *quoting Mercado v. Dep't of Corr.*, No. 16 Civ. 01622, 2019 WL 625697, at *4 (D. Conn. Feb. 14, 2019)).

Accordingly, as Dr. Rizvi is not being offered as an expert witness and is prepared to testify within the permissible scope of a treating provider fact witness, Defendants' motion should be denied.

## CONCLUSION

For these reasons, Defendants' Motion in Limine to Exclude the Testimony of Dr. Rizvi should be denied.

Respectfully submitted this 21st day of October, 2026.

Respectfully submitted,

**NESENOFF & MILTENBERG, LLP**

**By: *<u>/s/Andrew Miltenberg</u>***
**Andrew T. Miltenberg, Esq.**
**Stuart Bernstein, Esq.**
**Gabrielle M. Vinci, Esq.**
**363 Seventh Ave, Fifth Floor**
**New York, New York 10001**
**(212) 736-4500**

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum of law complies with the page limitations in the Court's Individual Rules of Practice and Local Civil Rule 7.1. Exclusive of the exempted portions, the memorandum contains 11 pages, which complies with the limit of thirty-five (35) pages applicable under the Court's Individual Rules of Practice. This memorandum has been prepared in proportionally spaced typeface using Microsoft Word in 12-point Time New Roman font.

Dated: October 21, 2026

***/s/ Andrew T. Miltenberg***
Andrew T. Miltenberg, Esq.