**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KAMRAN KHODAKHAH,

*Plaintiff*,

v.

MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC. and ALBERT EINSTEIN COLLEGE OF MEDICINE,

*Defendants*.

No. 24 Civ. 839 (LAK) (RFT)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF EVE MARDER, FELIX SCHWEIZER, AND JOSE RODRIGUEZ-ALVAREZ**

Roberta A. Kaplan
Christopher R. Le Coney
Tasha N. Thompson
KAPLAN MARTIN LLP
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 316-9500
rkaplan@kaplanmartin.com
cleconey@kaplanmartin.com
tthompson@kaplanmartin.com

October 28, 2026

## PRELIMINARY STATEMENT

Nowhere in Plaintiff's opposition, ECF 219 (the "Opposition" or "Opp."), or supplemental factual declaration, ECF 219-1 ("Decl."), does he provide even a single example of non-speculative, relevant, admissible testimony that any one of the Colleague Witnesses[1] is expected to provide. Each of Defendants' arguments for excluding their testimony remains uncontested. Plaintiff does not (because he cannot) identify what firsthand knowledge any of these witnesses has of Einstein's alleged decision to investigate Plaintiff outside its Title IX procedures—the conduct at issue on his sole remaining claim. ECF 88 at 12. Their subjective opinions about the Chair Investigation and its impact on Plaintiff are purely speculative, reliant on inadmissible hearsay, and entirely irrelevant. As the Opposition confirms, their testimony is offered only to repeat Plaintiff's own account of the relevant time period. The Court should not permit their testimony.

## ARGUMENT

### I. THE COLLEAGUE WITNESSES' TESTIMONY WOULD BE IMPERMISSIBLE HEARSAY OR SPECULATIVE

Now that Plaintiff has described what each of the Colleague Witnesses plans to testify about, it is clear that their testimony presents insurmountable hearsay problems. Plaintiff confirms that he offers Dr. Rodriguez-Alvarez to "testify as to his observations of the Chair Investigation and the manner in which it was handled, his objections to same, and to the impact the Chair Investigation had on Plaintiff." Opp. at 6. But those broad descriptions do not identify what Dr. Rodriguez-Alvarez personally observed or how his observations bear on Einstein's choice of investigative procedures. His presence at "Einstein during the Chair Investigation," *id.* at 2, establishes neither participation in nor personal knowledge of the deliberations and decisions at

[1] Capitalized terms not otherwise defined herein have the meanings assigned in Defendants' opening brief, ECF 191.

issue. Plaintiff does not contend otherwise. And Dr. Rodriguez-Alvarez's personal objections to the investigation are irrelevant—they cannot establish that Einstein acted unlawfully.

The proposed testimony from Dr. Rodriguez-Alvarez about Dr. Pablo Castillo fares no better. Plaintiff asserts that Dr. Rodriguez-Alvarez will describe Dr. Castillo's conduct as "attempts to turn him and others against Plaintiff" "before any investigation was completed." Opp. at 2; Decl. ¶¶ 5-6. That characterization offers Dr. Rodriguez-Alvarez's conclusion about Dr. Castillo's motives without identifying the objective facts supporting it. Plaintiff also identifies no connection between Dr. Castillo's alleged hostility and either Plaintiff's sex or Einstein's choice of investigative procedures. In fact, Plaintiff himself has testified under oath that he had no reason to believe Dr. Castillo's alleged hostility towards him was motivated by sex. *See* Defs.' Ex. D (ECF 174-4) at 121:4-133:19, 133:22-134:2. Rule 701 does not permit a lay witness to supply the missing inference through speculation about another person's motives. *See* Fed. R. Evid. 701; *Hester v. BIC Corp.*, 225 F.3d 178, 184-85 (2d Cir. 2000) (when there is no objective evidence of improper bias and it is "not an automatic jump to infer" that such a bias existed, "[o]ne purpose of Rule 701(b) is to prevent lay witnesses from suggesting that the jury take such a jump").

Plaintiff's acknowledgment that the witnesses' testimony "shall necessarily relate, refer, or rely upon discussions" with him does not cure these defects. Opp. at 6. To the extent the witnesses would repeat Plaintiff's account to establish what occurred during the Chair Investigation, their testimony would be hearsay. *See* Fed. R. Evid. 801(c), 802; *see also* Fed. R. Evid. 403. And to the extent they would offer opinions about matters they did not personally observe, Plaintiff must establish the foundation required by Rules 602 and 701. His general references to the witnesses' "observations" and "impressions" do not make that showing. Opp. at 6.

The proposed testimony from Drs. Schweizer and Marder suffers from the same lack of specificity. Plaintiff asserts that they can testify about their interactions with him and the

investigation's impact on his "personal health, reputation, and professional standing." Opp. at 6; *see also* Decl. ¶¶ 10, 13. But he identifies no concrete observations supporting those conclusions or explaining how either witness could attribute any particular harm to the Chair Investigation. A general promise to testify about the investigation's "impact" supplies no foundation for testimony about medical consequences, changes in professional standing, or causation. Plaintiff must identify what these witnesses personally perceived and distinguish those observations from what he told them. He does neither.

Invoking Plaintiff's "mental state" does not make his account of past events admissible. Opp. at 6. Rule 803(3) permits qualifying statements of a declarant's then-existing mental, emotional, or physical condition; it expressly excludes "a statement of memory or belief to prove the fact remembered or believed." Fed. R. Evid. 803(3). Thus, a statement describing Plaintiff's then-existing distress would not authorize the witnesses to repeat Plaintiff's description of the investigation as proof that the events he recounted occurred. *See United States v. Netschi*, 511 F. App'x 58, 61-62 (2d Cir. 2013).[2]

Finally, to the extent the Colleague Witnesses seek to proffer testimony about Plaintiff's "good character," it is barred by Federal Rule of Evidence 404(a). Plaintiff disclaims any such testimony, Opp. at 5, and thus concedes as much.

**CONCLUSION**

For these reasons and those set forth in Defendants' Motion, the Court should exclude the testimony of Eve Marder, Felix Schweizer, and Jose Rodriguez-Alvarez.

---

[2] The case Plaintiff cites, Opp. at 6, is inapposite. In *Southwestern Payroll Service, Inc. v. Pioneer Bancorp, Inc.*, the court reiterated that "no witness may testify about what was in the mind of another," and explained that witnesses may only testify "to conversations that were had with" a deceased and unavailable witness, along with "impressions left by those conversations." 2026 WL 2838984, at *6 (N.D.N.Y. Sept. 22, 2026). Here, Plaintiff is capable of testifying himself, and any "impressions" his prior conversations left on individual colleagues is entirely irrelevant to the sole remaining issue in this case.

Dated: October 28, 2026
New York, New York

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan
Christopher R. Le Coney
Tasha N. Thompson
KAPLAN MARTIN LLP
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 316-9500
rkaplan@kaplanmartin.com
cleconey@kaplanmartin.com
tthompson@kaplanmartin.com

*Counsel for Defendants Montefiore Medicine Academic Health System, Inc. and Albert Einstein College of Medicine*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the page and type-volume limitations in Judge Kaplan's Individual Rules of Practice and Local Rule 7.1. Exclusive of the exempted portions of the brief, the brief contains 3 pages, which complies with the 10-page limit applicable to a brief under Judge Kaplan's Individual Rules of Practice where the Court expresses a limit in pages. This brief has been prepared in proportionally spaced typeface using Microsoft Word in 12-point Times New Roman font.

Dated: October 28, 2026
New York, New York

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan

*Counsel for Defendants Montefiore Medicine Academic Health System, Inc. and Albert Einstein College of Medicine*