**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KAMRAN KHODAKHAH,

*Plaintiff*,

v.

MONTEFIORE MEDICINE ACADEMIC HEALTH SYSTEM, INC. and ALBERT EINSTEIN COLLEGE OF MEDICINE,

*Defendants*.

No. 24 Civ. 839 (LAK) (RFT)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION IN LIMINE TO EXCLUDE THE TESTIMONY OF SHIREEN L. RIZVI, PH.D.**

Roberta A. Kaplan
Christopher R. Le Coney
Tasha N. Thompson
KAPLAN MARTIN LLP
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 316-9500
rkaplan@kaplanmartin.com
cleconey@kaplanmartin.com
tthompson@kaplanmartin.com

October 28, 2026

## PRELIMINARY STATEMENT

In his opposition (ECF 217) ("Opp."), Plaintiff concedes every argument that renders the testimony of his treating psychologist, Dr. Shireen L. Rizvi, inadmissible under the Federal Rules of Evidence. His only remaining claim concerns "the decision not to conduct the chair investigation pursuant to a Title IX policy" in the summer of 2022. ECF 88 at 9; *see* Opp. at 4. Yet Plaintiff acknowledges that he did not begin seeing Dr. Rizvi until May 2025, nearly three years later, Opp. at 2, and concedes that her treatment records do not even mention the alleged procedural deficiencies in that investigation. He thus identifies no connection between her treatment of his distress and the alleged wrongdoing that remains at issue.

Plaintiff nevertheless intends to use Dr. Rizvi to establish the "[redacted]" Opp. at 2, 6. To the extent she would do so by repeating Plaintiff's statements assigning fault to Defendants, he identifies no basis for admitting those statements under the exception for medical diagnosis or treatment, which does not extend to statements assigning fault. Fed. R. Evid. 803(4) & advisory committee's note.

Nor can Plaintiff avoid the requirements governing expert testimony by labeling Dr. Rizvi a fact witness. He admits that he never disclosed her as an expert, Opp. at 8, yet proposes to elicit opinions about the "severity of Plaintiff's diagnoses and symptoms" and "the potential causation" of his condition, Opp. at 9. Those clinical judgments draw on Dr. Rizvi's specialized knowledge, not merely her factual observations of Plaintiff. Fed. R. Evid. 701(c). Plaintiff seeks the benefit of that expertise without having made the required expert disclosure—and without even attempting to show that his omission was substantially justified or harmless under Federal Rule of Civil Procedure 37(c)(1).

The Court should exclude Dr. Rizvi's proposed testimony for each of these independent reasons.

## ARGUMENT

### I. PLAINTIFF FAILS TO SHOW HOW DR. RIZVI'S TESTIMONY IS RELEVANT TO HIS SOLE REMAINING CLAIM

Plaintiff's defense of Dr. Rizvi's relevance largely repeats his argument for admitting damages evidence generally, ECF 218, and fails for the reasons set forth in Defendants' submissions on their motion to exclude that evidence, ECF 193. His asserted need for medical evidence to support damages "beyond garden variety," Opp. at 5, does not establish the relevance of the testimony he proposes. Evidence of the severity of Plaintiff's distress cannot substitute for evidence connecting that distress to the alleged wrongdoing.

The evidence Plaintiff needs is not evidence of distress in general, but evidence of distress caused by the wrong he alleges. *See Legg v. Ulster Cnty.*, 2017 WL 3668777, at *11 (N.D.N.Y. Aug. 24, 2017) (remitting emotional distress award where plaintiff did not establish that the medication she took "was directly related to the hostile work environment"), *aff'd in part, vacated in part on other grounds*, 979 F.3d 101 (2d Cir. 2020); *Sooroojballie v. Port Auth. of N.Y. & N.J.*, 816 F. App'x 536, 547 (2d Cir. 2020) (confining analysis to distress resulting from the hostile work environment and remitting award); *see also* ECF 188 ("Mot.") at 3-4. Evidence that the Chair Investigation or its professional "consequences" caused him distress, Opp. at 5, would not, without more, establish that the alleged procedural defects caused that harm. *See* ECF 193.

Dr. Rizvi is unable to testify as to any such connection. Her records establish that she did not begin treating Plaintiff until May 2025, nearly three years after the Chair Investigation—a fact Plaintiff entirely ignores. ECF 176-7 at MONTE_0000173. And Plaintiff points to nothing in her records connecting his condition to the decision at issue. The records instead [redacted]. The fact that an investigation occurred "[redacted]," and it led to [redacted]

[redacted], Opp. at 5, would not connect his distress to the alleged procedural deficiencies, ECF 193.

Plaintiff instead argues that the missing causal link is one for the jury: "It is for the jury to decide, ultimately, the extent to which the Chair Investigation, as opposed to other factors, caused Plaintiff's claimed emotional distress." Opp. at 5. But the jury's role in assessing causation does not relieve Plaintiff of his obligation to offer evidence from which it could make that assessment. An emotional-distress award must be "reasonably related to the wrongdoing." *Mayo-Coleman v. Am. Sugar Holdings, Inc.*, 2018 WL 2684100, at *3 (S.D.N.Y. June 5, 2018) (quoting *N.Y.C. Transit Auth. v. State Div. of Hum. Rts.*, 78 N.Y.2d 207, 219 (1991)). Plaintiff identifies no testimony from Dr. Rizvi that would establish that relationship. Her general description of his emotional condition, untethered to the alleged wrong still at issue, is irrelevant and should be precluded. Mot. at 3-4.

## II. DR. RIZVI'S TESTIMONY IS INADMISSIBLE HEARSAY AND CUMULATIVE

Plaintiff admits that he intends to use Dr. Rizvi's testimony to introduce his own statements to her about the "[redacted]." Opp. at 6. Those statements are hearsay, offered for the truth of the matter asserted. Fed. R. Evid. 801(c), 802. Even if made to Dr. Rizvi as part of Plaintiff's medical evaluation, they attribute fault to Defendants and therefore fall outside the narrow exception of Rule 803(4). Fed. R. Evid. 803(4) advisory committee's note; *Urena v. ConAgra Foods, Inc.*, 2020 WL 3051558, at *14 n.14 (E.D.N.Y. June 8, 2020); Mot. at 4-5.

Courts in this Circuit strictly enforce Rule 803(4)'s distinction between descriptions of how an injury occurred and statements assigning fault. *See Johnson v. Mauro*, 2019 WL 2336070, at *5 (N.D.N.Y. June 3, 2019) (distinguishing inadmissible characterizations of an "altercation with

police" and an "assault victim" from admissible descriptions of punches, kicks, and blows from a flashlight). That distinction prevents Plaintiff from using the medical-treatment exception to backdoor his own attribution of fault into evidence with the apparent endorsement of his treating psychologist. And even if the Court were to parse out the few statements in which Plaintiff described his symptoms, those statements would merely duplicate Plaintiff's own testimony, which he concedes he will give, Opp. at 7, and should be excluded as needlessly cumulative under Rule 403. Mot. at 5.

Plaintiff's fallback fares no better. He suggests that Dr. Rizvi could testify "as to the fact of those statements," without offering them "for the truth of the matters asserted." Opp. at 7. But he identifies no relevant purpose served by proving merely that he voiced those complaints to Dr. Rizvi. If offered to establish Defendants' conduct or its causal connection to his distress, the statements are offered for their truth. If offered solely to establish that they were made, any minimal probative value is substantially outweighed by the risk that the jury will mistake Dr. Rizvi's repetition of Plaintiff's account for independent clinical confirmation of Defendants' responsibility. Fed. R. Evid. 403. And Dr. Rizvi's testimony about what Plaintiff told her three years later is not "corroborating evidence," Opp. at 7-8—it is the same evidence twice.[1]

## III. PLAINTIFF'S OPPOSITION CONFIRMS THAT HE IS OFFERING DR. RIZVI AS AN UNDISCLOSED EXPERT

Plaintiff accuses Defendants of a "borderline sanctionable disregard of well-settled law regarding the admissibility and scope of a treating physician's testimony at trial." Opp. at 1. The settled law is Rule 26(a)(2)(C). Since 2010, that Rule has required a party to disclose "the subject

---

[1] The cases Plaintiff cites, Opp. at 8, do not establish the admissibility of a provider's repetition of otherwise inadmissible statements. They address claims presented without medical corroboration. *See Srour v. New York City*, 2026 WL 866354, at *10 (S.D.N.Y. Mar. 30, 2026) (claim did "not require medical corroboration"); *Garcia Mejia v. Bahche Inc.*, 2026 WL 1370795, at *26 (E.D.N.Y. May 18, 2026) (claim was made "without any medical corroboration"), *report and recommendation adopted*, 2026 WL 2215581 (E.D.N.Y. July 31, 2026).

matter" and "a summary of the facts and opinions" of any witness who will present evidence under Rules 702, 703, or 705 without a written report. Fed. R. Civ. P. 26(a)(2)(C). The Advisory Committee added it for witnesses exactly like Dr. Rizvi—witnesses who "may both testify as a fact witness and also provide expert testimony," of whom the "[f]requent examples include physicians or other health care professionals." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. The "fact witness" label that Plaintiff repeats throughout his opposition therefore answers nothing. The question is not what Plaintiff calls Dr. Rizvi but what he wants her to say, and by his own account that is "her opinion as to the potential causation of Plaintiff's diagnoses and symptoms," "the severity of Plaintiff's diagnoses and symptoms," and her opinion, "based on her experience," that Plaintiff [redacted] Opp. at 3, 9. Each of those opinions "reflect[s] specialized knowledge," and testimony that does so is not lay opinion under Rule 701. *Bank of China, N.Y. Branch v. NBM LLC*, 359 F.3d 171, 181–82 (2d Cir. 2004) (admission of such testimony as lay opinion was error). It is expert testimony; Rule 26(a)(2)(C) required Plaintiff to disclose it; and he concedes that he did not. Opp. at 8. That is "an expert in lay witness clothing." Fed. R. Evid. 701 advisory committee's note to 2000 amendment.

Plaintiff's own cases confirm the point. The authorities on which he principally relies for the proposition that Dr. Rizvi need not have been disclosed, Opp. at 9–10, involved treating physicians who *had* been disclosed under Rule 26(a)(2); those courts asked how far a disclosed treating physician could go without a written report, not whether a disclosure was required. *See Rodriguez v. Vill. of Port Chester*, 535 F. Supp. 3d 202, 215–16 (S.D.N.Y. 2021) (expert report found inadequate under Rule 26(a)(2)(B), but limited testimony permitted because the report "sufficiently put Defendants on notice" under Rule 26(a)(2)(C) of the anticipated testimony); *Olutosin v. Gunsett*, 2019 WL 5616889, at *5 (S.D.N.Y. Oct. 31, 2019) (treating physician

disclosed as an expert who would not provide a report); *Monroe-Trice v. Unum Emp. Short-Term Disability Plan*, 2003 WL 68033, at *1 (S.D.N.Y. Jan. 8, 2003) (same). The cases Plaintiff cites on relevance are no different: *Qube Films* and *McCullock* concerned witnesses offered as experts under Rule 702. *Qube Films Ltd. v. Padell*, 2016 WL 888791, at *3 (S.D.N.Y. Mar. 1, 2016) (evaluating "proffered expert testimony about [defendant's] psychological condition"); *McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1043 (2d Cir. 1995) (expert testimony on a throat ailment and its causes). And *Alexander v. Lewis*, in which deficient expert disclosures confined the plaintiff's providers to fact testimony, Opp. at 9 (citing 2024 WL 4008204, at *7–9 (D. Conn. Aug. 30, 2024)), only underscores the point: Plaintiff proffers Dr. Rizvi for expert opinions, not facts. To the extent any of Plaintiff's cases suggest that a treating physician may offer such opinions with no Rule 26(a)(2) disclosure at all, the 2010 amendment forecloses it: "Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C)." Fed. R. Civ. P. 26 advisory committee's note to 2010 amendment. Nor is identifying Dr. Rizvi in his initial disclosures as a person with knowledge of "Plaintiff's claim of emotional distress and treatment for same," Opp. at 3, such a disclosure. A Rule 26(a)(1) disclosure identifies people who have personal knowledge of certain facts; it says nothing about the opinions a witness will offer, which is what Rule 26(a)(2) requires. *See Ziegenfus v. John Veriha Trucking*, 2012 WL 1075841, at *7 (S.D.N.Y. Mar. 28, 2012) (identification of treating physician in interrogatory response did not satisfy Rule 26(a)(2)); Mot. at 7.

Nor does Dr. Rizvi's proposed testimony fit within the limits of Plaintiff's own authorities. Those cases permit a treating physician to offer opinions on causation "only if those opinions are based on the physician's personal knowledge from the consultation" and were formed "during the period of consultation," Opp. at 9 (quoting *Samuels v. City of New York*, 2025 WL 3206488, at *5 (S.D.N.Y. Nov. 14, 2025)), and "*solely* as to the information [s]he has acquired through

observation of the [p]laintiff," Opp. at 10 (emphasis in original) (quoting *Smith v. Fricke*, 635 F. Supp. 3d 152, 162 (N.D.N.Y. 2022) (internal quotation marks omitted)). Dr. Rizvi observed nothing that bears on causation. The events she would be asked to opine about ended three years before she met Plaintiff, and everything she knows about them came from him. Opp. at 3. Her chart records [redacted] at every visit for fourteen months—[redacted] Mot. at 2–3. And unlike in Rodriguez, where a disclosure deficient as a Rule 26(a)(2)(B) report still satisfied Rule 26(a)(2)(C) and gave the defendants a "reasonable opportunity to prepare for effective cross examination," 535 F. Supp. 3d at 214–15, Plaintiff made no disclosure here at all.

Finally, Plaintiff makes no attempt to show that his failure to disclose Dr. Rizvi was "substantially justified" or "harmless," Fed. R. Civ. P. 37(c)(1), even though that burden is his, *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 159 (S.D.N.Y. 2012), and he does not address the *Patterson* factors at all. Mot. at 7–8. The closest he comes is to observe that Defendants obtained Dr. Rizvi's records and did not depose her. Opp. at 3. But Plaintiff does not dispute that those records were not produced until after expert discovery had closed, Mot. at 8, and Defendants had no reason to depose a witness who had never been disclosed as offering any opinion. Plaintiff has been treated by Dr. Rizvi since May 2025; he had every opportunity to disclose her by the June 29, 2026 deadline; and he chose to disclose only Dr. Janoson. Mot. at 3. Admitting Dr. Rizvi's opinions now—with discovery closed, trial approaching, and still no Rule 26(a)(2)(C) summary of what those opinions are—would leave Defendants to meet at trial testimony they have never seen and could not depose or rebut. Rule 37(c)(1) precludes Dr. Rizvi from offering any expert opinion at trial.

## CONCLUSION

For the foregoing reasons and those stated in Defendants' Motion, the Court should exclude the proposed testimony of Dr. Shireen L. Rizvi.

Dated: October 28, 2026
New York, New York

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan
Christopher R. Le Coney
Tasha N. Thompson
KAPLAN MARTIN LLP
1133 Avenue of the Americas
New York, NY 10036
Tel: (212) 316-9500
rkaplan@kaplanmartin.com
cleconey@kaplanmartin.com
tthompson@kaplanmartin.com

*Counsel for Defendants Montefiore Medicine Academic Health System, Inc. and Albert Einstein College of Medicine*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the page and type-volume limitations in Judge Kaplan's Individual Rules of Practice and Local Rule 7.1. Exclusive of the exempted portions of the brief, the brief contains 8 pages, which complies with the 10-page limit applicable to a brief under Judge Kaplan's Individual Rules of Practice where the Court expresses a limit in pages. This brief has been prepared in proportionally spaced typeface using Microsoft Word in 12-point Times New Roman font.

Dated: October 28, 2026
New York, New York

*/s/ Roberta A. Kaplan*
Roberta A. Kaplan

*Counsel for Defendants Montefiore Medicine Academic Health System, Inc. and Albert Einstein College of Medicine*